IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARTOR KIKI BROWN, | : Civil No. 3:18-cv-1527 |
| Plaintiff | : |
| | : (Judge Munley) |
| v. | : |
| LT. GILDEA, *et al.*, | : |
| Defendants | : |

## MEMORANDUM AND ORDER

On August 1, 2018, plaintiff Gartor Kiki Brown ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 7). Preliminary review of the complaint reveals that Plaintiff includes unrelated claims against numerous individuals employed at various Pennsylvania Department of Corrections facilities. Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, he will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rules of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as

defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986).

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. The claims contained therein concern a number of unrelated separate transactions or occurrence or series of transactions or occurrences against various defendants and do not involve an issue of law or fact common to all defendants. While Plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D.Pa. 1992). To the extent he believes that he has been subjected to more than one violation of his rights, and inasmuch as these violations are unrelated to each other, Plaintiff should file separate complaints addressing each violation in the appropriate forum

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels

compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

**AND NOW**, to wit, this 28th day of August 2018, it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 7) for leave to proceed *in forma pauperis* is construed as a motion to proceed without full prepayment of fees and costs and is GRANTED.

2. Plaintiff shall FILE an amended complaint on or before September 10, 2018.

3. The amended complaint shall contain the same case number that is presently assigned to this action, 3:18-cv-1527, and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(d).

4. Plaintiff is strictly cautioned that the inclusion of separate, unrelated claims will be considered a failure to comply with an Order of Court and will result in dismissal of the complaint. See FED. R. CIV. P. 20.

5. Plaintiff's motion (Doc. 3) for a preliminary injunction is DENIED without prejudice.

6. Plaintiff's motion (Doc. 2) to appoint counsel is DENIED without prejudice to Plaintiff's right to re-file the motion with his amended complaint.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court