# In The United States District Court
# For The Middle District OF Pennsylvania

Gartor K. Brown

V.

Gildea, et al...

FILED
SCRANTON

SEP 12 2018

PER _____ DEPUTY CLERK

NO. 3:18-CV-1527

## Motion For A Temporary Restraining Order And A Preliminary Injunction

### Facts So Far

Plaintiff Gartor Kiki Brown through Pro se is currently Housed at SCI Huntingdon in the RHU. Plaintiff send out a 58 page complaint accompanied by a a motion For Temporary Restraining order and Preliminary Injunction. Plaintiff failed to file a Brief or Declaration. This was Send out on 07/25/18 Plaintiff is claiming after this on 07/26/18 he was subject to retaliation at the hands of defendants after a c/o Ploicink Placed a foreig like sharp metal in his dinner tray, in which he swallowed while eating. Plaintiff was then left to chock. Other inmates would kick their doors to get Brown medical attention. Brown would not be tooken out his cell dispite talking to a nurse kept over in which a official told her he's faking. A inmate next door to Brown flooded his cell to get Brown help. Brown was tooken out his cell and Put into another cell with, nothing this actions is called Bluesins (see complaint) when officials Put inmates in a cold freezing cell with nothing bed, clothing food water, ect. This would isolacr Brown from filing a Brief.

Plaintiff would file An extension of Restraining order Motion on 08/16/18 along with exhibits A-M1-8, A-N1-9, these Exhibits were directed to both motions, all other exhibits were directed to his complaint. Painture failed to file a Brief for his extension motion.

Pursuant to Federal Rules of Civil Procedure (Fed.R.Civ.P.) 7.5 Brown's first motion could be withdrawn for failing to file a supportable Brief in which is the Reason for this motion. If by reason's of Federal civil procedure rules Plaintiff first Motion For Temporary Restraining order and Preliminary Injunction is withdrawn for failure to file a brief in time; then The Honorable Court Should except this motion as subtitional Because this motion is accompanied by a Brief and Declaration.

2

Upon the Complaint, Plaintiff's supporting affidavits memorandum of Law submitted herewith, it is ORDERED that defendants LT. Maxwell, LT. Snyder, C/o Crawford, C/o Harris, Eric Partsons, C/o Johnson, Sgt. Anders, LT. Dunkle, LT. Vounker, C/o Fochtman, LT. House, Unit Manager Kendrick, Maudy Sipple, C/o Kovick, LT. Eberling, Kevin Kauffman, clo+eyant, Clo Garlik, Sgt. Rhodes, Sgt. J. Neumann, Miss Fone, S. Ellenberger, C. Green, Sgt. Moore, C/o Myers, counselor Richards, Sgt. Heater, C/o Smith, Goss, Cousins, Nurse Hallie, Nurse Trice, Nurse Nikie, PA Eric, PA Gomes, PA King, Andrew Dancha, Paula Price, Dr Kalada, Dr. Kollmen; in which are all S.C.I. Huntingdon defendants show cause in Room _____ of the United States Court House at 235 North Washington Avenue P.O. Box 1148 Scranton P.A. 18561. On the day of _____, at _____ o'clock, why a Preliminary Injunction should not issue Pursuant to Rule 65(a) Fed. R. Civ. P., enjoining the said defendants, their successors in office, agents and employees and all other Persons acting in concern and participation with them; IT IS FURTHER ORDERED effective immediately, and pending the hearing and determination of this matter that defendant transfer Plaintiff to a different state institution out of the county of Huntingdon so that Plaintiff is not subject to any more abuse, retaliation, assaults, sexual assaults from defendants and inmates also depriving him of medical treatment,

IT IS FURTHER ORDERED that Plaintiff BE evaluated by an outside Cordiologist, and Doctor including full x-rays, MRI, cat-scan EKG ect... Follow up with Physical therapy and or surgy to any serious findings; Pursuant to his heart condition, numbness in his head ect...

IT IS FURTHER ORDERED that (John Wetzel) address Placer 4 (a) two in Plaintiff's complaint see Page (33) Pursuant to DC-ADM 008. Prison Rape Elimination Act addressing homosexuals safety or accommodating them Pursuant to housing if they have claims of or a history of being sexually assaulted. This policy should not be discretion base in which officials may be free to abuse their discretion by housing these inmates with violent inmates such as they did Brown. Brown is acking for a Preliminary Injunction on this policy.

IT IS FURTHER ORDERED, that Brown also seeks Preliminary Injunction on Municipal Policy #3 in his complaint see Page (36) DC-ADM 803 Mail and incoming Publications Procedures Postage and copying, Section (1) one of this policy Pursuant to Anticipating Postage for indigent and copying, Brown's claims the lack of a alternative in this policy is discriminate against indigent inmates and Puts a restraint on adequate or search or adequatly Proceeing claims. Policy reads "An indigent inmate may anticipate on his or her account, Postage for legal mail, to include exhaustion of Grievances, and copying charges of up to $10.00 Per month. Under no circumstances, shall the Business Manager/designee approve requests in excess of $10.00 per month."

IT IS FURTHER ORDERED, that this order to show cause, and all other Papers attached to this application, shall be served on defendants, the United States Marshals service is hereby directed to effectuate such service.

Date _____

_____
United States District Judge

# In the United States District Court

# For The Middle District OF Pennsylvania

Garter K. Brown

v.

Gildea, et al.

No. 18-cv-1527

## Memorandum OF Law In Support

## OF Plaintiff's Motion For A Temporary Restraining Order And Preliminary Injunction

### Statement of the case

This is a civil rights action brought under 42 U.S.C. 1983 by a state prisoner Garter K. Brown NA6401 At SCI Huntingdon. Plaintiff claims are against defendants from three different state institution SCI Graterford, SCI Camp Hill, SCI Huntingdon; for Failure To Protect, Excessive Force, Retaliation, Municipal Policy #1 Inadequate medical treatment, Failure to train Discipline, & Supervise, Municipal Policy #2 DC-ADM 008 Prison Rape Elimination Act addressing homosexuals safety of accommodating them Pursuant to housing, Municipal Policy #3 DC-ADM 803 Indecent Policy, Municipal Policy #4 Prison mail Policy, Inadequate Access to the courts, Procedural Due Process, Substantive Due Process, Deliberate Indifference, Cruel and Unusual Punishment, Negligence, Medical Malpractice, Assault & Battery, Damage of Property, Emotional Distress

Plaintiff is seeking Preliminary Injunction on Policy # 2 & 3, Plaintiff is also seeking Preliminary Injunction on getting evaluated by an outside Cardiologist, Physician for a physical, and a transfer out of SCI Huntingdon, citing Plaintiff's 58 Page complaint.

### Statement Of Facts

As stated in the declaration submitted with this motion, Plaintiff was sexually assaulted two times at SCI Camp Hill on 10/1/17 and 10/1/17, and at SCI Huntingdon on 2/7/18 while in the RHU. (Doc at Pg 1,2,3)

Plaintiff was denied medical treatment, Fist at the Doc of SCI Graterford Plaintiff told a Jean Doe about his heart condition and his Asthma and Medication in use on on the street, she told Plaintiff he would need a court order. At SCI Camp Hill, Plaintiff was also deprived medical treatment after two sexual assaults in which officials would transfer him a day after leaving the RHU. (Dec at Pg4) while at SCI Huntingdon, Plaintiff would also be to deprivation of medical treatment after he made officials aware of his serious condition. Officials would fail to Protect Plaintiff from multiple inmate inmate assaults and sexual assaults. (Dec at Pg 2,3,4)

Brown would also be subject to assaults from officials because of his claims and grievance writing

4    Officials would deliberately put Brown around violent inmates.
First officials would ask Brown to take a cell after he wrote a grievance on security members for forcing him to write a statement; after Brown refuse he would be send to the RHU. Then officials would force Brown in a cell with inmate Jackson then passing him personel mail and telling him Brown history of sexual assaults. Officials then forced Brown to go in a cell with a inmate Allan a violent gang member, also a liter that was in the RHU for stabbing another inmate over rookies although they were aware that this inmate and plaintiff was enemies. (Dec Pg 2-3,11)

Brown would also be subject to condiction of confinement, while in the RHU defendants consistantly put officials around him he was government sort of retaliction and so they can retaliate against Brown. This custom would make Brown to be subject to deprivation of his trays, tempering of his trays, "bluegivs" a custom so common it's got a nikenume, when officials put inmates in a freeze tish cell with nitwide for week deprivng them of water, food, bed, toilet paper, sheets, blanket ect. (Dec Pg 3,4,5)

Plaintiff would also be subject to officials putting inmate Allan gang member friends around him to harass, threaten, and assault him. Brown was subject to these inmates banging his cell wall and wall for weeks with hard cover books took to derrive him of sleep. (Dec Pg 4,5) Brown would also be subject for inadequate Access to the courts and damage of his property in which would cause defendants from civil cases to be dismiss. Officials would refuse to send out Brown legal mail and or tempher with his incoming and out going legal papers.

Brown's medical symptoms are such Intents heart pain and acute Asthmas attacks, Neuralgia pain, acute Scoliosis, causing chronic back pain impairing Brown from moving around, Numbness on the loft side of his head that will not go away down to his shoulders and hands around Brown nose sill heart causing sharp pain making it hard to breath, poor eye sight, astigmatism macle, glama in the lens desortion of his eye causing light rays and dobble vision, Brown still have sencitive ribbs pam.

The medical department has deliberatly ignored Brown's on going symptoms causing deform in healing and Permanent impairment.


## ARGUMENT

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

A. The Plaintiff's Threatened with Irreparable Harm

Plaintiff is currently housed on G-A the same block in which he was sexually assaulted; Plaintiff can not leave his cell with out threats from the Attacker gang member friends. The officials that do the Moves delaberully put these gang members around Plaintiff or so an inmate Killa or "S". Plaintiff told officials that he was getting threats from this inmate, telling him he will kill him for telling on his friend, they ignored Brown. Brown was just recently attack by this inmate while coming back from medical seg. Extension of restraining order motion, in which Plaintiff was kicked in the chest while cuffed by this inmate, then denied medical aftention. This inmate is still feel beat down from them.

Brown is subject to deprivation of trays and temperog of his trays.
A c/o Plocinik had put a sharp metal in Brown's tray after he send out his complaint medical, claim they was not aware that Brown was choking after eating the tray on 7/26/18, in which he was ignored by Plocinik and others while choking on these official would kill a nurse that rane on to give another inmate medication that Brown was taking. It would take medical a week to do (x-rays) on Brown in which is contrary to the medical policy N-ADM 820; Brown would tell the medical department he was tearing sharp pain in and around his vital organs and when he used the bathroom, he would bleed, the medical department told Brown they hope he would shit it out although it's serious, he would need an court order to get it out sur9/14. The medical department claimed the metal was still in Brown after two Moor x-rays but they would do nothing, they have not even restored to Brown's grievances on the mater. After the 4th x-ray they claim it had passed but did nothing address Brown's internal bleeding. This same c/o is still doing Brown's trays.

5

First Amendment retaliation and false imprisonment for exercise of his constitutional rights is unconstitutional see mitchell V. Horn 318 F. 3d 523, 529-31 (3d cir 2003) or Rauser V. Horn 241 F. 3d 330 333-341 (3d cir 2001)

The medical department is also violating Plaintiff's Eighth Amendment rights by failing to treat his injuries see Estelle V. Gamble, 429 U.S. 105, 97 S. ct 285 (1976). In order to state a claim that the medical care violated a Constitutional right, a Plaintiff must Plead that his medical needs were serrious and that Prison officials were deliberately indifference to that need.

Officials refuse Brown EKG's or cardiogram to see what's going on with his serrious heart condition; they also fail to evaluate Brown or treat him after multiple sexual assaults, they also fail to give Brown breathing treatment and a inhaler or respirator for his Asthma. They are now ignoring Brown's internal bleeding from a sharp metal.

Officials are also writing Brown up claiming he's refusing to go to Population. Defendants are aware Brown's attacker is still in the institution and also inmate Jackson and other gang members that has been threating Brown. They are deliberately attempting to get Brown assaulted by forcing him to go to population and ignoring the dangers from his attacker and gang members. Brown has just suffer an assault by a gang member in which officals ignored.

The Eighth Amendment requires prison officials to protect prisoners from violence Bistrian V. Levi 696 F. 3d 352, 367 (3d cir 2012) To establish a failure to protect claim Plaintiff must show he was incarcerated under conditions posing a substantial risk of serious harm; prison officials acted with deliberate indifference which they knew of and disregarded an express he risk to his safety and the official deliberate indifference caused the Prison harm.

Plaintiff has not showered or gone to the law library in over (150) days Plaintiff has started to develope block spots from watching TV in his little sonk.

B) In deciding whether to grant T.R.O's and Preliminary injunctions, courts Ask whether the suffering of the moving party if the motion is denied will outweigh the sufferings of the non-moving party if the motion is granted see mitchell V. Cuomo 112 F. 2d 804, 808 (2d cir 1981) (holding that dangers posed by prison Crowding outweished states financial and administrative concerns. In this case, Plaintiff have on going serious medical condition and symptom in which officials are free to ignored. Plaintiff is a homosexual inmate that has been subject to multiple sexual assaults and assaults, at the hands of inmates and staff. Officials are deliberately indifference to this fact in still attempting to put Plaintiff attacker around him. Plaintiff is also subject to condition of confinement, Plaintiff has not shower for over (150) days officials are depriving Plaintiff of his showers and food. Plaintiff is housed on the same RHU unit in which he was Just sexually assaulted and Just suffered another assault while cuffed on the wall back from medical X-rays in which a sharp metal was in him Brown by c/o Alcinik Ramdass in his dinner tray after he send out a 58 page com-plaint and the UM told not to.

The "suffering the defendants will experrence, if the court order is granted would not be compear to the hardship that Brown is going through Ali, such as putting him on a bus and transferring him to a different state institution outside hunting-don county. Taking him to see a Cardiologist and Physicion for evaluation putting him in a safer housing or institution and or smaller ect...

c) Plaintiff will have success on the merits, Plaintiff has rulings in his favor less serrious then what he is going through now in other courts, see Brown V. Moore 16-CV-3987 when Prison Dr. Phillips summary Judgment was denied after Brown was hit with a hard tray by an enemie and suffer another assault days later by that same enemie braking his Jaw in which defendant Dr. Phillips refused to treat him.

d) see Brown V. Delaware County Prison Board of Inspetors 16-CV-2485 this claim was dismiss by the eastern district after Brown claimed he was Put in a cell with out bed, food, water, toilet Paper, sheets blanket for a week in which Brown claimed he told the warden but was ignored. This was one of Brown's first claims in the courts, the court error by dismissing Brown's claim in which defendants motion to dismiss was granted; dismissing the case. The court of Appeals would reverse the dismissal claiming the (Warden) was liable.

8   See Brown v Phillik 1527 filed 8/28 Motion to term this uses need needed against
Dr. Phillik, nurse Alissa, and Health Administrator Kristen Grady, defendants
would go for summary judgment, that was terminated as the Judge
too asserted the cause would need more discovery. Brown was stabbed by
inmates in the eve and officials would keep him in medical for 90 days
before taking him to a eye doctor, after which they deprived Brown of Pain
medication and also fail to follow the correct course of treatment thus caused
an inpairment on Brown's vision.
        Plaintiff in this case is claiming he was sexaly assaulted, in which defendants
refuse to treat him; Brown also claim defendants are consistantly retaliating against
him and used Excesive Force against him. Plaintiff was just assaulted by one
of the officer gang members, defendants are failing to Protect him, Plaintiff
claims are well documented with over (300 exhibits ....

D)   ## The Relief Sought Will Serve The Public Interest

        In this case, the grant of relief will serve the public interest because it is
always in the public interest for prison officials to obey the law, especially
the constitution. Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir 2008)
Be spelt for law, particularly by officials responsible for the administration
of the state's correctional system, is itself a matter of the highest public interest,
Llewelyn v. Oakland county Prosecutor's office, 402 F.Supp 1379, 2293
E.A. Mich R.R.) stating "the constitution is the ultimate expression of the public interest)

        ## The Plaintiff Should Not Be Required To Post Security

Usually a litigant who obtains interim injunctive relief is asked to post security
Rule 65(c), Fed R. civ.P. however, the Plaintiff is currently indigent and is unable to post
security, The court has discretion to excuse an impoverished litigant from posting
security, Elliott v. Kiesewetter 98 F.3d 47 (3d cir. 1996) states that district courts have
to waive the bond requirement contained in Rule 65(c) of the Federal Rules of civil
procedure if "the balance of the equities weighs overwhelmingly in
favor of the party seeking the injunction; In view of the seriousness of Brown's
Claims, the court should grant the relief requested without requiring the
posting of security.

        For the foregoing reasons, the court should Grant the Motion in it's entirety.

Date: 08/28/18

Garton Brown WAG 461
SCI Huntingdon 1100 Pike St. Huntingdon PA. 16654

# In The United States District Court
## For The Middle District OF Pennsylvania

Gartor K. Brown

V.

No. 18-CV-1527

Gildea, etal

## Declaration IN Support OF Plaintiff's Motion
## For A Temporary Restraing Order And Preliminary Injunction

1) Plaintiff complaint should also stand as a supporting Declaration

2) I am Gartor K. Brown, Plaintiff in this case. I make this declaration in support of my motion for a temporary restraining order and a Preliminary injunction to ensure a transfer to another state institution out of Huntingdon county's To ensure necessary medical care. To Address Municipal Policy ADM 008, and Municipal Policy DC-ADM 803.

3) As set forth in the complaint in this case t was sexually assaulted two times at SCI Camp Hill on 10/1/17 and 10/2/17 While in the RHU at camp Hill.

4) I was Admitted to SCI Huntingdon a day after leaving the RHU at camp Hill on 10/23/17. At the door I told defendants Maxwell and sipple in detail what happened.

5) Plaintiff was never treated for his serious symptoms after meeting with defendant Nurse Nikve, Paula Price, and P.A. King.

6) Brown was, trasfer back to camp Hill to talk to state Policy in which he subect moore assaults by his cellmate wilkson after he did not want an homosexual Inmate as a cell mate.

7) Brown was again deprived medical attention after going to medical with a broken nose and blood all over him. Plaintiff was then send by to SCI Huntingdon after meeting with P.A. State Police.

8) Plaintiff again meet with LT. Maxwell and Kauffman, House, Eberlman Plaintiff told defendants that he was a homosexual and he had feminine Charcteristics that he talk like a girl and such his hips when he walks, and wears eyeliner that he would not feel safe with a cellmate. Maxwell expressed that he use to work at Camp Hill and was not happy with Brown for bringing allegations against his friends. Plaintiff was then force to sign a double bunking sheet by defendants.

9) Brown meat with P.A. Gomes on 11-15-17 after maltipal suck calls Brown asserted to Gomes that he was a victim of sexual assault and he had been deprived medical attention, symbots were bleeding from the anal, a gone heart condition, acute Asthma attacks, Numbness on the left side of his head and through his left sholders and hands half lexer Pain, Abdominal Pain, Pain in ribs. Gomes failed to evaluate Plaintiffs injuries in which he only conducted an anal exam. Gomes deprived Plaintiff of Pain medication. Paula Price was also Present at this meeting.

10) Plaintiff would wait an hour till 3-4 in the morning another sick call. This Dr. asserted to Brown "you are not here for evaluation just x-rays to make sure you have no sever fractures." Plaintiff told his Doctor he was in alot of Pain. That the numbness on the side of his head would not go away; he asserted Bonus never gived him medication. Dr. Kaleda explained "if you don't have any life threating injuries were your going to die right now they won't let me treat you!"

11) Brown was wroten up 12-1-17 for refusing a celly after he wrote a grivance on security officials for forcing him to write a statement asserting he's ok going to population.

12) Brown got two more write ups for refusing a celly while in the RHU. Brown was put in a cold cell with nothing for days causing severe frostbites, hypothermia, this custom is so common it has a nickename "bluesing or getting bluesed."

13) Plaintiff was tooken out that cell then put into a cell smear with feces in which an inmate was just named Mr. o.c. by Kauffman and E. berting and unit Manager, in which they called him a Cwistleblower, in which he would be deprived of trays by c/o Plocink and Fochtman.

14) Brown would be forced by in Rehadditon with a cellmate against his will name nale Jackson.

15) A c/o Kovach call Brown a faggit after an arument + Plaintiff would call a P.R.E.A hotline asserting concern of his safety on the unit.

16) c/o Kovach would slip inmate nale Jackson a personal mail of Brown in which is another custom this was a grievance pursuant to his sexual assault claims at camp Hill. Jackson would give his friend Allan the grievance responds. c/o Kovach would also tell Jackson that Plaintiff was gay. Plaintiff grievance was passed around. Both Jackson and Allan started to harass Plaintiff and extort him; forcing him to call a family member for $300. Jack then put a shank to Plaintiff's neck telling him he would kill him if he told. Plaintiff would tell Kovach.

17) Brown was assaulted by Jackson on 1-15-18 Brown told Kovach and Aurano after he came out his cell with a bloated nose and contusions; nothing was done.

18) Brown next trip to the RHU would cause him more injuries. Brown was agained wroten up for not taking a cellmate while on the RHU. Brown broke down which a camera cell. Brown meat with LT. Eberling, Kevin Kauffman, unit Manager Kendrick, and Mandy Sipple and LT Maxwell. He expressed he fear for his safety and he would be a target by other inmates if he took a cellmate. Raffman told Brown "you should have never left the house fives!! this is jail, inmates get assaulted, sexual assaulted all the time put some weight on and you'll be fines."

19) Maxwell asserted to Brown if you do not take a cellmate force will be used. Brown was forced in a cell with inmate Allan after he told officials Plocink, Crowford, et Heaster, Anders, Vacenlier Kendrick that Allan was an examiner. Brown would be assaulted after he enter the cell by inmate Allan.

20) During the corse of Being incell 107 Brown would tell Eric Parsons, c/o Harris, LT. Dunkle, Unit manager Kendrick, LT. Maxwell, Kiven Kauffman, sgt Heaster, sgt. Anders, c/o Plocink, c/o Fochtman, c/o Johnson, that he fear for his life, that inmate Allan did not want him in the cell.

21) Plaintiff told Kendrick and Parsons and Heaster and others that Allan tryed to rape him on 2-6-18 hitting his head on the Poll of the bed choking him ect. nothing was done to remove Plaintiff.

22) Allan would agame attack Brown infront of c/o Johnson and Plocimkon 2-7/18 in which they ran off. Allan attacked Brown as if their was sold under the junker. Brown tryed to put up a fight but by now he was live a wounded animal. Allan put Brown legs over his shoulders and forch trust into Brown with no remorse, Plaintiff Ancesters would here him cry out for help. Tho Goon they started to hit Brown telling him to shunt the explotion in and through his anal, that was contermplation that the Cindurops DeGrading, he moving out was over. Plaintiff started to yell through the doors, he could here inmates saying "get him out of floor" c/o Johnson came back to the door saying "it looks like an animal got stay in here. Plaintiff told Johnson what was going on.

23) c/o Fochtman assert Brown "it's a girl." Allan you are the farther!" Brown would again ask to be moved. Fochtman asserted "WE DO NOT MAKE COURTESY MOVES," "THIS IS NOT THE HILLTON, ITS HUNTINGDON!" c/o Johnson would come back that heater and finders and others did not want Brown coming out the cell. So he could not move him. He would force Brown to give him his boxers, sheets, t-shirt, socks, summer eject

24) Plaintiff would again be supsed to another sexual assault hours later by inmate Allan

25) Johnson would claimed medical was call and refuse to see Brown. Brown was never seen till almost a week later.

26) Brown would get a write up after officials finally let him out for showers in which he refuse to lock in with Allan telling him "you come back in here I will kill you first time I already have life with nothing to lose.

27) Brown was finally seen by medical on the night of 2/14/18. A nurse Trice told Plaintiff a doctor will see you tommorrow she would do nothing to evaluate Brown although she looked very concern.

28) Brown was called down on 2/15/18 to a strip cage it was, nurse Nikie. Nurse Nikie would take pictures of Brown but she also failed to evaluate him.

29) Plaintiff would see an nurse Brad an PA Nautal they also was scare to even talk to Brown. They also fail to evaluate Brown.

30) Brown would see a Dr. Kollman on 2/20/18 Brown told Kollman he was in a lot of pain, and was gruond deprove medical attention, Brown asserted Abdominal pain, bleeding and bruises in and around his anal, Neuralgia pain, inflammation of ankle and knee, Swelling around the nose, chronic back pain, Brown asserted he had just suffered a Asthma attack that he did not have an inhaler. Sciatic pain in his hip and thigh, numbness along his head down to his shoulders and a bomb on the head and bruised ribs. PA king was also in this meeting. Brown also asserted he had passed out from chest pain that he was not getting his breathing treatment or ekg's or on the undocptyon his cardiologist from the streets had priscribed him. Both defendants told Brown he would need an court order to see a specialists because they was under funded on which was another custom. Brown did not get evaluated and eval left untreated.

31) Plaintiff would again meet with the state police and LT. Maxwell asserting all that happened or he tryed. LT. Maxwell would not let Brown tell the state police that he was aneady aware of all this action Brown off over 10 times to control what he told them.

32) After this meeting Maxwell would alert inmate Allan that Brown meet with the state Police.

33) After this Allan would tell members in his gang to "attack" Brown on cite. Brown was keep on the same unit with inmate Allen but a different block. Inmates from Allan gang would hank on Brown's cell wall for three weeks straight keeping Plaintiff up all night. They would yell "Go to population we are going to to kill you rat!!" "we have money on your head!!" "we will shit you down of you come out bor reck" "Foget craft" homosexuali "How does your ass feel!!" "we are going to stabb you in the face if you go to population and send you out tag=!!" Brown would tell c/o Ploginik, Fochtman, Kendrock, Maxwell, Garlik, Wevant and other, and nothing would be done. The gang member would take books, skippies, sour in a sock, gut object they could use to bang on Browns wall. Went to keep him up. This would go on all day. Officials would deliberate bring Allan on Brown's block for showers although their were showers, on the block of the attacker. Allan would then send messages to gang members telling them "it's a rat, I fucked him and he meant with the state police." Brown would write grievances, and their most Grea what was going on, but all Brown grievances would get destroyed by (Grea) and Kauffman. Brown would appeal it to central officials the once that was responded to and they would claim they did not have to respond because it was pass due date.

34) Every time Brown Muder, killer or "P", white, snike, flowers, ect. officials would even bring Dale Jackson Browns old calmate to the hole in which he told Brown a/you code to population I will kill you".

35) officials was aware of all this but would still write Brown up for refusal to go to population. c/o Fechtman would write Brown up and deprive him for his trays, c/o Plocinik would also write Brown up and deprive him for his trays officials would call Brown a rat.

36) On 2-25-18 Brown would be cornered by c/o Plocinik and LT. Eberline while he was in the property room for property exhaust. officials started to ask him about his grievances and his sexual assault claims. He was then elbow in the back by c/o Plocinik, then hit by a mace can while cuffed. LT. Eberline started to hit and kick Brown in the face and ribbs. Plaintiff started to bleed. c/o Plocinik grabed plaintiffs genitals and started to yell at him calling him a homosexual. He then told Plaintiff "this is were I bring your tray to tuffer with it there are no cameras in here!" Plaintiff would write a grievance after the assault officials would fail to respond calling plaintiff more retaliation from officials.

37) Brown mental health has been ignored by by Goss and cousins both with phys. Brown told both defendant that he was diagnosed at temiste hospital and Harrison House with Bipolar and Schizophrenia while on the streets, while at George W. Hill he was diagnosed with depression Brown told both defendant he was on wellbutrin, ryspal and depakote. He then told cousins he had been sexually assaulted in which he was feeling down and gray, sweating more and more. his heart was beating faster, when other inmates come around him. He would cry out of fear of being harm to the point of sleeping under his bunk. Panic attacks ect.... They both would refuse to evaluate plaintiff or put him on the medication he was on.

38) **Municipal Policy #2**

Brown is claiming there is nothing standing in the DC-ADM 008 "Prison Rape Elimination Act addressing homosexuals safety or accommodating them pursuant to housing if they have claims of or a history of being sexually assaulted. Brown claims this policy is descretion base. In which there is a link between Browns being lable a rat and officials abusing their discretion in housing him. Regulaters should have a straight policy they would have to follow if it's a homosexual is admitted with in one of the many state institutions and has claims of being sexually assaulted or a history of such. DOC. Should not force these inmates in to cells with other inmates in which they might be subject to assaults in which was the case with Brown. Brown is claiming that the governments policy was the proximate cause to his injuries. DC-ADM 008 Subsection B-K Reads "The Transgender or intersex inmate shall be informed of the GRC's privacy and housing recommendations with in 48 hours of the GRC meeting, and be permitted the opportunity to concur or object to the recommendation." 5) "I deciding whether to assign a transgender inmate to a facility that is consistent with his/her gender identity, and in making other privacy housing and programming assignments, the Department shall consider ion a case-to-case basis, whether a placement would ensure the health and safety of all impacted inmates and whether the placement or accommodation could potentially present management or security problems. Brown is claiming He was housed in a level five prison for a non violent crime. He made officials aware he was a homosexual it was also transparent, because of the way he walks and talks, switching his hips, Brown wears eye linder and has other feminine characteristic and is at best 120 and looks like he's 16 years of age, with bio rachael hair. Officials then would force him in cells very literis that are violant. inmate Allan was in the RHU for stabbing another inmate over cookies and he is a lifer, Brown only have two years. Brown other attack while at Camp Hill had (12 A1 assaults) and was in jail for (rape) at no time did Policy makers consider Browns safety pursuant to his housing in which was the cause of his injuries.

DC - ADM 803 Mail and incoming Publications, Procedures, Postage and Copying. Section (1) one of this Policy Pursuant to Anticipating Postage for indigent inmates Violated Brown's due Process Access to the courts. Brown was an inmate with money on his inmate account. After his second trip to the RHU and his claims of sexual assaults officials restraint all his Personal mail from family inquiries, because the lack of communication from his love ones his account would go indigent.

Officials won then deprive Brown of Manila Envelops and Paper also limiting him to $10.00 a month in Postage also include copying. Brown would ask officials for an alternative he argue he had multiple pending litigations and criminal appeals. Officials would denied Brown of any alternative in asserting this Policy. An indigent inmate mail authorize on his or her account, Postage for legal mail, to include exhaustion of Grievances, and copying charges of up to $10.00 Per month." "Under No circumstances, shall the Business manager's /designee approve requests in excess of $10.00 Per month, Officials would stop Brown's "Court Order" responds from going out the prison because of this Policy claiming he had went over $10.00. This would impair Brown and cause claims and defendants to be dismissi although Brown would recover in must cases this caused Brown hardship and impair his ability to litigate or conduct adequate research.

40) Brown is claiming that he has very serious claims in which would rub defendants the wrong way. Brown is claiming there are over 40 defendants at SCI Huntingdon Brown law or litigation would give them every reason to retaliate against him more. See Brown Extension of Restraining order motion in which he claims he was say assaulted by an inmate on his way back from medical. Brown was also arated up by an LT Younker and hit after Meeting with security in which this LT. is a defendant, the meeting was brief and Brown was also threaten to stop writing grievances, and to go to population ignoring the fact that Brown has obvious enemies. Brown was never treated medically after writing sick calls for this assault. Brown is claiming he is under Imminent Danger in which is the reason for this Order to show cause.

Brown health has worsen because the medical department refuy to evaluate him for his on going serious symptoms and already diagnose conviction from the streets. telling him to "get a court Order."

41) Brown is also asking the Court to withdraw his first Order to show cause for Temporary Restraining Order and a Preliminary injunction, that he send out with his complaint, he wish he fail to write a Brief, in subtitling this motion only if the Court deem necessary. Brown is sending his Brief for his second Motion the Extension of Restraining Order Motion in which he also send out Exhibits with.

Pursuant to 28 U.S.C. 1746, I declare under Penalty of Perjury that the foregoing is true and correct.

08/28/18

Gartor K. Brown NA6401
1100 Pike St Huntingdon PA. 16554

Certificate of Service on Back of Page

Certificate Of Service

I hereby states i am Gartor K. Brown, Plaintiff in this Serious matter. On _____ 8 _____ day of _____ 78 _____ 20 _____ 18 _____ The Following motions For temporary Restrain order And Preliminary Injunction with Supporting Memorandum OF Law And Declaration was Place in to the U.S. Mail Box First Class Postage directed to the address below.

United States District Court Middle District
235 North washington Ave
P.O. Box 1148 scranton, PA 18501

Dated _08/78/18_

Gartor K. Brown NA6401
1100 Pike St. Huntingdon PA 16554



United States D... ...t
235 North Washington A...
Scranton PA 18501                                        Box

**PRIORITY ★ MAIL ★**

**TRACKED ★ ★ ★ INSURED ★**

*UNITED STATES POSTAL SERVICE.*

For Domestic Use Only          Label 107R, July 2013

*UNITED STATES POSTAL SERVICE.*

**USPS TRACKING #**

# INITIAL REVIEW RESPONSE
### SCI Camp Hill
2500 Lisburn Road
Camp Hill, PA 17001

Exhibt 02

18-1527

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follo

| Inmate Name: | Brown, Gartor | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility: | Camp Hill | Unit Location: | E-A-3 |
| Grievance #: | 696853 | Grievance Date: | 9/9/17 |

**Publication (if applicable):**

| Decision: | ☐ Uphold Inmate |
|---|---|
| | ☒ Grievance Denied |
| | ☐ Uphold in part/Denied in part |

*It is the decision of this grievance officer to uphold, deny or uphold in part/deny in part the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:**

I have investigated the issues you've raised in your grievance, in which you claim female staff members should not be observing male inmate showers on A-Block. You also claim you were forced to use a shower in which the door did not close properly. You are seeking an unknown amount of monetary compensation and punitive damages.

I have spoken to the officers on both the 6-2 and 2-10 shifts of A-Block. I have also spoken to Unit Manager Srebro regarding your concerns. The officers claim that there was a shower door on the top tier of the B-Side of A-Block that had a broken hinge at the bottom, but that it was fully functional and could be used for showers without anyone seeing the inmate inside. Unit Manager Srebro also informed me that as of the week of September 18th, all showers on both tiers of A-Block had operable shower doors in place.

There is no way that any staff member should be seeing you naked on the tier, as by policy you are required to wear a t-shirt, undershorts and have a towel wrapped around your waist on the way to and waiting for the showers. Female staff are permitted to observe showers for this reason.

Your grievance is therefore denied and you will not be receiving any monetary compensation and punitive damages.

| Signature: | DMZolistn |
|---|---|
| Title: | Unit Manager |
| Date: | 10/6/17 |

cc:   Facility Grievance Coordinator/th
      DC-15

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 1 – Grievances & Initial Review***
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 1-D*

Exhibit O

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

| FOR OFFICIAL USE |
| --- |
| [illegible] |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR [illegible] | FACILITY: [illegible] | DATE: [illegible] |
| --- | --- | --- |
| FROM: (INMATE NAME & NUMBER) Gartn Brown NY4401 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: A Block | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

[illegible] on 9/1/17 [illegible] on 9/1/17 [illegible] 9/1/17 [illegible]

B. List actions taken and staff you have contacted, before submitting this grievance.

[illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature] 9/18/17

Signature of Facility Grievance Coordinator — Date

WHITE Facility Grievance Coordinator Copy CANARY File Copy PINK Action Return Copy
GOLDEN ROD Inmate Copy

A Exhibit P 1

Form DC-141 Part 1
Rev. 11/2016

# COMMONWEALTH OF PENNSYLVANIA
# DEPARTMENT OF CORRECTIONS

C   084585

☑ MISCONDUCT REPORT   ☐ OTHER   ☐ DC-ADM 801 INFORMAL RESOLUTION

| DC Number | Name | Institution | Incident Time 24 Hr. Base | Incident Date | Date of Report |
|---|---|---|---|---|---|
| NA 6401 | Brown | SCI H | 1130 | 12-5-17 | 12-5-17 |

| Quarters | Place of Incident |
|---|---|
| GA 1015 | GA 1015 |

## OTHER INMATES OR STAFF INVOLVED OR WITNESSES (CHECK I OR W)

| DC Number | Name | I | W | DC Number | Name | I | W |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**MISCONDUCT CHARGE OR OTHER ACTION**   Class I   #35 Refusing to obey an order

**STAFF MEMBER'S VERSION**

Sir, on the above date and time this officer gave inmate NA 6401 Brown A direct order to move and except A cellmate Inmate Brown Refused to obey this order by stating that he could not take A cellmate because he is Homicidel

**IMMEDIATE ACTION TAKEN AND REASON** Investigated no further inquiry. Inmate to remain present status int. I seen by Laving examiner. Inmate identified

| PRE-HEARING CONFINEMENT | | |
|---|---|---|
| | IF YES | |
| ☐ YES | TIME present | DATE |
| ☑ NO | | |

**FORMS GIVEN TO INMATE**
☑ REQUEST FOR WITNESSES AND REPRESENTATION   ☑ INMATE'S VERSION

| REPORTING STAFF MEMBER SIGNATURE AND TITLE | ACTION REVIEWED AND APPROVED BY RANKING C.O. ON DUTY  SIGNATURE AND TITLE | DATE AND TIME INMATE GIVEN COPY | |
|---|---|---|---|
| COI Korman | Buell CoC | DATE 12/5/17 | TIME 24 HOUR BASE 1510 |

| YOUR HEARING MAY BE SCHEDULED ANY TIME AFTER | | MISCONDUCT CATEGORY | Signature of Person Serving Notice |
|---|---|---|---|
| DATE 12-7-17 | TIME 0800 | ☑ CLASS 1  ☐ CLASS 2 | COI |

## Notice To Inmate

You are scheduled for a hearing on the allegation on the date and time indicated or as soon thereafter as possible.  You may remain silent if you wish.  Anything you say shall be used against you both at the misconduct hearing and in a court of law, if this matter is referred for criminal prosecution.  If you choose to remain silent, the hearing committee/examiner may use your silence as evidence against you.  If you indicate that you wish to remain silent, you shall be asked no further questions.  If you are found guilty of a Class 1 misconduct, any pre-release status you have shall be revoked.

WHITE - DC-15        YELLOW - Inmate        PINK - Reporting Staff Member        GOLDENROD - Deputy Superintendent Facility Management

**DC-ADM 801, Inmate Discipline Procedures Manual**
**Section 1 – Misconducts/Rule Violations**
Issued: 11/17/2016
Effective: 11/24/2016

*Attachment 1-B*

| FORM DC-141   PART II-B | **COMMONWEALTH OF PENNSYLVANIA** | | | | |
|---|---|---|---|---|---|
| DISCIPLINARY HEARING REPORT | **DEPARTMENT OF CORRECTIONS** | | | | |

| DC Number | Name | Institution | Hearing Date | Hearing Time | No. from PART I |
|---|---|---|---|---|---|
| NA6401 | Brown, Gartor | Huntingdon | 12/7/2017 | 1000 | C084585 |

| INMATE PLEA | ☐ Guilty    ☒ Not Guilty | ☐ No Plea    ☐ Other | **Verdict** | ☒ Guilty ☐ Not Guilty |
|---|---|---|---|---|

## HEARING ACTION

**CHARGES**    35

---

**FINDINGS OF FACT, VERDICT, AND SANCTIONS IMPOSED**

Inmate Brown pleads not guilty to charge #35.

Inmate stated that he didn't take one because he thinks that that he is a temporary Z code. He said that he has had other issues at different jails.

This HEX believes the written report of CO1 Poorman, over Inmate Brown's denial, about how Inmate Brown refused all orders to take a cellmate. A preponderance of evidence exist to support charge #35.

**Guilty #35 - 15 Days DC**
                  **Consecutive**

**In Absentia**

| | | | |
|---|---|---|---|
| ☒ Yes ☐ No | The inmate has heard the decision and has been told the reason for it and what will happen. | **NONE** | |
| ☒ Yes ☐ No | The circumstances of the charge have been read and fully explained to the inmate. | **SEE APPENDICES** | |
| ☒ Yes ☐ No | The opportunity to have the inmate's version reported as part of the record was given. | ☒ | |
| ☒ Yes ☐ No | The inmate has been advised that within 15 days a request for a formal review may be submitted and that this request must contain specific reasons for the review. | | |

| NAME(S) OF HEARING EXAMINER/COMMITTEE | Hearing Report and all appended information must be signed. Signature indicates finished report with appendices. |
|---|---|
| **S. Ellenberger** **Hearing Examiner** | *[signature]* |

Cc: DC-15, Inmate Cited, Staff Member Reporting Misconduct, Deputy Superintendent

Exhibit P3

| DC-141, Part 2 E | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Misconduct Hearing Appeal | | | |
| DC Number | Name | Facility | No. From Part 1 |
| NAB 4(c) | ____ Brown | SCI H | C 05435 |

Brown had this appeal up in the doors by 12:___ PM on 12-8-17 check the camera, cos did not Pick up this appeal till 12-10-17

I was found guilty of misconduct number _____ #35 _____ on _12-7-17_
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds:

## Check Area(s) Involved

☐ a. the procedures employed were contrary to law, Department directives, or regulations;

☐ b. the punishment is disproportionate to the offense; and/or

☐ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

This class one #35 contradicts Doc policys through the 804 & reselection of classfacation 17.2.1. Also Browns claims of sexual assault & his symtoms he is suffering persuant to the fire has not been addressed by the physc department. Browns claims of trauma for his USE, depression, Anxiety, PTSD, not trusting another inmate & Physical injuries has been over looked. Through his meeting with four different sphyc member there has not been any edequit help or discussed or medication. 17.2.1 protects Brown in which the Doc promote inmate to tell officials if they are having homicidal thoughts, to prevent them from acting out. SCI Huntingdon has a custom of looking pass that & writing inmates up for sharing those thoughts. Brown has made sphyc aware of his thoughts, on 12/6/17 he made frace aware, in which he was put in an observation cell. Brown never saw A member from sphyc nor was he assigned out the observation cell before officials became attempting to move him in the cell with another inmate, dispite other open cells on the same block. All policys in the 504 & 802 was disregarded. Brown backed his stuff came to the door to cut up then made officals aware again of his thoughts. In which he was writing up disregarding policy, at no time did Brown refuse to obey order. By Brown still being in the observation cell & had not meet with any medical or sphyc personal officials when out the scope of their duty by attempting to get Brown in the cell with another inmate. The only reason Brown was wrote up because by policy he is protected from officials putting him in the cell with another inmate base on his thoughts, in which officials are aware.

_Inmate's Signature_ _____ _12/8/17_
Inmate's Signature                    Date

Exhibit P4

| DC-141, Part III | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Program Review Committee Action | Department of Corrections | | DEC 19 REC'D |

☒ Misconduct Appeal    ☐ Periodic Review    ☐ Other

| DC Number | Name | Facility | Date of Review | No. from DC-141, Part 1 |
|---|---|---|---|---|
| NA6401 | Brown, Gartor | SCI H | 12/18/17 | C084585 |

**Program Review Committee's Decision and Rationale**

P.R.C. Formal Review of Misconduct # C084585

<u>BASIS OF APPEAL</u>:

   A. The procedures employed were contrary to law, Department directives, or regulations.
   B. The punishment is disproportionate to the offense; and/or
   C. The findings of fact were insufficient to support the decision.

<u>DISCUSSION</u>:

Inmate Brown is appealing misconduct #C084585 but did not indicate on the DC141 Part 2E on what grounds.

The Program Review Committee has reviewed the misconduct, and appeal. On 12/05/17, COI Poorman gave inmate Brown a direct order to move and except a cellmate. Inmate Brown refused to obey this order by stating he could not take a cellmate because he was homicidal. Inmate Brown was issued a misconduct for charge #35, Refusing to obey an order. On 12/07/17, a hearing was conducted. Inmate Brown pled not guilty to charge #35. The Hearing Examiner found him guilty of charge #35. He was sanctioned to 15 days DC time for charge #35 (consecutive).

In conclusion, after reviewing misconduct #C084585 and the corresponding discussion, PRC finds no incident of procedural error, punishment was proportionate to the offense, and the findings of fact were sufficient to support the decision. It is important to note any PREA related concerns need to be addressed with the PREA Compliance Manager, <u>Ms. Sipple</u>. Any mental health related concerns need to be addressed through Mr. Goss, LPM. This information will be forwarded to the PREA Compliance Manager and Mr. Goss for review as it will not be addressed through the appeal process.

Therefore, uphold the decision of Hearing Examiner.

| Decision Relative to PRC Review | | | | | |
|---|---|---|---|---|---|
| ☐ Continue | ☐ Move to AC | ☐ Release to GP | ☐ Release Cell Restriction | ☐ Continue Investigation | |
| ☐ Release to Control GRP | ☐ Release Medical | ☐ Release Diag. Center | ☐ Release Sent. Complete | | |

| Decision Relative to Hearing Examiner's Verdict | | | | | |
|---|---|---|---|---|---|
| ☐ Reject | ☒ Uphold | ☐ Uphold-Modify | ☐ Remand back | ☐ Vacate-permit Recharge | ☐ Dismiss |

| Names of Program Review Committee Members | Signatures | Date |
|---|---|---|
| J. Spyker, Corrections Unit Manager | | 12/18/17 |
| M. Sipple, Classification Program Manager | | 12/18/17 |
| B. Brumbaugh, Deputy Supt./Facilities Management | | 12/18/17 |

WHITE – DC-15     YELLOW – INMATE     PINK – STAFF MEMBER REPORTING MISCONDUCT
GOLDENROD - DSFM

| DC-141, Part 2 (E) | COMMONWEALTH OF PENNSYLVANIA | | |
|---|---|---|---|
| Misconduct Hearing Appeal | | | |
| DC Number NA6401 | Name Garfor Brown | Facility SCI H | No. From Part 1 |

I was found guilty of misconduct number ___C08II580___ on ___12/17/17___
(date)

by the Hearing Examiner, and I wish to appeal that decision on the following grounds.

## Check Area(s) Involved

☑ a. the procedures employed were contrary to law, Department directives, or regulations;

☐ b. the punishment is disproportionate to the offense; and/or

☑ c. the findings of fact were insufficient to support the decision.

Below is a brief statement of the facts relevant to my claims(s). It includes the identity of all persons who may have information that may be helpful in resolving this matter.

Officials at no time can put an H code inmate that was in a camera cell under observation for having homicidal thoughts & or was homicidal in another cell with a inmate with out any psychological evaluation or talking to a psy member. That's clear bridge of policy! Dismiss

Brown was asked to cuff up & go into a cell with a celly Brown canc to cuff up not no time did Brown assert he was not doing as told. Brown then told co/poorman that he was having homicidal thoughts. By police officials out put Brown into another cell with an inmate putting him & that made in danger Brown was retaliated against with a write up for disobaying orders you could check the camera. Brown walked to the door to cuff up. Brown told officials he was scear fear for his life did not feel safe with a celly & he was having homicidal thoughts as symptom base off what what happend to him at camp Hill when he was Rape two times in the "ass hole" officials were not following procedures. Brown is also protected under the medical health code, & reception & classification 11.3 An inmate can not be wroten up for his thoughts killing himself & or holding someone eats if he makes officials aware with out acting apon it

___Inmate's Signature___ ___12/19/17___
Date



EXHIBIT F

*1008*

# pennsylvania
**DEPARTMENT OF CORRECTIONS**

**MEMO**

**TO**      Gartor Brown, NA6401
AA-Unit

**FROM**    Kevin Kauffman
Superintendent

**DATE**    January 4, 2018

**RE**      Appeal of Misconduct #C084585

My review of your appeal of misconduct #C084585 indicates it is based on your belief that:

A.     The procedures employed were contrary to law, department directives, or regulations:

C.     The findings of fact were insufficient to support the decision.

I have taken the opportunity to read your instant appeal, the Program Review Committee decision, and the entire misconduct packet. In your appeal, you explain you were having homicidal thoughts and you explain your version of the events resulting in this misconduct. After reviewing the circumstances of the misconduct, I find the procedures used in this were in accordance with law, policy, and regulations, and the evidence is sufficient to support the hearing examiner's decision.

For the reasons outlined above, I reject your appeal as lacking merit, and therefore sustain the decision of the hearing examiner.

KK:cjg

cc:    Deputy Brumbaugh
DC-14
DC-15
File

---

SCI-Huntingdon | 1100 Pike Street | Huntingdon, Pennsylvania 16654-1112 | 814.643.2400 | www.cor.pa.gov

Exhibit Q4

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
70662
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI H | DATE: 12/19/17 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: GD 78CC | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

While in the Camera cell 15 on G-A from 12/1/17 – 12/5/17 Brown suffered frost bites and hypothermia in which at one point a CO. Came to the door saying are you Cold? This inmate asserted yes, & "I have told & asked Co's why the air was turn up high in the winter? This Co then stated did you write a grievance on two white shirts Pursuants to them forcing you to sign a statement? Brown stated yes! & the Co. Said that's why we are freezing your black ass! He also asserted that Its because of me the LT's & Sgt. don't do their rounds going around the block in which is Policy He then said while Iam done here going house told Co's not to let me out for showers or give my legal meal, in which I have not gotten shower for 8 days any legal mail or wasn't out for rec. and my frostbite was never tend

**B.** List actions taken and staff you have contacted, before submitting this grievance.

to after informing medical staff. I was also deprived of trays. Why am I getting deprived all these things? Dont Policy states for LT, & Sgt have to walk these blocks and do rounds every day?

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator

_____12/11/17_____
Date

WHITE Facility Grievance Coordinator Copy       CANARY File Copy       PINK Action Return Copy
GOLDEN ROD Inmate Copy

Exhibit Q 2

# INITIAL REVIEW RESPONSE
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | ▓▓▓▓ | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility: | SCI-HUN | Unit Location: | ▓▓▓▓ |
| Grievance #: | 710662 | Grievance Date: | 12-8-2017 |

| Decision: | ☐ Uphold Inmate | ☐ Uphold in Part/Deny in Part |
|---|---|---|
| | ☒ Grievance Denied | |

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | | *Frivolous* X |
|---|---|---|

I have received your grievance dated 12-8-2017

In your grievance you state that you while you were housed in the RHU cell GA1015, you were cold, that the SGT and LT never made a round, and that you were deprived showers, You state that a "CO" told you to file a grievance and that you were deprived medical treatment for your frostbite and hypothermia. You also state that your legal mail was withheld. You also state that you were denied your meals as well.

I have reviewed the legal mail log, which shows that no legal mail was received in the RHU for you, I, as the Lt walk thru A quad numerous times a day, and at no time did you attempt to speak to me about the temperature in the RHU. The heat is not controlled by RHU staff, however it is regulated and has been an average of 75 degrees on A quad. Furthermore, there is a procedure for signing up for showers, if you follow these procedures, and are ready when the escorting CO's come around, you will receive your shower. The same goes for your meal tray. If you are standing at your door with your light on, as announced via intercom you will receive your tray. There is also no documentation in medical showing that you had frostbite or hypothermia. There is also no evidence that you attempted to gain any medical access.

Your claims are frivolous and your grievance is denied.

| Signature: | Snyder, J |
|---|---|
| Title: | CO3 |
| Date: | 1-2-2018 |

cc:  Superintendent
     DC-15
     File

Exhibit Q3

1/2/18

Grievance Appeal # 710662

while in the RHU this inmate was subject to his equal Protection being violated. Prison walk do not form a barrier separating Prison inmates from the Protection of the United States, Constitution. Brown is also asserting Deliberate indifference, Emotional distress is intentional infliction. Municipal, failure to train, in which Policymakers are liable for acquiescence in a Custom or Policy negligence, Retaliation. And harrassments. While in the RHU Brown was deprived for his tray over eight times. Brown was subject to being in a cell so cold he has frostbite and hypothermia. One of the CO, that deprived Brown for his trays told Brown the reason he was getting this treatment was for writing Grievances, this was one CO Hariss. officials then conspired in depriving Brown for showers & rec. Brown was moved from A Block to E Block & was put in a cell smear with feces in which he as officials if he could get a cleaning bucket and he was denied. Brown was froze to sleep in the cell for 20 days. Brown was also deprived for his legal mail. And his legal papers, and, Property in which hurt him in the courts; having cases dismiss because he could not respond to motions.

Brown is seeking damages, Punitive.

Gartor Brown NA6407

Exhibit 4 Q

D1005

# Facility Manager's Appeal Response
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA  16654-1112

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| | | | |
|---|---|---|---|
| | Gartor Brown | | NA6401 |
| | HUN | | GA-Unit |
| | 710662 | | |
| | | | |

☒ **Uphold Response (UR)**     ☐ **Uphold in part/Deny in part**
☐ **Uphold Inmate (UI)**       ☐ **Dismiss/Dismiss Untimely**

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

In reviewing your grievance and appeal, I note that your concerns were appropriately addressed by Lt. Snyder.  In your appeal, you argue you are being subjected to deliberate indifference.  You also feel you are being harassed for writing grievances.  In his response to your initial grievance, Lt. Snyder explains he reviewed the legal mail log and there was no mail received for you, and the temperature on the unit has been an average of 75°.  Lt. Snyder also explains if you follow the rules for different activities, you will not be denied the opportunity to participate.  I find that Lt. Snyder has addressed all your concerns, and there is no evidence of deliberate indifference.

In closing, I can only reiterate that I uphold the response provided by the grievance officer.  Your grievance is found to be without merit.

| | |
|---|---|
| **Signature:** | Kevin Kauffman |
| **Title:** | Facility Manager |
| **Date:** | 2-7-18 |

cc:  DC-15
     File

Brown was Put in a camera cell niket with temperatures so extreme he suffered Symptoms like frostbites and hypothermia all because he was writing grievances and had wrote a grievance on LT. House and LT. Eberling. When Brown made his concern knew to medical staff he was never treated. This custom is so common it's got a nick name "bluesing" Brown was then Put in a cell smear with another inmate's feces by Kauffman, Eberling and House. Brown told the actors that he was unable to breath because of the storg O.C. in the air. It was apparent that someone was just O.C. in that cell. Their was feces all on the walls, floor, toilet, table, sink. The actors left Brown in the cell and called him a rat and a whistle Blower. Brown then reReatedly begged LT. Dunkle and LT. Snyder to remove Him from the cell and for medical attention, in which he was ignored. Brown is claiming equal Protection, retaliation. in which Brown suffered adverse action at the hands of Kauffman, House, & Eberling for exercising his constitutional rights. Brown was also deprived for tr015, showers and rec and his legal mail. Brown is seeking Punitive damages and any other damages the court deem necessary.

Exhibit 5 Q

Dated 2 - 17 - 18

*Exhibit 6 Q*

2018

## ACTION REQUIRED
### Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of information based on your intent to appeal the grievance noted below to final review. However, this information is being filed without action since you have failed to comply with one or more provisions outlined in DC-ADM 804, "Inmate Grievance System Policy".

| Inmate Name: | Gartor Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| SCI Filed at: | Huntingdon | Current SCI: | Huntingdon |
| Grievance #: | 710662 | | |
| Action: | File Without Action/Pending | | |

Review of the information you provided indicates that your appeal is incomplete. You are not permitted to appeal to this office unless you have complied with the procedures established in the DC-ADM 804 requiring that all documentation relevant to the appeal be provided upon appeal. Therefore, you have fifteen (15) working days from the date of this notice to provide this office with all completed documents necessary for conducting final review. A failure to provide the missing information (identified below) within this time period may result in a dismissal of your appeal. Further, any future appeals received that do not contain the required documents may result in an immediate dismissal. This notice is only a courtesy of this office and may not be provided again.

**Required Information (please forward a copy of those documents checked below):**

| | **Standard or Remanded Appeal to Final Review:** |
|---|---|
| X | Legible copy of your initial grievance and/or resubmitted initial grievance, signed & dated |
| X | Initial review response/rejection by Grievance Officer |
| X | Legible copy of appeal to Facility Manager, signed & dated |
| X | Facility Manager's decision/response |
| | Remanded initial response |
| | Legible copy of 2nd appeal to Facility Manager |
| | Facility Manager's 2nd response |
| | Appeal to final review, signed & dated |

| | **Appeal of Publication Denial:** |
|---|---|
| | IPRC decision to deny publication |
| | Appeal to Facility Manager, signed/dated |
| | Facility Manager's decision |
| | Appeal to final review, signed/dated |

| | **Appeal of Grievance Restriction:** |
|---|---|
| | Grievance Coordinator's notice of grievance restriction |
| | Appeal of grievance restriction to the Facility Manager, signed & dated |
| | Facility Manager's response to grievance restriction appeal |
| | Appeal to final review of grievance restriction, signed & dated |

**Please Note:**

- Photocopying Services - Each facility has established local procedures for photocopying services for inmates housed in general population, as well as for those inmates housed in specialized units. If you are not familiar with these procedures, refer to your Facility Inmate Handbook or ask your Unit Team.
- Indigent Inmate – If you meet the criteria for indigency, please refer to DC ADM 803 for current guidelines regarding postage and copying charges.

| Signature: | Keri Moore *Keri McMe* | Grievance Review Officer | Date: | 02/27/2018 |
|---|---|---|---|---|

KLM

cc: DC-15/Superintendent Kauffman
   Grievance Office



Exhibit R1.

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
7/22/3
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Green | SCI H | 12/18/17 |

FROM: (INMATE NAME & NUMBER)
Gartor Brown NA6201

SIGNATURE OF INMATE:

WORK ASSIGNMENT:

HOUSING ASSIGNMENT:
GD 104

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Brown is claiming inadequate excess to the court. Brown is not getting any legal mail from lawyers in which they asserted to him dates they send out letters directed to Brown, Also they are not getting letters directed to them from Brown. Brown is not getting any mail from the court in which a letter was sent to the jail from the U.S. District courts & Brown never got it. During Brown Brief meeting with security on 12/11/17 Brown made it clear he was not getting his legal mail in which an LT said, your are not from this county the constitutional because of law suite reason and the grievance he wrote against security and medical. Brown has been denied access to the correctional facility's law library & denied of access is affecting his pending litigations by impairing his ability to file claims. Brown has a Motion to dismiss due in the courts he is unable to research. Brown has someone he is unable to send out. The right of access must be adequate, effective, & meaningful, it requires authorities to assist inmate in preparing legal materials by providing asistence from individuals with legal training. Brown is claiming due access, retaliation, equal Protection, harresments, discrimination, failure to train

B. List actions taken and staff you have contacted, before submitting this grievance.

Brown has talked to many members of the correctional facility concerning his inadequate excess to the court & nothing has been done. - Brown I seking normal, compensatory, & punitive damges in what ever the courts deem necessary.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator                    12/20/17
                                                               Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                    **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

D1004

**Exhibit R-2**

## GRIEVANCE REJECTION

SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| | | Gartor Brown | | | NA6401 |
|---|---|---|---|---|---|
| | | HUN | | | GD-Unit |
| | | 712213 | | | |
| | | **Rejection** | | | |
| | X | *Your grievance is being rejected for the reason(s) outlined below.* | | | |

| | | |
|---|---|---|
| | | 1. Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | |    a) DC ADM 008 Prison Rape Elimination Act (PREA) - allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact. |
| | |    b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | |    c) DC ADM 802 Administrative Custody Procedures |
| | |    d) DC ADM 803 Inmate Mail and Incoming Publications, Section 3, E. |
| | X | 2. The grievance was not submitted within 15 working days after the events upon which claims are based. |
| | | 3. Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | X | 4. **The grievance was not** signed and/or dated with correct commitment name or number, contained UCC references, or was not **presented in proper format**. |
| | | 5. Grievance must be legible, understandable, and presented in a courteous manner. |
| | | 6. The grievance exceeded the two page limit. Description needs to be brief. |
| | | 7. Grievance does not indicate that you were personally affected by a DOC or facility action or policy. |
| | | 8. Grievances based upon different events must be presented separately. |
| | | 9. The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed in prior grievance |
| | | 10. Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | | 11. Grievance disputes previous grievances, appeal decisions, or staff members who rendered those decisions. |
| | | 12. You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance # _____, submitted on _____ |
| | | 13. You have not provided this office with the required documentation for proper review such as a DC153A Personal Property Inventory Sheet, Confiscated Items Receipt, Commissary/Outside Purchase Form, or documents outlined on the DC ADM 005 Notification of Deductions memo and/or the Notification of Amended Deductions memo. |
| | | 14. The publication appeal did not include a copy of the Notice of Incoming Publication Denial form (Attachment 3-B of DC ADM 803). |

You have not provided any specific dates or information to explain how your complaint is timely; therefore, it is considered untimely. If you can provide information or dates to show timeliness, you may resubmit your grievance using the assigned number in accordance with DC ADM 804, Section 1.B.6. In addition, you must submit the pink copy with your initial grievance.

| | |
|---|---|
| **Signature:** | *Connie Green* |
| **Title:** | Facility Grievance Coordinator |
| **Date:** | 12-20-17 |

cc:   DC-15
      File

Exhibit B3

Carlos Brown NA6001 AA108

This is an direct ~~statement~~ apparently this Grievance was submitted on time with in 15 working day from the time Brown rights was violated. This is a Grievance that will have to be investigated base on Brown's claims of inadequate excess to the courts. Brown has asserted he was not getting his legal mail & or his mail was not being sent out. In which with due respect he has all rights to make those claims if the lawyers he is writing are telling him this.

Brown also asserted that he had a brief meeting with security on 12/11/17 Brown made it clear that he was not getting his legal mail nor attending the law libarary in which one LT. Eberling stated "your not from here so the constitution dose not apply to you"! They also told Brown that he will not be getting any legal mail because of his law suites & because of a grievance he wrote against security & medical. Brown denied access to this facility's law libarary is clearly hurting his pending litigations. Brown is unable to resuch. Brown was unable to summite appeal motions in cases that's pending in the court of appeals. The right of access must be adequate effective, & meaningful & requires authorities to acisst inmates in preparing legal materials by providing asistence from individuals with legal training

Brown is claiming due Process, retaliation, equal Protection, harrasment discrimination & failure to train.

Sign



RECEIVED

JAN 05 ⸻

SCI - HUNTINGDON

Exhibit R4

A1008

Case 3:18-cv-01527-MCC   Document 12   Filed 09/12/18   Page 31 of 76

**Facility Manager's Appeal Response**
**SCI-Huntingdon**
1100 Pike St.
Huntingdon, PA  16654-1112

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| | Gartor Brown | | NA6401 |
|---|---|---|---|
| | HUN | | GA-Unit |
| | 712213 | | |

| | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

In reviewing your initial grievance and appeal, I note your original grievance was rejected because it was not submitted within 15 working days of the events upon which your claims are based and it was not presented in the proper format because you did not submit the entire snap set with your initial grievance. In your appeal to this rejected grievance, you argue your grievance is timely. You point out that you reported the concern with your legal mail to the Security Office on 12-11-17. I have reviewed your initial grievance, and I note you do state this; however, I must agree this does not make your grievance timely. Your grievance claims you are not receiving your legal mail, and you do not provide any specific dates or information to determine when you did not receive your mail. Simply reporting your concern does not make it timely. I find grievance #712213 has been properly rejected.

| Signature: | Kevin Kauffman | |
|---|---|---|
| Title: | Facility Manager | |
| Date: | 2-2-18 | |

cc:   DC-15
      File

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 2 - Appeals***
Issued:   12/1/2010
Effective: 12/8/2010

*Attachment 2-B*

2018

Exhibit R5



**ACTION REQUIRED**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of information based on your intent to appeal the grievance noted below to final review. However, this information is being filed without action since you have failed to comply with one or more provisions outlined in DC-ADM 804, "Inmate Grievance System Policy".

| Inmate Name: | Gator Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| SCI Filed at: | Huntingdon | Current SCI | Huntingdon |

| Grievance #: | 712213 |
|---|---|

| Action: | File Without Action/Pending |
|---|---|

Review of the information you provided indicates that your appeal is incomplete. You are not permitted to appeal to this office unless you have complied with the procedures established in the DC-ADM 804 requiring that all documentation relevant to the appeal be provided upon appeal. Therefore, you have fifteen (15) working days from the date of this notice to provide this office with all completed documents necessary for conducting final review. A failure to provide the missing information (identified below) within this time period may result in a dismissal of your appeal. Further, any future appeals received that do not contain the required documents may result in an immediate dismissal. This notice is only a courtesy of this office and may not be provided again.

**Required Information** *(please forward a copy of those documents checked below)*:

| | Standard or Remanded Appeal to Final Review: |
|---|---|
| | ...tion to deny publication |
| | Appeal to Facility Manager, signed/dated |
| | Facility Manager's decision |
| | Appeal to final review, signed/dated |

| | Appeal of Grievance Restriction: |
|---|---|
| | Grievance Coordinator's notice of grievance restriction |
| | Appeal of grievance restriction to the Facility Manager, signed & dated |
| | Facility Manager's response to grievance restriction appeal |
| | Appeal to final review of grievance restriction, signed & dated |

**Please Note:**

- Photocopying Services - Each facility has established local procedures for photocopying services for inmates housed in general population, as well as for those inmates housed in specialized units. If you are not familiar with these procedures, refer to your Facility Inmate Handbook or ask your Unit Team.
- Indigent Inmate – If you meet the criteria for indigency, please refer to DC ADM 803 for current guidelines regarding postage and copying charges.

| Signature: | Keri Moore | | Grievance Review Officer | Date: | 02/21/2018 |
|---|---|---|---|---|---|

KLM

cc: DC-15/Superintendent Kauffman
    Grievance Office

Exhibit 5 I

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
711797
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR Green | FACILITY: SCI Hun | DATE: 12-13-17 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Gartor Brown | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: NA6401 | HOUSING ASSIGNMENT: GD-1 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of
   staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
   pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

This inmate is being deprived of his property, Inmate with officials
in the Property room to inventory his stuff, officials would not let him
keeping them he had to sign for his property. This inmate asserted that
he dose not have to sign until he's aware that all in property is on dec
because he was not the one to pack his property. C.o's told him "your
lucky your getting anything we know you ratted after you was riped at camp
Hill and came here filing Grievances on our staff members" C.o.'s then asserted
"Security told us not to give you shit" "by the way all your mail isn't
going to other inmates you not get my shit while down here, now
Sign! Brown told officials, he dose not know what's in his property & that he
can't not sign with out looking through it. He was brought back to his cell.
Brown told different officials what took place nothing was done. Brown wrote
the unit Manager telling him he has an motion due, he wrote the law library that
he had a motion due, he meet with security House & others & told them, nothing
was done Brown still dose not have any of his legal work & it's been 15 days which
is hindering his excess to the courts, brown is bringing claims of retaliation,
equal protection, due process substantive & procedural, through the 5th & 14th Amendment also the
claims of retalee, discreemination, harrasment & is: asking for damages normal & compensatory.

B. List actions taken and staff you have contacted, before submitting this grievance.

Brown has talked to officials, unit manager
security subordinate, he is still being deprived of his legal
property.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator

12/18/17
Date

WHITE Facility Grievance Coordinator Copy       CANARY File Copy       PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**            *Attachment 1-A*
Issued: 1/26/2016
Effective: 2/16/2016

**GRIEVANCE REJECTION**
SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

Exhibits 2

DIOCH

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| | Gartor Brown | | NA6401 |
|---|---|---|---|
| | HUN | | GD-Unit |
| | 711797 | | |

| | Rejection |
|---|---|
| X | *Your grievance is being rejected for the reason(s) outlined below.* |

| | | |
|---|---|---|
| | 1. | Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | | a) DC ADM 008 Prison Rape Elimination Act (PREA) - allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact. |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | | c) DC ADM 802 Administrative Custody Procedures |
| | | d) DC ADM 803 Inmate Mail and Incoming Publications, Section 3, E. |
| X | 2. | The grievance was not submitted within 15 working days after the events upon which claims are based. |
| | 3. | Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | 4. | The grievance was not signed and/or dated with correct commitment name or number, contained UCC references, or was not presented in proper format. |
| | 5. | Grievance must be legible, understandable, and presented in a courteous manner. |
| | 6. | The grievance exceeded the two page limit. Description needs to be brief. |
| | 7. | Grievance does not indicate that you were personally affected by a DOC or facility action or policy. |
| | 8. | Grievances based upon different events must be presented separately. |
| | 9. | The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed in prior grievance _____ |
| | 10. | Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | 11. | Grievance disputes previous grievances, appeal decisions, or staff members who rendered those decisions. |
| | 12. | You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance # _____, submitted on _____. |
| | 13. | You have not provided this office with the required documentation for proper review such as a DC153A Personal Property Inventory Sheet, Confiscated Items Receipt, Commissary/Outside Purchase Form, or documents outlined on the DC ADM 005 Notification of Deductions memo and/or the Notification of Amended Deductions memo. |
| | 14. | The publication appeal did not include a copy of the Notice of Incoming Publication Denial form (Attachment 3-B of DC ADM 803). |

| | |
|---|---|
| | You have not provided any specific dates or information to explain how your complaint is timely; therefore, it is considered untimely. If you can provide information or dates to show timeliness, you may resubmit your grievance using the assigned number in accordance with DC ADM 804, Section 1.B.6. |

| Signature: | *Connor Brown* |
|---|---|
| Title: | Facility Grievance Coordinator |
| Date: | 12-18-17 |

cc:  DC-15
     File

***DC-ADM 804, Inmate Grievance System Procedures Manual***
Section 1 – Grievances & Initial Review
Issued: 1/26/2016
Effective: 2/16/2016

Attachment 1-C

Grievance # 711-799 To Facility Manager Carter Brown NA 6901
Brown takes an Affirmative stand to all asserted in his Grievance to miss Green.

Exhibit S3

Dated 12-26-18

EXhibit 54

A1016

## Facility Manager's Appeal Response
### SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Gartor Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GA-Unit |
| Grievance#: | 711797 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and your relief sought.*

**Response:**

In reviewing your initial grievance and appeal, I note your original grievance was rejected because it was not submitted within 15 working days of the events upon which your claims are based. In your appeal to this rejected grievance, you repeat your complaint that you were told you had to sign your property inventory before you would be permitted to take any of your property. I have reviewed your initial grievance, and I find no you have provided no dates or other information to explain how your complaint is timely. Since the grievance coordinator had no information upon which to base a determination of timeliness, your grievance was considered untimely. I find grievance #711797 has been properly rejected.

| Signature: | Kevin Kauffman |
|---|---|
| Title: | Facility Manager |
| Date: | 1-26-18 |

cc:   DC-15
       File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
**Section 2 - Appeals**                                    *Attachment 2-B*
Issued:   12/1/2010
Effective: 12/8/2010

2018

*Exhibit 55*

D1005 

GD

## ACTION REQUIRED
### Secretary's Office of Inmate Grievances & Appeals
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of information based on your intent to appeal the grievance noted below to final review. However, this information is being filed without action since you have failed to comply with one or more provisions outlined in DC-ADM 804, "Inmate Grievance System Policy".

| Inmate Name: | Gartor Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| SCI Filed at: | Huntingdon | Current SCI: | Huntingdon |

| Grievance #: | 711797 |
|---|---|

| Action: | File Without Action/Pending |
|---|---|

Review of the information you provided indicates that your appeal is incomplete. You are not permitted to appeal to this office unless you have complied with the procedures established in the DC-ADM 804 requiring that all documentation relevant to the appeal be provided upon appeal. Therefore, you have fifteen (15) working days from the date of this notice to provide this office with all completed documents necessary for conducting final review. A failure to provide the missing information (identified below) within this time period may result in a dismissal of your appeal. Further, any future appeals received that do not contain the required documents may result in an immediate dismissal. This notice is only a courtesy of this office and may not be provided again.

**Required Information** *(please forward a copy of those documents checked below):*

| | Standard or Remanded Appeal to Final Review: |
|---|---|
| X | Legible copy of your initial grievance and/or resubmitted initial grievance, signed & dated |
| X | Initial review response/rejection by Grievance Officer |
| X | Legible copy of appeal to Facility Manager, signed & dated |
| X | Facility Manager's decision/response |
| | Remanded initial response |
| | Legible copy of 2nd appeal to Facility Manager |
| | Facility Manager's 2nd response |
| | Appeal to final review, signed & dated |

| | Appeal of Publication Denial: |
|---|---|
| | IPRC decision to deny publication |
| | Appeal to Facility Manager, signed/dated |
| | Facility Manager's decision |
| | Appeal to final review, signed/dated |

| | Appeal of Grievance Restriction: |
|---|---|
| | Grievance Coordinator's notice of grievance restriction |
| | Appeal of grievance restriction to the Facility Manager, signed & dated |
| | Facility Manager's response to grievance restriction appeal |
| | Appeal to final review of grievance restriction, signed & dated |

**Please Note:**
- Photocopying Services - Each facility has established local procedures for photocopying services for inmates housed in general population, as well as for those inmates housed in specialized units. If you are not familiar with these procedures, refer to your Facility Inmate Handbook or ask your Unit Team.
- Indigent Inmate – If you meet the criteria for indigency, please refer to DC ADM 803 for current guidelines regarding postage and copying charges.

| Signature: | Keri Moore *Keri Moore* | Grievance Review Officer | Date: | 02/21/2018 |
|---|---|---|---|---|

KLM

cc: DC-15/Superintendent Kauffman
    Grievance Office

Exhibit I I
0105

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
726832
GRIEVANCE NUMBER

### OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI H | DATE: 3/18/15 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Carlos Brown  NA6401 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: GD105 | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Pursuant to the Monthly Account Statement, Brown is muddle why he was charged $11.77 for Postage on 2/26/18 if Ceridical Postage is only $6.67? In which that mail was directed to the U.S. District Court, a one page letter to the Judge.

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804

Signature of Facility Grievance Coordinator

3.20.18
Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                                    *Attachment 1-A*
Issued: 1/26/2016
Effective: 2/16/2016

Exhibit 1 2

# INITIAL REVIEW RESPONSE
## SCI-Huntingdon
### 1100 Pike St.
### Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name | ▓▓▓▓▓ | Inmate Number | NA6401 |
|---|---|---|---|

| Facility | Huntingdon | Unit Location | ▓▓▓▓ |
|---|---|---|---|

| Grievance # | 726832 | Grievance Date | 3/17/18 |
|---|---|---|---|

| Decision | ☐ Uphold Inmate **X** Grievance Denied | | ☐ Uphold in Part/Deny in Part |
|---|---|---|---|

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response**

I have received your grievance in which you allege that you were overcharged for outgoing mail. I have investigated your grievance and my findings are as such; I contacted the mailroom, they informed me that they charge for the certified form, and the return receipt, and then the computer tells them what to charge for the postage. It is all decided by the computer and they have no control over it. The US postal service sets up the charges on the machine, it just tells them what to charge.

For the above reasons this grievance is denied and no relief was sought.

| Signature: | *a.k.iliae* |
|---|---|
| Title: | RHU/DTU UM |
| Date: | 3/26/18 |

cc:  Superintendent
DC-15
File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 - Grievances & Initial Review**     **Attachment 1-D**
Issued:  12/1/2010
Effective: 12/8/2010

Exhibit T1

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| NA6801 | Carter Brown | GA | 3/29/18 | 726037 |

This is another cover up and poor investigation. Brown is claiming madequate access to the courts, retaliaction, negligence and discrimiration brown mail has been supped to restant sense his sexual assault allegations. Brown has been cut off from all organizations; Brown has wrote lawyer in which when they wright back he is deprived of his legal mail, when he dose get mail its already open with tape in the back. Brown is paying for certofyed hard copy receat & not getne it. on 2/26/218 Brown account wer charged $11.77 for first class mail that was send out on and arround that date. That mail that was send out by Brown was send certified with return hard copy receipt to a federal Judge, in which the letter was only one page and should had been no morethen$6.67. Every other mail Brown send out before that was send certified in which it shows on the account statement. The last time Brown did not send out mail certified was around 1-26-17 3 very important oppositions pursuant to civil cases; in which the courte claim they never got around that time. Brown is claiming the oppositions was send out with his letter on 2/26/18 causing around $4.90 + the 6.67 for the letter. Ther should had been no reason Brown account was charged $11.77 for one page letter.

**INMATE SIGNATURE:**

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 2-A*

 EXhibit T 4

**Facility Manager's Appeal Response**
**SCI-Huntingdon**
1100 Pike St.
Huntingdon, PA 16654-1112

O10C

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Gartor Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GD-Unit |
| Grievance #: | 726832 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:**

In reviewing your grievance and appeal, I note that your concern with postage charges was appropriately addressed by Mr. Kendrick. In your appeal, you state that you are being deprived of your legal mail and when you do receive it, it has been tampered with. These issues were not presented in your initial grievance and will not be addressed in this appeal. You also repeat your claim that you were overcharged for certified mail. In his response to your initial grievance, Mr. Kendrick explains a postage computer in the mailroom determines the charges for mail. You are charged for the certified form and the return receipt and then postage charges are added. These charges are set by the U. S. Postal Service, not the mailroom staff. I find there is no evidence you were overcharged.

In closing, I can only reiterate that I uphold the response provided by the grievance officer. Your grievance is found to be without merit.

| Signature: | Kevin Kauffman | |
|---|---|---|
| Title: | Facility Manager | |
| Date: | 5-9-18 | |

cc:   DC-15
      File

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 2 - Appeals***
Issued: 12/1/2010
Effective: 12/8/2010

***Attachment 2-B***

2018   Exhibit T 6

**Final Appeal Decision**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

D106

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

| Inmate Name: | Gator Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| SCI Filed at: | Huntingdon | Current SCI: | Huntingdon |
| Grievance #: | 726832 | | |
| Publication (if applicable): | | | |

Grievance # 726832 Appeal To secretary office
Brown is claiming that on 2/26/18 he was charged $11.77 For postage; Brown is claiming one or two thing 1) he was over charged for certified mail and return receipt in which should had only been $6.20 in postage, or two the jail send something eals with that mail in which they was with holding. Apparently the letter send out on 2/26/18 was a one page letter to a judge asking about mail that Brown had already send out to the courts but was not getting any response. Brown wants to know how much that package weight, their should be no reason why it should had weight less then 1/6 of an ounce.

Exhibit T 5

Exhibit (2)                                                        D1005

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
723806
GRIEVANCE NUMBER

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI | DATE: 2/20/15 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Gario Brown NA | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: GD 105 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Brown is claiming inadequate access to the court, retaliation & discrimination directed to Kaufman, Lt Young, C Maymer, mailroom supervisor John Doe, mail staff. Brown has not get his certified mail receipt & a return receipt for legal mail. Plaintiff sent a mail he sent on on 1/20/15 that was taken by co Pearl around $1.00 run the receipt should show this as co states unit mails these Ruling of all the mail tax. This were directed to the thousand oaks. Brown has also not getter hand copy receipt & signature from a certified mail that was sent out 2/15/15 ... 7015-3010-0001-1305-3024. raise the 7015-... solo ... in which. Pelew is long closed a case #275

Also Brown did not get his hand copy receipt with signature for his mail send out 2/16/15 directed to the ACLU Tracking # 7015-3010-0001-1305-3030

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator _____  Date 2/27/18

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**                    **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

# INITIAL REVIEW RESPONSE
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA  16654-1112


Exhibit U2

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility | Huntingdon | Unit Location: | G block |
| Grievance #: | 723206 | Grievance Date: | 2/24/18 |

| Decision: | ☐ Uphold Inmate | ☐ Uphold in Part/Deny in Part |
|---|---|---|
| | X  Grievance Denied | |

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:** *Frivolous*

I have received your grievance in which you allege that you have inadequate access to the court. I have investigated your grievance and my findings are as such: I spoke to the officers and researched the tracking numbers in your grievance the one number must be incorrect because it will not come up but the other one 7015-3010-0001-1348-3447 will come up on the USPS tracking number and it states that it was picked up at Huntingdon on 2/15/18, went to Johnstown, Pa, then went to Harrisburg, then to Camp hill, then to Enola, then back to Camp hill, then back to Enola for pick up on the 2/21/18 and was ready for pick up at 4:51 pm. The other one 7015-3010-0001-1348-3430 list that it went out of Huntingdon on 2/16/18, went to Johnstown, then in transit to Philadelphia from the 16th thru 21st when it arrived at Philadelphia, it has been available for pickup since 2/22/18. On March 9th it was listed as Unclaimed/being returned to Sender.

Your issue is not with SCI-Huntingdon or the mail room it is with the US postal service. I suggest you make your complaints to them.

For the above reasons this grievance and all relief sought is denied.

| Signature: | *C. Kulikoe* |
|---|---|
| Title: | RHU/DTU UM |
| Date: | |

cc:   Superintendent
       DC-15
       File

Grievance Appeal 733464 To Family Members Eastern Brown Allegati

Exhibit (15)

In order to state a Procedural due Process claim Brown must allege that the Prison "imposed atypical and significant hardship on him in relation to the ordinary incidents of Prison life". Brown is claiming due Process inadequate access to the courts, retaliation, and discrimination and negligence against J. Neumann, Mail room lady Jean Doe Kauffman, Ritu LT Yawer, RHULT, Snyder, Ritu unit Manager Kendrick, and co Fochlman.

Conclusory statements that a Policy or Practice exists are not entitled to a Presumption of truth. Officials have a POLICY in which co's you grievance are deliberately around you out of retaliation. These co's are to hand out your trays, deliver your grievance responses, required responses, mail, legal mail, law library copys, conduct showers, inventory your property Property exchange. These co's are then free to retaliate and or conspire against inmates thay dislike for writing them up. Co was well knew to pass inmate legal mail to other inmate or Personal grievance response to other inmate or just deprive you of your legal mail. While in the Ritu Brown wrote a grievance against a co Fochlman Pursuant to a sexual assault. That co then Passed one of Brown's Personal grievances to another inmate. Brown was then subject to sexual harassment from other inmates because he's a homo sexual. While in Population Brown wrote a grievance against another co. That co handed Brown's Personal mail & grievance respond to his cellmate. Brown cell mate such co found out Brown was a rape victim & Brown was subject to an assault & sexual harassment. Other inmates are subject to the same custom. An inmate torres wrote a grievance on a co. Pursuant to depriving him of his trays and discrimination, that co was told to work the block the next day & Passed torres personal medical records to another inmate. Brown is assertions that this custom or regulation is causing a constitutional tort Pursuant to his due process, retaliation and discrimination claims. Brown has not been getting any legal mail from lawyers he's writing. Brown sent a lawyer interrogation to another inmate, this lawyer wrote him back, within three days. This same lawyer told Brown over the Phone conversation he had not Gotten any of Brow Prevoys letters he send him. Brown then wrote this lawyer certified on Feb 15 he also Postal for hard copy return Receipt he got the mail receipt back it asserted that letter left huntindon on Feb 15 2018 and the hard copy for tracking # 70153000001 — 13483123 said a agent sign for it on 2/20/18 Brown has yet to get a respond. Brown also send a letter to Pcar Pursuant to a sexual assault. Another inmate told Brown a letter was handed to him from Pcar with Brown name on it by co Fochlman. He then told the inmate to Flush it after reading it. He also told the inmate that Brown is a homo sexual. Brown was then subject to harassment from that inmate. Brown was also muddle what his Pcar letter when was tracked would go to Johnstown, then Harrisburg, then Camp Hill, then Enola in which was the city it was directed, it then when back to Camp Hill, then back to Enola, then it was Picked up. Prison officials blamed it on the Post office during a grievance respond. It just was not adding up to Brown that the Post office would delaberaly return a letter back to camp Hill that was never directed to Camp Hill. Prior to this Brown had complained to officials that the mail he was getting was coming from Camp Hill even though it had been months sence Brown was at Camp Hill. Apparently there was all mail Pursuant to Brown's civil cases in which he had already wrote defendants lawyers and they was aware his address was SCI Huntingdon. Brown would also notice those letters would be Open even tho they had attorney control number on the front Brown came to a conclusion, that officials was delaberaly directing his letters to camp Hill with out allerting him, which made sense because brown had a sexual assault claim against that Jail. Inwhich a same clearly shows from the UPS tracker that officials send Brown of his Pcar letter directed to Enola PA in which was Pursuant to a sexual assault.

Brown wrote the ACLU on Feb 15 18, Brown never got a certified mail receipt back. Brown talked to Fochlman, he told Brown it was in the bubble & he was not sending it because is a homo cexlid, that write grievances. Brown addressed the letter Pursuant to a sexual assault. Brown Suffred at SCI Huntingdon to P.O. Box 60173 Philadelphia, PA 19102, Brown did not get a responds he then wrote this grievance and and got a return to sender 30 days later on 3/16/18. During this time Brown was muddle and give another inmate the same address to write and ask if they received Brown's letter, that inmate wrote the same address & got a response back

with in five days and he did not even send the letter certified. The ACLU asserted they did not get a letter from a Garter Brown NAACIO. A jane in a private respond officers claimed they tracked the mail it left Huntingdon on 2/16/18 went was for five days before going to Philadelphia then was ready for pick up on 2/22/18 a jane not missing for 23 days on march 4th it was listed unclaimed. That alerted Brown. Brown gived a friend the tracking number & when that inmate called his wife they tracked it to camp hill in which officials did not mention on the Grievance.

Brown then wrote his Judge in his civil case on 2/19/18 with concerns. t was a court order asking for legal calls in which inmates legal calls here are subject to recording also a motion for appointment on council for one of his case, & a letter telling the Judge he was not getting his legal mail and or delay. He then asked miss Kate Flackman to send him a usp 42 1983 form and copy of a lawyer responsed from one of his motions not that he needed it just to make sure the courts hot his mail because by policy they have to send Brown what he was asked for. In which they have been very good at doing. Never the less it has been a month and Brown has not getting a respond. Brown then asked Co. Plocnik if he had gotten any mail from the U.S. District court? He told Brown to go get fucked again !! & that he did not like homesexuals. This was also another Co. Brown his grievance Pursuant to a sexual assault claim. Because Brown did not get the copys he asked the courts for in which they are very good with their policy that usually on take a week in three the jail might be holding his letter. In the Grievance officials never address Brown's letter he send to the courts tracking # 7015 3010 0001 1348 3546.

Brown then wrote a follow up letter on 2/26/18. It was a letter asking the courts if they had received his letter and asking for confermation. Brown never get a nessard for tracker # 7015 3010 0001 1348 3522. Brown then get his prison account statement on there it showed on 2/26/18 Brown was charged 1.77 for first class mail in which bb policy with the charge of return receipt should had costed Brown 6.67 at most. Brown is middle why he was charged that much if his letter was only one page &

Brown meat with the prison security on 3/8/18 this was his second meeting with them his first was a month before in which he made his concerns know, they told Brown that would contact his family. When Brown meat with them on 3/8/18 they asserted that Brown Dad & Uncle has been calling the jail because they are worried Brown but they are not getting a response Buck. Brown told them he was unaware that he had not recieved a letter from any family member. they also asserted that they called two lawlers brown clamed he wrote & those lawlers told them they never got a letter from brown. SCI tempering with Brown's mail is clearly blocking his access to the court, it officials policy of putting the same co's around Brown that he is alleging deprives him is effecting or delaying his mail. These same officials are reading Brown grievance and request then retaliative against him. Brown is seeking punitive damages as well as monetory damages and declaratory injuntive relief. In damages 20,000,000.

2018 Exhibit U4

# FINAL APPEAL DECISION DISMISSAL

**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to final review for the grievance identified below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| | | | |
|---|---|---|---|
| | Gartor Brown | | NA6401 |
| | Huntingdon | | Huntingdon |
| | 723206 | | |
| | **Dismiss** | | |

| | | |
|---|---|---|
| | | 1) Your grievance was properly rejected at the facility level for the reason(s) outlined below. |
| | X | 2) Your grievance is being dismissed at the final appeal level for the reason(s) outlined below. |
| | | 1. Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | | a) DC ADM 008 Prison Rape Elimination Act (PREA) – allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | | c) DC ADM 802 Administrative Custody Procedures |
| | | 2. The grievance or appeal was not submitted within fifteen (15) working days after the events upon which claims are based. |
| | | 3. Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | | 4. The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format. |
| | | 5. Grievance or appeal must be legible, understandable, and presented in a courteous manner. |
| | | 6. The grievance or appeal exceeded the two-page limit. Description needs to be brief. |
| | | 7. Grievance does not indicate that you were personally affected by a Department or facility action or policy. |
| | | 8. Grievances based upon different events must be presented separately. |
| | | 9. The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior grievance # |
| | | 10. Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | | 11. Grievance disputes previous grievances, appeal decisions or staff members who rendered those decisions. |
| | | 12. You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance # was submitted on |
| | X | 13. You have not provided this Office with required and/or ***legible*** documentation for proper review. |
| | | 14. An appeal to final review is not permitted when you fail to comply with submission procedures. |

**While you provided this office with all of the required documents, the copy of your initial grievance that you provided is not legible. Therefore, your appeal to this office is dismissed.**

| | |
|---|---|
| **Signature:** | Dorina Varner Keri Moore for |
| **Title:** | Chief Grievance Officer |
| **Date:** | 5/31/18 |

DLV/klm

cc: DC-15/Superintendent Kauffman
Grievance Office



Grievance Appeal To senior Office #: 723206

Brown is sticking by his claims of due process, inadequate eases'
to the courts, retaliation, discrimination and negligence. Against J. Neumann,
mail room lady sean Doe, Kelaffman, LT. Vounker, LT. snyner, & Kendrick & FochImen.
Brown is muddle why tracking # 7015301000001134 83 423 went from or
deparled from Huntingdon Post office on 2-15-2018 5:17pm. Arrived at the
USPS Regional Facility at 8:13 on 2-15-18 in Johnstown then deparled from Johnstown
on 2-16-18 5:25am to go back to Huntingdon on 2-16-2018 at 7:16 am Just
to get sorted out.
      Pursuant of Tracking # 7015301000001134 82130. Brown send out a letter
to the ACLU on 2-16-18 and it was in transit for a month. This was the first
time Brown letter to the ACLU went unharm. Brown gived this address to
another inmate to write and he got the letter back with in a week.
the ACLU claims that never got a letter from a Gavtor Brown NA6901 from
SCI Huntsindon.
      Pursuant to tracking # 7015301000001134 83447 directed to P.C.A.R.
Brown is muddle why that letter was forwarded to Camp Hill with out his
Permation? It deparled Harrisburg on 2-16 2018 at 9:23pm Arrived at Camp Hill on
2-17-2018 at 9:11am then sorted out in Enola PA then close forwarded on out
Hill on 2-17-18 at 8:33am then send back to Enola sPA on 2-20-18 at 9:52am
It has to be something in the Computer alarting the Post office to forwaced
Brown's mail to Camp Hill with out his Permation, in which Brown has
mail that was already open from defendants lawyers with contral never Scralled
out in which was forwarded from Camp Hill although these same layers
was aware of Brown Brown's at SCI Huntingdon. Distint they send the
the letter.
      Pursuant to tracking # 7015301000001134 83522 Brown was charaed
$11.77 on his inmate Account Statement in which did not add up because
certified mail and return receipt cost $6.67 Plaintiff was charged an extra
$5.10 for Postage. Brown will like to know how huff that Package weight
in which it was only a one Page letter directed to a Judge asking him if he got
Brown's motoin's. If that Packdet was over 1 Page in which is the case. for Brown
to be charaed $11.77 in Postage Brown is claming that officials deloyed
to send Another Packdet in which was send out weeks Prior that was not
Certified and it was over 50 Pages. Brown is claming that those motions
was send on With his one Page letter on 2/26/18 that delay caused Brown
case to be dismiss.
      Brown has not been getting his certofied receipts back. no take Brown
is also being denied Personal mail from his family members. Apparently
Brown's father and uncle and other family members has been writing the
Jail very concern of his well being these letters has been confiscated
by officials. officials are also scraming the contral number of Package mail
with no exsplaition what so ever. And the letters Brown is getting
from the courts are already open before it gets to him. Brown mail is also
being passed to other inmates. In which it's a policy that officials give
Brown mail to the officials he wrote grievances on in which they are
free to deprive him his mail or give if to other inmates.

Gavtor Brown NA6901

Dated: 4-30-18

*Exhibit U 6*



D1005

## Facility Manager's Appeal Response
### SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Gartor Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GD-Unit |
| Grievance #: | 723206 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:**

In reviewing your grievance and appeal, I note that your concern with your mail was appropriately addressed by Mr. Kendrick. In your appeal, you argue that officers are delivering your legal mail and grievance responses to other inmates because they dislike you. You discuss another inmate's situation and complain about the RHU officers. These issues were not presented in your initial grievance and they will not be addressed in this appeal. In your initial grievance, you complain that you did not get the certified mail receipts from legal mail you sent out. In his response to your initial grievance, Mr. Kendrick explains he researched the tracking numbers you provided, and he explains the route your mail took. I have also checked your tracking numbers, including the one you added in your appeal, and I have attached the information provided by USPS. As Mr. Kendrick notes, it is clear your mail was sent out; however, we cannot be responsible for why you didn't receive the receipts or what happened to it once it left the institution mailroom. I find your mail has been handled appropriately, and your request for punitive and monetary damages is denied.

In closing, I can only reiterate that I uphold the response provided by the grievance officer. Your grievance is found to be without merit.

| Signature: | Kevin Kauffman | |
|---|---|---|
| Title: | Facility Manager | |
| Date: | 4-25-18 | |

cc:   DC-15
      File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 - Appeals**
Issued:   12/1/2010
Effective: 12/8/2010

*Attachment 2-B*

*Gartor Brown*

Exhibit VI-B

DC-804
Part 1
Rev 9/2010

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

FOR OFFICIAL USE
733205
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR Green | FACILITY: CTH | DATE: 2/21/18 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Carlo Brown NA6401 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: GA-105 | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Brown is claiming retaliation all grievances & sick calls has been subject to being put in the mail box, for the past 15 business days. All Brown sick calls & grievances has not been answer. Pursuant to sick calls. On 2/20/18 around 9:15 pm the camera will show Co Denuven droping all requests, mail, sickcall grievance in the mailbox on 2/05/18 it will show Co placing doing the same thing. Brown then asked Co placing why they was doing this. He asserted because your not & not you got that block list for 15 business days all your grievances & sick calls will go in mailbox, if we put it in the mail box the mail lady works for us. After 15 business days you will be time bar then your grievance will start going back in the mail box. He also asserted medical do not want to see you, they will only see you through the door, we know your not going to tell them your bleeding from your ass

**B.** List actions taken and staff you have contacted, before submitting this grievance.

Through the door because other inmate & going to here you and you will be subject to more harassment, & they are not going to do shit for you!!! Everything Co placing told Brown is what been going on. None of Brown's grievances has been answer in 15 business days. Brown asked Lt Young, Lt Dunkel & Sgt Kester, they called down a craft & told inmate to southport razor, also a nigger that will soon be deported

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
Signature of Facility Grievance Coordinator                    Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

Exhibit V2

# INITIAL REVIEW RESPONSE
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA  16654-1112

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | ▇▇▇▇ | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility: | Huntingdon | Unit Location: | ▇▇▇▇ |
| Grievance #: | 723205 | Grievance Date: | 2/21/18 |

| Decision: | ☐ Uphold Inmate | ☐ Uphold in Part/Deny in Part |
|---|---|---|
| | X Grievance Denied | |

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:**                                                                                          *Frivolous*

I have received your grievance in which you allege that all your mail, grievances, request slips and sick call slips are being tampered with.  I have investigated your grievance and my findings are as such, Staff are depositing your mail, grievances, request slips and sick call slips in the appropriate mail boxes.  Furthermore you are allowed to take your mail, request slips, sick call slips and grievances with you when you exit your cell for yard or law-library etc… and deposit it in the correct box.  Also medical comes around 3 times a day and you can give them your sick call slip, I walk around the housing unit usually every day and I do see you standing on your door and you can give it to me to deposit.  There are numerous opportunities for you to get your items sent out to the proper individuals.

For the above reasons this grievance is denied and no relief was sought.

| Signature: | *C.K.Lilae* |
|---|---|
| Title: | RHU/DTU UM |
| Date: | 3/11/2018 |

cc:   Superintendent
      DC-15
      File

***DC-ADM 804, Inmate Grievance System Procedures Manual***
***Section 1 - Grievances & Initial Review***
Issued:   12/1/2010
Effective: 12/8/2010

*Attachment 1-D*

Exhibit V 3

## SCI
## APPEAL TO FACILITY MANAGER
## GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| MA6401 | Gartor Brown | G B D | 3/26/18 | 723205 |

I received my initial response from the Grievance Office/Coordinator on
and have the following appeal issues:

Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.

Please provide a BRIEF (no longer than two pages) appeal statement.

Your investigation is cozenage, inadequate and discursive; you do not
walk the Unit everyday and when you do your actions are discriminatory
like Mis Green "face book page". You only stop and talk to white inmates.
Now lets adress Brown's issues. Kauffman do your blocks have cameras?
"Yes they do". Brown gived officials, time 8:15 pm, date 2/20/18 and name
of co Devann. 8:02 pm co plocinik 2/15/18. Your findings are diffusing,
this is not a dispute; it's clear policy that the cameras are desreputable
if it's not beneficial to official's findings. Brown is claiming due process,
harassment and is skeeing money damages in what ever the court's deem
neccessary in punitive and compensatory

INMATE SIGNATURE:

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 – Appeals**
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 2-A*

EXhibit V4

**Facility Manager's Appeal Response**
**SCI-Huntingdon**
1100 Pike St.
Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Gartor Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GD-Unit |
| Grievance #: | 723205 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:** *Frivolous*

In reviewing your grievance and appeal, I note that your concern with your mail and other correspondence was appropriately addressed by Mr. Kendrick. In your appeal, you argue the camera would clearly show your due process rights being violated. In his response to your initial grievance, Mr. Kendrick explains that staff are depositing all your mail in the appropriate boxes on the unit. Mr. Kendrick also points out, you are permitted to carry your correspondence with you when you leave your cell for activities and to have it placed in the boxes. Based on the number of grievances and grievance appeals you have submitted, I find it is highly unlikely your mail is being tampered with, and a review of video is not necessary. I find no evidence of harassment and your request for money damages is denied.

In closing, I can only reiterate that I uphold the response provided by the grievance officer. Your grievance is found to be without merit.

| Signature: | Kevin Kauffman | |
|---|---|---|
| Title: | Facility Manager | |
| Date: | 4-27-18 | |

cc:   DC-15
      File

2018

*Exhibit V5*

**FINAL APPEAL DECISION DISMISSAL**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to final review for the grievance identified below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| | | Gartor Brown | NA6401 |
|---|---|---|---|
| | | Huntingdon | Huntingdon |
| | | 723205 | |
| | | **Dismiss** | |
| | | 1) Your grievance was properly rejected at the facility level for the reason(s) outlined below. | |
| | X | 2) Your grievance is being dismissed at the final appeal level for the reason(s) outlined below. | |
| | | | |
| | | 1.  Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. | |
| | | a) DC ADM 008 Prison Rape Elimination Act (PREA) – allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact | |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures | |
| | | c) DC ADM 802 Administrative Custody Procedures | |
| | X | 2. The grievance or *appeal* was not submitted within fifteen (15) working days after the events upon which claims are based. | |
| | | 3.  Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. | |
| | | 4.  The grievance was not signed and/or dated with correct commitment name, number, contained UCC | |

Grievance Appeal # (1803) 723205 To Secretary Office. Gavtor Brown NA6401 Brown takes an Affirmative stand in all his claims and damages asking for. Brown gived officials time and dates of officials putting grievances in the mail Box in which he was not actually responses and nothing was done. Brown also made complaint claims against Co Plocinik and nothing has been done to investigate or discipline this Co. Brown just got a response to this matter back on 5-26-18 but it's dated 4-27-18. Note Co Plocinik is the same one that passes out the grievances on Brown's Block.

*Exhibit V6*

Exhibit W1 (cont.)

DC-804
Part 1
Rev 9/2010

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

FOR OFFICIAL USE
725226
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Green | Sci | 3/22/18 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| Carlton Lewis MA6 | | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| | GD 106 | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 2/25/18 doing Property Exchange Brown notice he was missing a box of legal work. Brown made C/O Plocinik aware, He told Brown to stop writing grievances on staff. Brown then attempted to get a box of legal work that was their he was denied & was told he could only grab a couple case laws. Brown told Plocinik he did not have any legal work in his cell thats why he brought none out to exchange. C/O Plocinik told Brown he was aware Brown then asked why his grievance pursuant to his missing commary was never responded to after he handed C/O Plocinik the appeal & his account statement & property sheet as recourt of 2/21/18 C/O Plocinik asserted it went in the trash. Brown is claiming due process, retaliation, Negligence, equal protection, failure to Train & DC-Policy on which Kraftnen is liable & unit manage baird Brown is seeking damages for his missing legal work

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                    _____
Signature of Facility Grievance Coordinator                         Date

WHITE Facility Grievance Coordinator Copy      CANARY File Copy      PINK Action Return Copy
GOLDEN ROD Inmate Copy

Exhibit W2

## INITIAL REVIEW RESPONSE
### SCI-Huntingdon
### 1100 Pike St.
### Huntingdon, PA 16654-1112

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | | Inmate Number: | NA-6401 |
|---|---|---|---|
| Facility: | SCI Huntingdon | Unit Location: | |
| Grievance #: | 725226 | Grievance Date: | 3-8-2018 |

| Publication (if applicable): | |
|---|---|

| Decision: | ☐ **Uphold Inmate Grievance** ☒ **Grievance Denied** | ☐ **Uphold in Part/Deny in Part** |
|---|---|---|

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | | | | | | *Frivolous* | |

I have investigated your grievance where you claim that on 2/25/2018 you discovered you were missing a box of legal work while doing a legal exchange. My findings are as follows: I have reviewed your Property inventory sheet DC-153 #A-102775 dated 1/22/2018 it shows that at the time your property was inventoried you had 2 boxes of property that was stored in section 3. I went to the property room and you have 2 boxes of property stored in section 3. Therefore all of your property that was inventoried on 1/22/2018 is still present in the RHU property room. Since all of your property is accounted for I must deny your grievance.

| Signature: | R. Dunkle |
|---|---|
| Title: | CO3 |
| Date: | 4-1-18 |

CC: Superintendent
DC-15
File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 - Grievances & Initial Review*
Issued: 12/1/2010
Effective: 12/8/2010

*Attachment 1-D*

Grievence # 725226 Appeal to Facility manager

Brown is claiming inadulate access to the court, retaliation, discrimination, negligence, emotional distress. Brown did not sign his property sheet on 1/22/18 in which it was clear he was missing all of his commensary from his cell. Brown was also aware he was missing legal work but was unaware how much. On 2/15/18 when Brown went to do his legal exchange he notice he was missing a hole box of legal work make more. This is clearly hurting Brown current litigation. Brown is unable to appeal cases because he dose not have the legal papers needed. Brown is also fighting a Criminal appeal in which he drafted his own motion. After his legal box went missing he had to tell his lawyer to ask for an extention of time. Brown appeal was dissmiss in a civil matter or in two civil cases because he was unable to response all his legal papers from those cases was in that box. Dunkle asserted he found 2 boxes of brown's Property doing the investigation. Those was the same two boxes Brown seen when he went for his legal exchange one of of Doc Property, and the other was legal work. Brown had over 2½ boxes of legal work alone make even 3 boxes fill up with no room. Brown is also claiming failure to train & discipline in which Policy Makers K wetzel and Kendrik is also liable at well as Property sgt John doe an co.r logmith.

Brown is asking for Comfestory and Punitive damages in $ 300,000 this is a clear Custom in which their are no camera in the Property room.

EXhibit W3

4/2/18

Gastor Brown NA6401
sign

EXhibit W4

# Facility Manager's Appeal Response
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA  16654-1112



This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name | Gartor Brown | Inmate Number | NA6401 |
|---|---|---|---|
| Facility | HUN | Unit Location | GD-Unit |
| Grievance # | 725226 | | |

| Decision | ☒ Uphold Response (UR) | ☐ Uphold In part/Deny In part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

In reviewing your grievance and appeal, I note that your concern with your property was appropriately addressed by Lt. Dunkle. In your appeal, you point out you did not sign your property inventory on 1-22-2018 as you were missing all your commissary. While it is true you did not sign DC153 #A102775 and you filed grievance #718481 concerning missing commissary, this grievance was rejected because you did not provide the necessary documentation to have your concern investigated. The rejection was upheld through the final level by SOIGA. This issue will not be addressed again in this appeal. Regarding the box of legal material you claim is missing, Lt. Dunkle explains the property inventory done on 1-22-18 shows you had two boxes of property in Section 3. When he checked the property room in response to this current grievance, he found you had two boxes of property stored in Section 3. I requested a copy of DC153 #A102775 which reflects this information. You did not mention any missing legal property in grievance #718481, and you have provided no further documentation to dispute Lt. Dunkle's findings. I find no evidence of retaliation or negligence.

In closing, I can only reiterate that I uphold the response provided by the grievance officer. Your grievance is found to be without merit.

| Signature: | Kevin Kauffman | |
|---|---|---|
| Title: | Facility Manager | |
| Date: | 5-15-18 | |

cc:   DC-15
      File

EXHIBIT X
731066

| DC-804<br>Part 1 | COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF CORRECTIONS | FOR OFFICIAL USE<br>731066<br>GRIEVANCE NUMBER |
|---|---|---|

## OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR<br>Green | FACILITY:<br>SCI H | DATE:<br>4/12/18 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)<br>Garter Brown NA6461 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT:<br>GD 105 | |

INSTRUCTIONS:
1. ~~Refer to the DC-ADM 804 for procedures on the inmate grievance system.~~
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

On 4/10/18 during dinner trays Brown cell light was on while Co. Procinik came to Brown's cell. Brown was using the bathroom. Co. Procinik asserted to Brown that "homosexuals, has little dicks" because they never have to like them. Brown asked him what he was talking about he asserted "You have a little dick and You are a homosexual". Brown then asked why he was doing his train after counsels report of sexual harassment allegations? He told Brown "go lay in your bed, stick your thumb up your ass, then in your mouth, suck on it and act like it's Allen's dick". He then asserted to Brown "how fun eating this tio". This grievance was denied in which was contrary to policy. The DC-ADM 001 and 008 clearly states inmate can report these claims through the grievance system or through a third party. Witness #1 was harassed by officials and he assertd to Brown he did not want Brown using his statment nor did he want to be a witness because of retaliation reasons. Brown then asked witness #2 for a statment Mr. Ivan. Witness #2 wrote a statment for Brown. Brown then gied it to his counslor. Brown did not come out the cell when he was asked by officials because everytime he comes out the roll he is subject to dad threats from other races in which their are mandits to kill Brown if he go's to popolal ion. Brown is claiming retaliation, discremnation, failure to train or supervise,

B. List actions taken and staff you have contacted, before submitting this grievance.

emotional distress, in which he is suing against Porno Miller, Kendrick, Kauffman, Dunkle & Vohn. Those officials has failed to keep the co's away from Brown in which a co separation must be effectie after such claims.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____Connell Bell_____                    4-24-18

| Signature of Facility Grievance Coordinator | Date |
|---|---|

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**                    **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

**GRIEVANCE REJECTION**
SCI-Huntingdon
1100 Pike St.
Huntingdon, PA  16654-1112

Exhibit X 2

D1005 

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," I have reviewed all documents provided as part of the grievance.  Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| | | | |
|---|---|---|---|
| | Gartor Brown | | NA6401 |
| | HUN | | GD-Unit |
| | 731066 | | |
| | **Rejection** | | |
| X | *Your grievance is being rejected for the reason(s) outlined below.* | | |

| | |
|---|---|
| X | 1. Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| X | a)  DC ADM 008 Prison Rape Elimination Act (PREA) - allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact. |
| | b)  DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | c)  DC ADM 802 Administrative Custody Procedures |
| | d)  DC ADM 803 Inmate Mail and Incoming Publications, Section 3, E. |
| | 2. The grievance was not submitted within 15 working days after the events upon which claims are based. |
| | 3. Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | 4. The grievance was not signed and/or dated with correct commitment name or number, contained UCC references, or was not presented in proper format. |
| | 5. Grievance must be legible, understandable, and presented in a courteous manner. |
| | 6. The grievance exceeded the two page limit.  Description needs to be brief. |
| | 7. Grievance does not indicate that you were personally affected by a DOC or facility action or policy. |
| | 8. Grievances based upon different events must be presented separately. |
| | 9. The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed in prior grievance _____ |
| | 10. Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | 11. Grievance disputes previous grievances, appeal decisions, or staff members who rendered those decisions. |
| | 12. You are currently on grievance restriction.  You are limited to one grievance every 15 working days.  Last grievance # _____ , submitted on _____ |
| | 13. You have not provided this office with the required documentation for proper review such as a DC153A Personal Property Inventory Sheet, Confiscated Items Receipt, Commissary/Outside Purchase Form, or documents outlined on the DC ADM 005 Notification of Deductions memo and/or the Notification of Amended Deductions memo. |
| | 14. The publication appeal did not include a copy of the Notice of Incoming Publication Denial form (Attachment 3-B of DC ADM 803). |

Sexual abuse is taken seriously by the Department of Corrections. Any allegations of a sexual nature (abuse/harassment) against a staff member or inmate-on-inmate sexual contact must be investigated to make sure that inmates are safe in this facility. This grievance has already been forwarded to the Security Department and the PREA Compliance Manager to start that investigation.

| | |
|---|---|
| **Signature:** | Connie Green |
| **Title:** | Facility Grievance Coordinator |
| **Date:** | 4-24-18 |

cc:   DC-15
      File

***DC-ADM 804, Inmate Grievance System Procedures Manual***
**Section 1 – Grievances & Initial Review**                                    Attachment 1-C
Issued: 1/26/2016
Effective: 2/16/2016

Brown has asserted an Affirmative stand Pursuant to his claims against this Mr. Ploicink. This is not Brown's first claim against this official. Brown claims can be addressed through the 80u Pursuant to 008 and DC ADM 001 in which officials are aware of. Brown also Passed his Cuosior a statement from a witness #2, this Acton asserted she gived it to custion actor Maxwell in which the Cuoslor is a third Party. Brown claims has not Yet Even addressed BY P.E.R.A. if this Jail is choosing not to address his Claims through the 80u.

Exhibit X 3

5-3-18

Gactor Brown NAG001

# Facility Manager's Appeal Response
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA  16654-1112

EXhibit X 4

D1006

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Gartor Brown | Inmate Number: | NA6401 |
| Facility: | HUN | Unit Location: | GD-Unit |
| Grievance: | 731066 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:**

In reviewing your initial grievance and appeal, I note your original grievance was rejected because grievances related to DC ADM 008 PREA shall be handled in accordance with the procedures outlined in that policy and will not be reviewed by the grievance coordinator.  In your appeal to this rejected grievance, you argue this is not your first claim against CO Plocinik and none of them were addressed.  DC ADM 804 clearly states that claims of sexual abuse or sexual harassment will not be addressed by the inmate grievance system.  I find grievance #731066 has been properly addressed.

| Signature: | Kevin Kauffman |
| Title: | Facility Manager |
| Date: | 6-1-18 |

cc:   DC-15
        File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 - Appeals**
Issued:   12/1/2010
Effective: 12/8/2010

*Attachment 2-B*

Grievance # 731066 to Secretary office Nacor Garor Brown

Brown takes an Affirmative stand Pursuant to his claims.
Brown is aware that any Abuce Allegations DC ADM 601 or DC ADM08
could be tooken up with the inmate Grievance system DC-ADM 804.
Brown also made the P.R.E.A LT Maxwell aware of his claims in which
nothing has been done. Maxwell claims it's under investigation but
is aware the same c/o is still working the block free to harss Brown
Brown then gived his counseler a wroten statement from auther inmate
Ivan Castillo LS 3066 in which he witness c/o Ploiconk actions. Brown asked
his counselor Rochonk to make copys and brint his a copy at no time
did she refuse. This statement was then confiscated, Brown counselor told him
she gaved it to LT Maxwell and he has to ask Maxwell. Brown then wrote
Maxwell over three times and did not get a respond. Brown then wrote miss
Green Pursuant to gefore a copy of the statement wroten BY Ivan Castillo
she claims she knows nothing about it. Brown has talked to LT. Frank,
he asserted he would send a e-mail to Maxwell. Brown again asked
his counselor to give him a copy of the statement and she refused.
The statement also included that Gang member from the violant lifer gang
is planding an attack on Brown once he gos to Poulation's member from
froun the lifer gang told Ivan Castillo this. Brown is claiming harassment,
retaliation, emotional distress discrimination, failuer to train or suoervice
againt policie makers Koldrich, Kauffman, Wenkle, Yohn  and is seeking punitive
counpesctory damages in 200.000.

# Exhibit X 5

Dated 6-12-18

Exhibit X6

| Form DC-135A **INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania Department of Corrections |
|---|---|
| | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) Miss Green | 2. Date: 5-21-18   D1006 |
|---|---|
| 3. By: (Print Inmate Name and Number) Gaylor Brown NA6461 _____ **Inmate Signature** | 4. Counselor's Name |
| | 5. Unit Manager's Name Kendrick |
| 6. Work Assignment | 7. Housing Assignment GD106 |

8. Subject: State your request completely but briefly. Give details.

Miss Green Apparently I gived my counselor Mis micheals a statement written by a Ivan Castillo 183066 pursuant to Grievance # I gived her the statement asking her to make a copy for me in which she did not refuse. She come back asserting she gived the statement to LT. Maxwell and I would love to get the copy from him. She also claim that she ask or told maxwell to send me a copy which is policy. I then wrote maxwell four times and he has not send the copy. By policy that copy would have to be put in user file, on which I can get a copy. Thats when I wrote you asking to get me that copy. Thanks for your time

Mr. Brown - I know of no such statement. I cannot help you with this.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ file 731066 |
|---|---|

Staff Member Name _____ / _Jennie Green_ Date 6·18·18
                        Print                    Sign

Revised July 2000

Exhibit X 7

| Form DC-135A | Commonwealth of Pennsylvania |
|---|---|
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |

D1006

**INSTRUCTIONS**

Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)

2. Date: 4/30/18

3. By: (Print Inmate Name and Number)
Gartor Brown WAC901

4. Counselor's Name

Inmate Signature

5. Unit Manager's Name
Kendrick

6. Work Assignment

7. Housing Assignment

8. Subject: State your request completely but briefly. Give details.

Brown is asking for his claims against Mr. Co. Plainik to be address. Although policy clearly states Brown could address those claims through the DOJ officials are denying Brown's grievance and asserting he should address it with PERA. Brown is also a worker that his claims could be brought to officials attention through a third party. Brown gived his counselor a statment from a witness asking for a copy back, this counselor came back a week later asserting to him that he would have to get the copy from one Maxwell. Brown is asking for a copy of his statment and for his claims to be cdressed.

End of Report

Your claimes all currently under Investigation

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _____ Date 5/3/18
                        Print                    Sign

Revised July 2000

Pennsylvania Correctional Industries
Offender Receipt — Commissary

Date Report Generated: 01/04/2018  12:44:45    000008878435

Inst.: HUN          Case ID: NA6401       Name: BROWN, GARTOR K
Order: 0000008878435   Date: 01/04/2018    Housing Unit: A-A-1-008    Batch: 033

| No. | Item # | Description | Qty | Item Price | Item Total (*=taxed item) |
|-----|--------|-------------|-----|------------|---------------------------|
| 1 | 00004 | RAMEN NOODLES CHILI FLVR 3OZ | 30 | 0.28 | 8.40 |
| 2 | 05616 | CREAM CHEESE POUND CAKE 2PK 4OZ ****K | 2 | 0.63 | 1.26 |
| 4 | 07400 | HUN CHILI W/BEANS 11.25OZ ****GF | 1 | 1.39 | 1.39 |
| 5 | 07413 | BEEF SUMMER SAUSAGE HOT 5OZ | 2 | 1.50 | 3.00 |
| 6 | 09286 | SKINS IN HOT SAUCE 3.53OZ ****H,GF | 1 | 0.76 | 0.76 |
| 7 | 10002 | INSTANT RICE 8OZ ****K | 2 | 0.92 | 1.84 |
| 8 | 10008 | VELVEETA SPICY CHEESY RICE 2OZ ****K,H | 1 | 0.59 | 0.59 |
| 9 | 10001 | VELVEETA CHSY REFRIED BEANS 4OZ ****K,H | 1 | 0.98 | 0.98 |
| 10 | 09207 | MKREL FLTS IN BRINE 3.53OZ ****K,H,H/A | 2 | 0.89 | 1.78 |
| 11 | 10600 | HABANERO CHEESE 8OZ | 2 | 1.30 | 2.60 |
| 12 | 11400 | MILD DILL PICKLE ****K,GF | 1 | 0.56 | 0.56 |
| 13 | 15805 | BBQ CORN CHIPS 12OZ****K,H,GF | 2 | 1.43 | 2.86 |
| 14 | 15806 | NACHO CHEESE CHIPS 10OZ****K,H,GF | 1 | 1.25 | 1.25 |
| 15 | 16200 | CHEESE PUFFS 10OZ ****K,GF | 2 | 1.52 | 3.04 |
| 16 | 16409 | CHEX MIX TRADITIONAL 8.75OZ ****K | 1 | 1.84 | 1.84 |
| 17 | 17813 | STARLITE MINTS 3.75OZ | 1 | 0.53 | 0.53 |
| 18 | 25906 | ANTIBACTERIAL WHITE SOAP 5OZ | 2 | 0.50 | 1.00 * |
| 21 | 42399 | KRAFT ENVELOPE BROWN 10 x 15 | 4 | 0.16 | 0.64 * |
| 22 | 42300 | $10 PHONE CARD | 1 | 10.00 | 10.00 * |

Total Cost of Issued Items:      44.32   (Commissary - pre-tax)
Out of Stock/Auto Refund:         1.24   (Commissary - pre-tax)
Overall Order Subtotal:          45.56
Overall Order Total:             Tax    0.70   (GPCTPA: 0.70)

OUT-OF-STOCK ITEMS (Commissary)

No. Serial Number(s)

| Item # | Description | Qty. | Item Price | Reason |
|--------|-------------|------|------------|--------|
| 05604 | ICED CINNAMON ROLL 4OZ ****K | 2 | 0.62 | Out of Stock |

REJECTED ITEMS

| Item # | Description | Qty. | Reason |
|--------|-------------|------|--------|
| 92016 | | 1 | MATERIAL NOT IN THE CATALOG |
| 29370 | | 1 | MATERIAL NOT IN THE CATALOG |

Received by Offender: _____   Date: 1/11/18
Witnessed By: _____          Date:

Page 1 of 1

Exhibit Y1

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE
‾‾‾‾‾‾‾‾‾‾
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two
   pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I will like to Preserve the tape from block AA on 1/22/18 from 3:30 through 7:00 Pm. The Jail is liable for an inmate Property when he is transfer from one Part of the jail to another inwhich he is told officials will bring his Property down. Brown is claiming negligence facilier to train against somwetzed heademissixPeter retaliation. This inmate has receipts for his commissary! in the inmate commissary system. this inmate commissary went missing after he was tooken to the hole from his cell on A Block. This inmate had all his commissary packed in a yellow bag along with other property. I never the less this inmate commissary never made it 2 bag of Cion chips, four bags of chess puff, 1 bag of Nachos chips, 1 bag of party mix, one bag ment candy, 2a chili Flavor Ramen, two chess cake, 2 summer sausage, 4 Sirdines, 2 Pack of white rice, 1 Pack of chessey rice, 1 refrid Beans, 2 Packs of Mackerel, two cheese habanevol 2 Pickle, SCI hyntingdon is liable for their custom of bringing inmate Property down to the hole in which their is no Camera in the Property room.

B. List actions taken and staff you have contacted, before submitting this grievance.
CO's told Brown they called to have Browns commissary or missing commissary investigated in which the same co that wrote Brown up was investing where browns missing commissary was. Browns property was never recover in which is common at this sail. Brown is asking for his money or commissary back with the uther respect.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
Signature of Facility Grievance Coordinator        Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*                    **Attachment 1-A**
Issued: 1/26/2016
Effective: 2/16/2016

Exhibit Y 2

# GRIEVANCE REJECTION
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA  16654-1112

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| | | | |
|---|---|---|---|
| **Inmate Name:** | Gartor Brown | **Inmate Number:** | NA6401 |
| **Facility:** | HUN | **Unit Location:** | GA-Unit |
| **Grievance #:** | 718481 | | A11016 |

| | | **Rejection** |
|---|---|---|
| | X | *Your grievance is being rejected for the reason(s) outlined below.* |

**Rationale:**

| | | |
|---|---|---|
| | | 1. Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | |    a) DC ADM 008 Prison Rape Elimination Act (PREA) - allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact. |
| | |    b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | |    c) DC ADM 802 Administrative Custody Procedures |
| | |    d) DC ADM 803 Inmate Mail and Incoming Publications, Section 3, E. |
| | | 2. The grievance was not submitted within 15 working days after the events upon which claims are based. |
| | | 3. Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | | 4. The grievance was not signed and/or dated with correct commitment name or number, contained UCC references, or was not presented in proper format. |
| | | 5. Grievance must be legible, understandable, and presented in a courteous manner. |
| | | 6. The grievance exceeded the two page limit.  Description needs to be brief. |
| | | 7. Grievance does not indicate that you were personally affected by a DOC or facility action or policy. |
| | | 8. Grievances based upon different events must be presented separately. |
| | | 9. The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed in prior grievance _____ |
| | | 10. Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | | 11. Grievance disputes previous grievances, appeal decisions, or staff members who rendered those decisions. |
| | | 12. You are currently on grievance restriction.  You are limited to one grievance every 15 working days.  Last grievance # _____ , submitted on _____ . |
| | X | 13. You have not provided this office with the required documentation for proper review such as a DC153A Personal Property Inventory Sheet, Confiscated Items Receipt, Commissary/Outside Purchase Form, or documents outlined on the DC ADM 005 Notification of Deductions memo and/or the Notification of Amended Deductions memo. |
| | | 14. The publication appeal did not include a copy of the Notice of Incoming Publication Denial form (Attachment 3-B of DC ADM 803). |

| | |
|---|---|
| Signature: | *(signature)* |
| Title: | Facility Grievance Coordinator |
| Date: | 1-30-18 |

cc:  DC-15
     File

**Exhibit 43**

DC-153M Rev 1/2012
COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

INMATE PERSONAL PROPERTY INVENTORY
☐ Transfer  ☑ Hold  ☐ Initial Disposition  ☐ Other

| DC Number | Name | Method of Disposition | | Facility: A 1U2775 |
|---|---|---|---|---|

NA6101 (Name) — S – Ship   R – Return to Inmate   D – Destroy   H – Hold for Inmate

| CLOTHING & ACCESSORIES | | | FOOD (Continued) | | | GROOMING/HEALTH (Continued) | | | MISCELLANEOUS (Continued) | | | FEMALES ONLY | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ITEM | NO. | METH | ITEM | NO. | METH | ITEM | NO. | METH | ITEM | NO. | METH | ITEM | NO. | METH |
| State Issued | | | Coffee | | | Eyeglasses | 1 | H | Dictionary | | | Bra | | |
| Belt | | | Cookie | | | Eyeglass Case | | | DOC Handbook | | | Bleach Cream | | |
| Boxers | 5 | H | Condiments | | | Eyeglasses - Sun | | | Ear Buds | | | Body Wash | | |
| Comm/Laundry Bag | | H | BBQ Sauce | | | Face Cream | | | Envelopes | | | Crochet Hooks | | |
| ID Card | 1 | H | Grape Jelly | | | Foot Powder | | | Extension Cord | | | Crochet Items | | |
| Jacket (lightweight) | 1 | H | Honey | | | Hair Dressing | | | File Folder | | | Cross Stitch Thread | | |
| Pants | 2 | H | Ketchup | | | Hemorrhoid Cream | | | Games | | | Emory Board | | |
| Shirts | 3 | H | Mustard | | | Hydrocortisone | | | Greeting Cards | | | Eye Makeup | | |
| Socks | 13 | H | Mayo | | | Laxative | | | Headphones | | | Hair Picks/Pins | | |
| Summer Hat (cap) | | | Salsa | | | Lotion | | | Headphone Ext | | | Hair Removal Cream | | |
| T-Shirt | 3 | H | Crackers | | | Medical Bracelet | | | Headphone Split | | | Lipstick | | |
| Towels | | | Drink Mix | | | Mirror | | | ID Holder | | | Miconazole Cream | | |
| Washcloths | | | Milk (powdered) | | | Mouth Wash | | | Keys | | | Pajamas (top) | | |
| Winter Coat | 1 | H | Nuts | | | Muscle Rub | | | Laundry Detergent | | | Panty Liners | | |
| Winter Hat (knit hat) | 1 | H | Oatmeal | | | Nail Trimmers | | | Legal Mail | | | Rollers | | |
| Footwear | | | Packaged Meats | | | Pain Relief | | | Letters/Mail | | | Sanitary Napkins | | |
| Boots/Shoes | | | Beef | | | Petroleum Jelly | | | Light Bulb | | | Scarf | | |
| (1) | 1 | H | Chicken | | | Ponytail Holder | | | Lock | | | Scissors | | |
| (2) | | | Fish | | | Q-Tips | | | Magazines | | | Shower Cap | | |
| Sneakers | | | Meat Stick | | | Razors | | | Mono Jack | | | Side Combs | | |
| (2) | | | Pork | | | Saline | | | Notebook | | | Tampons | | |
| (3) | | | Sausage | | | Shampoo | | | Paper | | | Tweezers | | |
| Shoe (medical) | | | Mrs. Dash | | | Shaving Cream | | | Carbon | | | Yarn | | |
| Shower Shoes | | | Pasta Sauce | | | Soap | 1 | H | Notebook | | | | | |
| Non-State Issued | | | Pastries | | H | Soap Dish | | | Typing | | | | | |
| Athletic Shirt | | | Peanut Butter | | | Toilhettate Cream | | | Paperwork | | | | | |
| Gloves | | | Pickles | | | Toothbrush | | | Photo Album | | | | | |
| Handkerchief | | | Popcorn | | | Toothbrush Case | | | Photographs | | | | | |
| Headband | | | Pretzels | | | Toothpaste | 1 | H | Playing Cards | | | | | |
| Laundry Bag | | | Rice | | | Towel | | | Prayer Rug | | | | | |
| Rain Poncho | | | Sugar/Substitute | | | Vitamins | | | Rug | | | | | |
| Religious Headgear | | | Soup | | | Washcloth | | | Ruler | | | | | |
| Robe | | | Tea | | | | | | Scotch Tape | | | | | |
| Shoe Brush | | | Tortillas | | | | | | Sewing Kit | | | | | |
| Shoe Polish | | | | | | | | | Tablet (Legal) | | | OTHER APPROVED ITEMS | | |
| Socks | | | | | | MISCELLANEOUS | | | Tissues | | | (grandfathered. Items, etc.) | | |
| Sweat Pants | | | | | | ITEM | NO. | METH | Vend. Card | | | Linen | 3 | H |
| Sweat Shirts | | | GROOMING/HEALTH | | | Address Book | | | Wash Tub | | | | | |
| Sweat Shorts | | | ITEM | NO. | METH | Art Supplies | | | Waste Basket | | | | | |
| T-Shirt | | | Acne Cream | | | Canvas Board | | | Y-Adaptor | | | | | |
| Thermal Bottom | | | Allergy Tablets | | | Drawing Pad | | | | | | | | |
| Thermal Top | | | Antacid | | | Erasers | | | TOBACCO | | | | | |
| Underwear | | | Antibiotic Cream | | | Highlighters | | | ITEM | NO. | METH | | | |
| Wristbands | | | Band Aids | | | Markers | | | Cig Papers | | | | | |
| | | | Brush | | | Paint | | | Cig Roller | | | | | |
| FOOD | | | Chap Stick | | | Paint Brush | | | Cig Carton | | | | | |
| ITEM | NO. | METH | Chest Rub | | | Paint Case | | | Cig Package | | | | | |
| Bagel | | | Cocoa Butter | | | Pen | | | Cigars | | | | | |
| Breakfast Food | | | Comb | | | Pencil | | | Lighter | | | | | |
| Candy Bag | | | Conditioner | | | Pencil – Colored | | | Pipe | | | | | |
| Candy Bar | | | Contact Lenses | | | Batteries | | | Pipe Cleaners | | | | | |
| Cereal Bag | | | Cough Drop/Syrup | | | Binder | | | Pipe Filters | | | | | |
| Cereal Bar | | | Dental Floss | | | Books: | | | Tobacco Chew | | | | | |
| Cheese | | | Dentures | | | Legal | | | Tobacco Cig | | | | | |
| Cheese Puffs | | | Denture Brush | | | Personal | | | Tobacco Pipe | | | | | |
| Chili Beans | | | Denture Cleaner | | | Religious | | | Tobacco Pouch | | | | | |
| Chips | | | Denture Cream | | | Book Light | | | Tobacco Snuff | | | | | |
| | | | Deodorant | | | Bowl w/Lid | | | | | | | | |
| | | | | | | Cup | | H | | | | | | |

| ITEM | DESCRIPTION OR SERIAL NO. | NO | METH | OPERATIONAL | | |
|---|---|---|---|---|---|---|
| | | | | YES | NO | COMMENTS |
| AC Adapter | | | | | | |
| Calculator | | | | | | |
| Converter Box | | | | | | |
| Drum Set | | | | | | |
| Earrings | | | | | | |
| Fan | | | | | | |
| Foot Locker | | | | | | |
| Gig Bag | | | | | | |
| Guitar | | | | | | |
| Guitar Strings | | | | | | |
| Instrument Case | | | | | | |
| Keyboard | | | | | | |
| MP3 Player | | | | | | |
| Necklace (female only) | | | | | | |
| Necklace – Religious | | | | | | |
| Radio | | | | | | |
| Radio-Cassette/Walkman | | | | | | |
| Ring | | | | | | |
| Surge Protector –5 Outlet | | | | | | |
| TV | | | | | | |
| TV-Antenna | | | | | | |
| TV-Remote | | | | | | |
| Typewriter | | | | | | |
| Typewriter Ribbon | | | | | | |
| Watch | | | | | | |

| Mail To: | | Articles marked "S" mailed (Signature and title) | Date Mailed |
|---|---|---|---|

| The property described above was inventoried and processed as indicated | The property above was received and processed |
|---|---|
| Signature of Property Officer (print last name) | Signature of Inmate | Signature of Property Officer (print last name) | Signature of Inmate |
| Facility | Date | Facility | Date |

7-23-19

All property is/was present and accounted for. No property was missing and/or damaged. Property exceeding the allowable property limit has been addressed per the applicable policy. Excess property in the form of legal property (active cases only) is in accordance with Department policy 6.3.1 Section 20. The inmate has been informed that allowable property must be contained in the containers permitted by the applicable policy. Inmate's signature above acknowledges accuracy.

# of Boxes: _____

WHITE – DC-15 AFTER PROCESSING COMPLETED
CANARY– INMATE COPY AFTER ALL PROCESSING COMPLETED
PINK – SENDING FACILITY COPY OR MAILROOM, IF APPLICABLE
GOLDENROD – INMATE COPY WHEN ITEMS ARE INVENTORIED

Grievance Appeal # 784S1 TO Secretary's Office          Carter Brown NA 6101

Brown brings Municipality claims of failur to train or discipline against Policy Makers John Wetzel, Kevin Kauffman, Mandy Sipple. Brown also brings claims of retaliation and negligence against Sgt. Moore it co Plocinik, Property Sgt John Doe. Pursuant to DC ADM 815 Brown has commissary in his cell, After Brown was wroten up on 1/22/18 Sgt Moore told Brown he will not be getting out of his property because he likes to put in law suits and file grievances on staff. While inmates cannot recover from a Municipality on a theory of respondeat superior, they can recover if they show that a municipal policy or custom directly caused constitutional violations. Officials has a pattern of misplacing inmates property while write up. It's clear policy that a inmate is cuffed then walked down to the RHU after a write up with out any of his property, inmates like Brown then departs on officials to bring their property down to the RHU. Brown is attacking this policy, because many inmates like Brown, Ben Wells, Setu Lopaz, Mike Brown property becomes missing. It is as common as writing on the walls in the cells. Officials do one or two things; tell the inmate cellly to pack his property or a block worker, these actors are free to steal! Sometimes that official him self takes out of that inmate's property if it's food he can eat or state book he can give to another inmate, in which was the case when Mike Brown seen his BARSMS state book with another inmate. That inmate claimed the same officials that write Brown up gived him the state books. Same case with Setu Lopaz, his $250.00 TV went missing after a write up. Officials told Lopaz that it did not know what happened to his TV. He then wrote a grievance to preserve the tape because their are camrea on every block. Officials then conspired in dendenver his grievances asserting he can not get a refund back because at the time of his first grievance, he fail to produce a receipt. Lopaz then appealed asserting he was unable because of the retrichiver of the RHU in which he wrote records, commissary, and inmate accounts of any documentation proving that he packed for a TV. Once these officials was cauge his TV when missing, they deliberately conspired in scienter-like pattern's telling Lopaz it was not in the system, or to write cudible officials in which all officials are aware after 15 business days all grievances are dismiss for time bars. Lopaz never recover on his TV, nor did Ben Wells for his brooken keyboards. Lopaz did return to his block unit after his RHU times came to find out a block worker had his TV & claim a Sgt Moore gived it to him. Pursuant to all these cases no officials were discipline for their actions.

Officials has ignor the need for an alternative. Pursuant this policy such as inmates, with not violent write ups pack their own property, or inmates property is to be packed on camera, or officials should have the burden of producing all inmates receipt, for any missing property claims while an inmate is in the RHU.

Officials deliberatly targeted Brown, telling his he was not going to get his property because he file lawsuits & grievances on officials. When Brown whent to the property room for his inventory he refusal to sign because he notice inmates missing all his commissary and a record center but it got work that it addressed in another grievance, Brown was told by both co Plocinik and Property Sgt. John Doe that lawsuit puts don't get their property send down, that was why this was not camrea in the property room. Brown then wrote a grievance it was denved because officials claimed he did not have a copy of DC 153 A or commissary receipts. Brown then attempted to invate a copy of the only form of DC 153A he had but he was deprived, refusal says so brown send in his DC 153A with an inmate account statement he had last gotten with his appeal. His appealed was then denved by Kauffman. Kauffman was indifference to the fact that the RHU post hardship on inmates & they must rely on the same officials they grievance to give them grievances, & requestes, Kauffman also asserted because brown fail to refile that grievance that was denved that the jail is not livable for his missing property. Kauffman actions shows a scrienge-like conducts in which he is not addressing the issue at hand and discarding the fact that though Brown did not produce documentation in his first grievance, he did with his appeal. He is also aware of how many other claims of missing property he has to address because of the on going customs of officials stealing or misplacing inmates property. Kauffman is also aware that their is no camera in his property room & was fail to train or discipline any of his officials for their actions. This is not the first time Brown has missing property but the hands of officials

# Facility Manager's Appeal Response
## SCI-Huntingdon
1100 Pike St.
Huntingdon, PA  16654-1112

**EXhibit Y6** (handwritten)

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | Gartor Brown | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility | HUN | Unit Location: | GD-Unit |
| Grievance #: | 718481 | | **D1005** (handwritten) |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

**Response:**                                                                 *Frivolous*

In reviewing your initial grievance and appeal, I note your original grievance was rejected because you did not provide the required documentation with your grievance.  In your appeal to this rejected grievance, you argue you are unable to make copies because you are currently in the RHU.  You submit two CIRs, a DC153, and a monthly account statement with your appeal.  RHU inmates are able to have copies made in the library weekly, and if you are indigent, there is a procedure in place to anticipate the cost of copying.  Your argument that you couldn't make copies while in the RHU has no merit.  In addition, you could have resubmitted your grievance with the noted documents attached; however, you instead chose to submit an appeal.  I must agree grievance, #718481 has been properly rejected.

| Signature: | Kevin Kauffman |
|---|---|
| Title: | Facility Manager |
| Date: | 3-8-18 |

cc:   DC-15
      File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 2 - Appeals**
Issued:   12/1/2010
Effective: 12/8/2010                                                                 *Attachment 2-B*

2018

*Exhibit Y 6*

**FINAL APPEAL DECISION DISMISSAL**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to final review for the grievance identified below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| | | | | |
|---|---|---|---|---|
| | Gartor Brown | | | NA6401 |
| | Huntingdon | | | Huntingdon |
| | 718481 | | | |
| | **Dismiss** | | | |
| | 1) Your grievance was properly rejected at the facility level for the reason(s) outlined below. | | | |
| X | 2) Your grievance is being dismissed at the final appeal level for the reason(s) outlined below. | | | |

| | | |
|---|---|---|
| | 1. | Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | | a) DC ADM 008 Prison Rape Elimination Act (PREA) – allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | | c) DC ADM 802 Administrative Custody Procedures |
| X | 2. | The grievance or ***appeal*** was not submitted within fifteen (15) working days after the events upon which claims are based. |
| | 3. | Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | 4. | The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format. |
| | 5. | Grievance or appeal must be legible, understandable, and presented in a courteous manner. |
| | 6. | The grievance or appeal exceeded the two-page limit. Description needs to be brief. |
| | 7. | Grievance does not indicate that you were personally affected by a Department or facility action or policy. |
| | 8. | Grievances based upon different events must be presented separately. |
| | 9. | The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior grievance # |
| | 10. | Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | 11. | Grievance disputes previous grievances, appeal decisions or staff members who rendered those decisions. |
| | 12. | You are currently on grievance restriction. You are limited to one grievance every 15 working days. Last grievance #              was submitted on |
| X | 13. | You have not provided this Office with required and/or legible documentation for proper review. |
| | 14. | An appeal to final review is not permitted when you fail to comply with submission procedures. |

**A copy of your appeal to the superintendent and the superintendent's response was not received with your appeal. Further, review of the grievance tracking system finds that the superintendent responded to your appeal on 3/8/18 but your appeal was not postmarked until 4/9/18. Therefore, your appeal to this office is dismissed.**

| Signature: | Dorina Varner | |
|---|---|---|
| Title: | Chief Grievance Officer | |
| Date: | 4/18/18 | |

DLV/klm

cc:   DC-15/Superintendent Kauffman
      Grievance Office



Exhibit 21 

DC-804
Part 1

D105

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS

FOR OFFICIAL USE
727104
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: SCI-H | DATE: 3/17/18 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Gerter Brown KG901 | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: GD | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Brown has repeatedly told Correctional officers that other inmates know about his cooperation with LT. Maxwell and the State Police and has constantly threatened him with violence. This is a case of credible fear in which Brown can't even come out his cell without death threats from inmates which is also inadvertately officials. Brown is claiming negligence, harassment, intentional infliction of emotional distress, and discrimination. Brown is a homosexual inmate that was sexually assaulted by his cellmate. On 3/16/18 Co Covault & Co Smith came to Brown door for showers, Brown asserted his concerns and showed them a note in which was a death threat from one of Browns assailants assuring his friend assertions. Brown will be killed or attack if again forced to tell pursuant to his sexual assault claims once he is put in population. Brown also asserted that the alleger that sexually assaulted him was next door and he would rather shower on his block. Nevertheless Brown was forced to shower in which his attacker lives on the next range was subject to death threats from A inmate upstairs range that and a inmate in cell near said. Once Brown got to the actual range then fellow that's good is stated to to threaten Brown "We are going to kill you", anytime you come in you will be end all naked Fag. You fucking fag. Inmate Allen then asked Brown if he liked when a hoe he fucked him in the ass? Co Smith then started to call Brown names as Covault they are talking to you.

B. List actions taken and staff you have contacted, before submitting this grievance.

While laughing Doing Browns shower the threats continued. After the shower Brown was again talked in by man, Brown told the Co that was on his range. Never the less they kept calling him Faggot man. Brown & Shaheed demand an order over the events deem necessary.

Your grievance has been received and will be processed in accordance with DC-ADM 804

_____
Signature of Facility Grievance Coordinator

_____
Date

WHITE Facility Grievance Coordinator Copy    CANARY File Copy    PINK Action Return Copy
GOLDEN ROD Inmate Copy

## INITIAL REVIEW RESPONSE
SCI-Huntingdon
1100 Pike St.
Huntingdon, PA 16654-1112

*D1005*

*EXhibit ZQ-6*

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows.

| Inmate Name: | Brown | Inmate Number: | NA6401 |
|---|---|---|---|

| Facility: | Huntingdon | Unit Location: | FB Block |
|---|---|---|---|

| Grievance #: | 727104 | Grievance Date: | 3/17/18 |
|---|---|---|---|

| Decision: | ☐ Uphold Inmate | ☐ Uphold in Part/Deny in Part |
|---|---|---|
| | X Grievance Denied | |

*It is the decision of this grievance officer to uphold or deny the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

| Response: | | | *Frivolous* | |
|---|---|---|---|---|

I have received your grievance in which you allege staff made derogatory remarks towards you and allowed other inmates to do the same. I have investigated your grievance and my findings are as such: I spoke to the staff that you named in your grievance, Officer Weyant, and Officer Smith, they both deny making any such comments to you or about you. They also informed me that they could not recall who was in the shower next to you, and they do not remember any inmate yelling at you or making any comments towards you. You stated in your grievance that your alleged assaulter inmate Allen was next door to you in the shower, however his quad did not even shower that day and was not out of his cell for a shower. I feel that your allegations are all fictions.

For the above reasons this grievance and all relief sought is denied.

| Signature: | C. Kulifcae |
|---|---|
| Title: | RHU/DTU UM |
| Date: | 4/5/18 |

cc:  Superintendent
     DC-15
     File

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 - Grievances & Initial Review**
Issued:    12/1/2010
Effective: 12/8/2010

*Attachment 1-D*

EXHIBIT C

Grievance Appeal To Facility Manager #727104:

Officials are not addressing Brown's claims; at best they have showed a custom of picking apart his claim. Brown made very serious allegations Pursuants to officials sexually harassing him verbally, and deliberately taking him to a shower on a different block in which Brown made them aware that he would be subject to death threats. on 3/1/18 this inmate made co smith, and co wevant aware that his enemies was next door, as in the next block over. is told them this guy allen raped me they asserted we are aware of your claims, Brown then passed a note from one of allen's gang member asserting he's going to kill Brown. Brown then told officials he would rather shower on his block & he should not be made to go to the block over where the attacker and his goons are. Brown was ignored Brown then stated the reason being Pursuant Brown being subject to death threat way because that Allen, and his goons was aware that Brown was cooperating with Lt. Maxwell and state police Pursuant to his rape allegations.

Once Brown got to the shower, an inmate name. "Killer from what looked like. cell 13 or 14 asserted "this is the rat, we are going to kill you fucking at, who are you hiding? go to population were we can get our hands on you, you bitch ass, rat, you stick bitch, your ass hole, smell like shit" that's when inmate Allen got on the door asserting "you bitch ass nigga, how close your ass hole feel"? "I had you back down ass up in here", I nuted all in your ass". Brown could hear more of this doing the shower, "They will keep writing you up if you do not go to population" They want you to go to population so we can get our hands on you. He started to assert "I got nigga's on your block they tell me everything."

Allen again asserted his man another, "Allen" a black worker told him that officers told him they are conspiring to get Brown to population so inmate can send him out", Thats why all his grievances get denied; and thats why officials never moved him from the cell when they was certificate even though they was aware that he was getting sexually assaulted. When Brown showers was over, Allen again asserted that why they are getting skewing tobacco, with spit and other shit, "I'm your tool you fucking rat "your ass hole" sucked all the cum out of my big fat black dick, "That was the best feeling in the world", "It was better then fucking a white girl with a phat ass and big tits", "You Maxwell and the State Police can go to hell", thats when Co. smith asserted "Gayman" they are talking to you"!

Officials investigation is inadequate and discriminatory, also a clear abuse of discretion, they claim they asked officials if they was aware of these threats or if they used or harassed Brown verbally in which officials asserted on denying Brown's claims. At no time in this report did officials allege that they used the camera to see who went to the shower with Brown, then asking that inmate if he heard anything", Brown is still claiming negligence, harassment, intentional infliction of emotional distress.

4/18/18



RECEIVED

BY: ............................

*Exhibit 24* **Facility Manager's Appeal Response**
**SCI-Huntingdon**
1100 Pike St.
Huntingdon, PA 16654-1112

*D1006*

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy," the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me, and any other documents submitted.

| Inmate Name: | GARTER BROWN | Inmate Number: | NA6401 |
|---|---|---|---|
| Facility: | HUN | Unit Location: | GD-Unit |
| Grievance #: | 727104 | | |

| Decision: | ☒ Uphold Response (UR) | ☐ Uphold in part/Deny in part |
|---|---|---|
| | ☐ Uphold Inmate (UI) | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or uphold in part/deny in part. This response will include a brief rationale summarizing the conclusion and any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | | | *Frivolous* | | |
|---|---|---|---|---|---|

In reviewing your grievance and appeal, I note that your concern with being taken to the shower on an adjoining block in the RHU, where your alleged attacker lived, was appropriately addressed by the grievance officer. In your appeal, you claim the grievance officer mistakenly referenced your remark of "next door" as being in the "next shower" whereas you meant the adjoining block. You further claim that as you were escorted through the alleged attackers block you were harassed, called a rat, threatened, etc., by other inmates in reference to a sexual assault investigation that you were cooperating with PSP and Lt. Maxwell. You further claim Officers Smith and Weyandt called you gayman.

A preliminary review of your PREA allegation did not reveal any substantive evidence to verify your claim at the time you reference; furthermore, your allegations were later revealed unfounded. Also due to the amount of individuals that need showered and the time constraints required to efficiently shower everyone, it is common practice to utilize the showers in the adjoining quadrant. You also claim that inmates were harassing, threatening you etc., but the officers deny they heard any such comments nor made any comments to you nor called you any names; furthermore, at no time were you in any danger as you were escorted to and from the shower.

In closing, I can only reiterate that I uphold the response provided by the grievance officer. Your grievance is found to be without merit.

| Signature: | Kevin Kauffman *[signature]* |
|---|---|
| Title: | Facility Manager |
| Date: | 5-24-18 |

cc:   DC-15
      File

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 - Appeals*
Issued:   12/1/2010
Effective: 12/8/2010

*Attachment 2-B*