# In The United States District Court For The Middle District Of Pennsylvania

Gartor Kiki Brown

v.

Maxwell et al.,

FILED
SCRANTON
AUG 21 2019
PER_____ DEPUTY CLERK

No. 18-CV-01527

## Plaintiff's Brief For leave To Conduct Discovery Within Motion TO Address His Proposed Amended Complaint

I'am hereby Plaintiff in this matter and I state this is my brief as herein. Plaintiff will first like to put defendant's lawyer Ms. Bedell on notice that he will be seeking leave to file a supplemental complaint after the exhaustion of the grievance pursuant to the second assault plaintiff has suffered, since the denial of his T.R.O motion in which the assaults are in contrast to such denial as the assaults are related to Plaintiff's claims to which defendant's consistently plan him around the college sexual assaulter & his violent gang member friends after then are aware the the gang members are aware that Plaintiff meet with defendant Maxwell and state police after the sexual assault.

1) Now Plaintiff in this case has yet to file any discovery because of the contour and circumstances of the case, after his complaint was striked, in which Brown did seek leave for but may not had seeked leave for all defendants predicated.
2) The court did not make clear as to Brown's Amended complaint (Doc. 25) was still pending to litigate, as Brown is Pro Se.
3) This would cause an interlocutory appeal based on the courts denial to reopen & Brown's confusion. (Doc 49)
4) After the appeal was dismissed, the courts addressed Plaintiff's Motion to leave to file a propose amended complaint.
5) Plaintiff's complaint was send out on June 16, 2019.
6) On August 5, 2019 a deposition was conducted by Ms. Bedell inasmuch as beautiful as she was respectful, she did give Brown the opportunity to assert his concerns on record, in which one of Brown's concerns were defendant's retaliatory action by turning his water off in his cell for days and threating him not to come to the deposition.
7) On August 6, 2019 Plaintiff wrote the courts asking if they received his Proposed amended complaint after also making ms. Bedell aware that he had yet to receive anything on it.
8) Brown is claming the fact that he had yet to get any response from the courts pursuant to the Proposed complaint would put a hole on any discovery matter, and also their was no scheduling order on the case directing him as, do when factual discovery, expert reports, Responsive or Supplemental expert reports, expert depositions, dispositive motions, and final pretrial conference as is all to the courts discretion would be due.
9) The court should not turn a blind eye as to Plaintiff is litigating serious claims in house, so for any reason if this propose Amended complaint was not received in June, then it was clearly intersepted & Plaintiff reserve the right to resend it with this motion here enclose a two page complaint front & back on one page.
10) Lastly Ms. Bedell did set up another deposition as she did not get all her questions in with the limited time; After the first deposition defendants would retaleate by turning Brown's water off for three days, in which he would only drink milk from the morning trays and threating him consistently tempering with his food, passing Brown's state charges, 1st name D.O.B. etc to another inmate that Brown is enemies with, this is after they passed what seems to be a discovery motion from Brown made on this be kneup at the first deposition in which it happend again after the deposition, This would scear Brown. Plaintiff is open to conduct another deposition with a court order and with the litigation Correnator Ms. Green geting involve so that he's not subject to retaliation from the very same officials he's sueing.

                                                        [signature]

This is a civil rights actions filed by Garter Kiki Brown a state prisoner, for damages under 42 U.S.C. 1983, alleging Failure to Protect, denial or delay of medical care, all under Cruel and Unusual Punishment in violation of the Eighth Amendment to the United States Constitution, and due Process clause of the Fourteenth Amendment of the Constitution. The Plaintiff is also asserting torts of negligence and intentional infliction of Emotional Distress.

1. The Court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. 1331(1) and 1342.

2. The Court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. 1367.

3. The Plaintiff Garter Kiki Brown is incarcerated at SCI Huntingdon Correctional Facility and was incarcerated at SCI Huntingdon during the events described in this complaint.

4. Defendant LT. Maxwell and c/o Fochtman are correctional lieutenant and officer employed at SCI Huntingdon in which Maxwell was in charge of P.R.E.A. and Fochtman is a correctional officer that works in the Administrative Segregation Unit at SCI Huntingdon both defendants are sued in their individual capacities. Both officials still works at SCI Huntingdon.

5. Defendant Plocinik and Johnston are Correctional officers employed at SCI Huntingdon in which they are officers in the Administrative Segregation Unit, both officers are being sued in their individual capacity. Both officials still works at SCI Huntingdon.

6. LT. Kendrick and Sgt. Heaster are correctional lieutenant and sergeant at the time of the events both officials were officers in the Administrative Segregation unit at SCI Huntingdon both officials are being sued in their individual capacity and still works at SCI Huntingdon.

7. Defendants, c/o Chilcote and c/o Harris are employed correctional officers at SCI Huntingdon c/o Chilcote no longer works in the Administrative Segregation but c/o Harris is. Plaintiff is unaware if c/o Chilcote still works at SCI Huntingdon; c/o Harris is still employed at SCI Huntingdon, both officials are being sued in their individual capacity.

8. On 10/23/17 Plaintiff was admitted to SCI Huntingdon; at the door I told LT Maxwell and others that I was subject to victimization by a sexual predator while at Camp Hill while in the RHU. Brown also made LT. Maxwell aware that he was a homosexual in which was transparent because he talk like a girl, switch his hips when he walks, and wares eyeliner.

9. Brown meet with LT. Maxwell on 2/2/18 telling him that c/o Plocinik told him that he would be moving with a inmate Allen, Plaintiff made it clear that Allen was already a known enemie in which while on the same unit in Population a c/o slipped inmate Jackson Brown's cellmate in which is best friends with Allen a legal mail grievance about a sexual assault in which Brown suffered, and that he was working with the police. Jackson would put a shank to Brown's neck forcing him to call family members to put money on him and Allen's books.

10. Brown claims would be ignor and was told force would be use. On 2/3/18 Plaintiff was forced in a cell with inmate Allen after he made c/o Plocinik and Clerk aware what he told Maxwell. At one point Plocinik asserting "Allen is waiting for you, he's going to fuck you up!" Inmate Allen made it clear he did not want Brown in the cell with him, calling him a rat and a homosexual.

11. After the cuffs came off while Plaintiff was in the cell an assault took place on Plaintiff, at no time did Plocinik stop the assault. Plocinik also saying "have fun with him!"

12. Brown would tell other officials and ask for medical attention such as c/o Harris, c/o Poorman, Maxwell, Garlik, Plocinik, unit manager Kendrick ect. While Plaintiff was in the cell with Allen, inmate Allen would go to the Yard three times, each time Brown would be force to cuff up and told not to come out the cell and stand in the back of the cell walls, as they let inmate Allen out. Brown would take this time to beg officials to let him out the cell. Allen would also tell officials "get him the fuck out my cell!"

13. On 2/5/18 Brown was let out for showers in which he was walking very slow and ofcome told c/o Harris and c/o Law that he was subject to multiple assaults. Inmate Allen would also tell officials "if you let the rat of fog, it back in my cell I am going to kill him. c/o Harris would tell Brown, "if you don't get back in their force will be used accommodating with a write up." Plaintiff would go as far as telling Eric Parlsons a psychologist he was suicidal in which he was ignored.

14. Plaintiff would again meet with Unit Manager Kendrick, telling him he has been pissing "help me stop" in and his symptoms was worsening duble vision, bruised ribs, back pain ect. Kendrick would tell Plaintiff the next time they let you out the cell do not lock in even if they say "we will use force." Allen would also talk to Kendrick telling him "I am going to kill this fait, then laying Brown

15. After of around 5:00 pm on 2/5/18 Brown called c/o Chilcote & told him he had suffered injuries from his celly assaulting him, in which he did not feel safe in the cell with him, Allen then hit Brown in the face and told him to stop rating, then started yelling at c/o Chilcote "get him the F out my cell or he will be sucking my dick pretty soon."

16. "their are open cells, put him in one." c/o Chilcole then left the block & came back, asking "Allen if you would like to move in the cell with another inmate their is a open cell but Brown has to stay in this corner cell, in which I was told by Heaster, Maxwell and Kendrick." "Fuck no, I am good were I am at, get faggot out my cell!"

17. c/o Chilcole walked off like all the other defendants when he should had stayed on post. Because of defendant's actions, in the middle of the night on 2/5/18 Brown was attacked by inmate Allen the sexual predator in attempting to rape him, hitting slamming chockings and trying to get through his jumper. Brown would suffer head injury ribbs, leg & knee ect..

18. Plaintiff is claiming LT. Maxwell, c/o Plocinik, c/o Chilcole, unit manager Kendrick was all aware or had "subjective acknowledg of the a substantial risk of harm to Plaintiff, after forcing him in the cell with a violent lifer, then witnessing and ignoring his cry for help and medical injuries from multiple assaults. Prisoners also have the right to be free from physical attack and injury caused by other inmates insofar as it is a liberty interest protected by the Due Process Clause, Brown is claiming these defendants were deliberately indifferent to that substantial risk to his health and safety, in which their indifference caused harm. Brown is claiming these defendants violated his Eighth Amendment rights in which they failed to protect him." then they was deliberate indifference to his medical needs in which he was subjected to cruel & unusual punishment. Brown is also claiming officials defendants violated his rights under the Fourteenth Amendment by way of due process clause, in which his liberty interest is protected and defenda. its actions caused him hardship. Plaintiff is also claiming defendants were negligence in knowing and leaving him in the cell with a violent lifer in which they had a duty and breach that duty, also causing him emotional distress and sleepless nights.

19. Plaintiff would meet with c/o Johnston on 2/6/18 and tell him what was going on, he too would tell Brown "Heaster, Maxwell, & Kendrick, Kauffman they all want you in this corner cell." Brown would also tell c/o Fochtman his injuries in which Allen would come to the door asking and demanding that he remove the fagit out his cell, or he would start to fuck him.

20. On 2/7/18 Plaintiff would again meet with other officials including unit manager Kendrick again. Brown cry for help was ignored by this defendant with Brown also telling him Allen had attempted to rape him.

21. Later that day sometime after 4:00pm Brown talked to c/o Johnston that he was aware of open cells on the block and again asked to be moved, that's when inmate Allen shaped saying "I am sick of this shit." He would attack Brown, as Johnston ran off. Allen then started to hit Brown & ripped through his jumper, this time Brown had no fight left. Allen started to have sex with Brown. After the sexual assault Brown walked to the door and started to call for help.

22. c/o Johnston came running to the door telling Brown "sgt. Heaster & Kendrick and LT. Long was aware but they wanted Brown to stay in the cell, Brown would tell Johnston "But I was just sexually assaulted!" c/o Chilcole also walked to the cell asserting "holy shit." from the seen of blood. "I have nothing to do with this one." shit hits the fan!!" c/o Fochtman would come to the cell door asking and making fun of Brown "which one of you can I writing up for fighting"? Heaster and Long wants me to write yall up. Brown would tell Fochtman to move him and he needs medical attention. Fochtman would assert "we don't make courtesy moves". c/o Plocinik would also come to the cell door asserting "I told you Allen was going to fuck you up!"

23. c/o Johnston came back asserting sgt. Heaster wants you to give me all that have blood on it. Brown gived up his jumper, sheets, and boxers & socks. Brown had sheets around him when he was attacked because he was cold.

24. Sgt. Heaster then came on the block, he would come all the way by Plaintiff's door after other inmates were yelling 102 needs you. Brown too would tell him, and ask for help. Sgt. Heaster would tell Brown medical was called, they want nothing to do with you. Heaster would walk away leaving Plaintiff in the cell with the sexual predator.

25. Brown was subject to another sexual assault in the middle of the night in which he suffered more injuries. Inmate Allen would put his towel up demanding that officials open the cell door and let the fagit out and that if he comes out for yard and he's not packing in. Officials c/o Barns, Poorman, Garlik would burn Allen for yard and ignor Brown after he told them what happened with the sexual assaults.

26. Plaintiff would also claim anal pain, neuralgia pain, hip & ribbs pain, sciatic pain along the thigh, numbness along the head, bruises and contusions, double vision ect as to c/o Plocini, Fochtman, Johnston, Heaster, Chilcole ect.

27. Plaintiff is claiming Sgt. Heaster, c/o Johnston, Harris, Fochtman all had "Subjective acknowledg of the substantial risk of harm to Plaintiff, as did LT. Maxwell, c/o Plocinik, c/o Chilcole, Kendrick after forcing him or ignoring him while in the cell with a violent lifer also depriving or delaying medical treatment in which his injuries suffered from multiple assaults and sexual assaults. Prisoners also have the right to be free from physical & sexual assaults and injuries insofar of it is a liberty interest protected by the due process. Brown is claiming these defendants failed to protect him, in which he was subject to cruel & unusual punishment, the hardship suffered violated Brown's due process. Plaintiff also claims negligence & emotional distress. Officials breach their duty in which their had Brown has suffered emotional distress and sleepless nights from the events and is asking for $550,000 each defendant in compensatory damages, & $25,000 each defendant in punitive damages.

I declear under penalty of perjury that the foregoing is true & correct.

# Certificate Of Service

I Gartor Kiki Brown hereby States that I'am Plaintiff in this case. On ____8____ day of ___18___ 20 ___19___ , I certify that Plaintiff's leave to Conduct Discovery with in Motion to address his Proposed Amended Complaint, also a copy of his Proposed Amended Complaint that was already Send to the Courts on June 16, 2019 is being resend and Put into the Prison's mail box for first class Mail to the address below.

United States District Court
235 North Washington Ave
P.O. Box 1148
Scranton, PA 18501

Dated 8/19/19

Gartor Brown NA6610
1100 Pike St Hunting PA
16654

Name Carlos Brown
Number NA6110\
1100 Pike Street
Huntingdon, PA 16654-1112

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

U.S. POSTAGE >> PITNEY BOWES
$ 000.50⁰
ZIP 16652
02 1W
0001395447 AUG 19 2019

United States District Court
235 North Washington Ave
P.O. Box 1148
Scranton, PA, 18501

RECEIVED
SCRANTON
AUG 21 2019
PER _____
DEPUTY CLERK

18501£5001 C770

Inmate Mail - PA DEPT OF CORRECTIONS