# In The United States District Court
# For The Middle District Of Pennsylvania

Gartor Kiki Brown

V.

LT. Gildea et. al.,

NO. 18-cv-1527

FILED
SCRANTON

MAR 19 2020

PER _____ DEPUTY CLERK

## Plaintiff's Motion To Compel Discovery

The Plaintiff moves Pursuant to Rule 34(b) and 37(a), Fed.R.Civ.P., for an order compelling the defendants to produce for inspection and copying the documents requested.

I Gartor Kiki Brown declares under Penalty of Perjury:

1. I am Plaintiff in this case. Defendants Fochtman, Plocinik, Johnston, Maxwell was served with a Request For Production of Document (Exhibit A). Plaintiff requested defendants to produce all electronically stored information (ESI) specifically video recording from the incident alleged. Plaintiff put defendants on notice to preserve all tape recording on 2/13/18 by way of their electronic monitoring system. Plaintiff again put defendants on notice with a Notice of Intent to Initiate Litigation regarding the incident from 2/2/18 through 2/8/18. Plaintiff seeks to compel video surveillance tape from 2/2/18 through 2/8/18. This is direct evidence the court could use to set the facts apart.

2. Plaintiff also requested photographs concerning the subject matter, defendants did send photographs, but it was not in color. Plaintiff can not see the photos clearly. Plaintiff request the color photos.

3. Plaintiff also requested for inspection & copying all transcripts of deposition taken in which defendants did not provide. Defendants response (Exhibit B) direct Brown to go through a court reporting service. Brown objects, as he view such request as relevance in which under 26(b) defendants has to provide the documents for viewing & or copying.

4. Under (Exhibit C) Plaintiff Request For Production of Document in combining Request 4,6,7. Plaintiff seeks for inspection & copying all (IRC) team documents of inmate Allen in full, this would inform Brown as to what defendants knew of the inmate cell, history not just at SCI Huntingdon but at all state institutions the inmate was housed at. Plaintiff also seeks all misconduct history and criminal history of the inmate while in the DOC. This will inform Brown as to any prior incident that should had put defendants on guard. Brown also seeks all grievances filed by the inmate just at SCI Huntingdon only because the inmate could had warned defendants in writing. Plaintiff claims these request were objected by defendants. Defendants seemed to send Plaintiff inmate Allen's misconduct history while at SCI Huntingdon, but they were all blacked out preventing Brown from seeing anything. They also cited that four of the misconduct was pursuant to sexual harassmen, see (Exhibit L). Brown seeks the inmate full misconduct history not just at SCI Huntingdon.

5) Plaintiff Request for inspection all Pennsylvania Additive Classification Tool Policy or (PACT) including but not limited to classifying & housing inmates, this was also objected under request #2 pursuant to (Exhibit C). Also pursuant to (Exhibit C) Plaintiff Request all investigation file pursuant to any claims against inmate Allen under the DOJ, P.R.E.A. or OOS. Brown seeks the documents as relevance which was also objected.

6) Defendants objected to (Exhibit D) request 10, (Exhibit I) request 7 & (Exhibit E) request 5 were all objections & consist of the same request; "Have you been under investigation for any wrong doing, this is not limited to DOJ & OOS allegations, serious injuries etc, this is a important request because the defendants might have a history of ignoring or supporting violance. Brown has a right to defendants files pursuant to investigation for any wrong doing in which he request the documents for inspection & copying. (Exhibit Z) is a page of what must of the discovery send to Plaintiff looks like (black out)

