# In The United States District Court
# For The Middle District OF Pennsylvania

Gartor Kiki Brown

V.

LT. Gildea et. al.

FILED
SCRANTON

MAR 19 2020

PER _____
DEPUTY CLERK

NO. 18-CV-1527

# Brief To Plaintiff Motion To Compel Discovery

## Argument

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial," Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct.385, 91 L.Ed. 451 (1947). Brown claims video recording outside the cell or Pod for which the incident took place is highly relevant to the subject matter, as defendants & the Plaintiff tell two different story, the court could use the footage as a fact finder, e.g. in Fochtman's interrogatories he claims he exchanged Brown's sheets, that Brown only had a bloody nose & refused medical treatment, & that Brown only asked to move to see the T.V. Brown claim their was no tv. on the Pod at the time & Fochtman was not the one to change his sheets, Limber, Boxers, itilig Johnston, that is of high relevance, & it defendants distort the tape knowing it would be crucial evidence despite Brown puting them on notice to reserve the tape, then Brown could request a sanction for s-poliation under Rule 37(e).

Brown argues that color pictures are also of relevance, defendants send Brown pictures in black & white to prevent him from seeing anything, was the picture tooken with the inmate clothing on or off, are their discoloring, inflamation, limbs, abrasion, marks, cuts etc. The transcript of the deposition is also in itself relevant for viewing & corviwe, as it is plaintiff right to cite to what was send in his deposition & produce it as exhibits.

Plaintiff predicates that the IRC team documents in full is of relevance, as in any claims binder the DOC it is important to know if the person had any RHUs, did defendants that self document serious acts of violence by the inmate, was the inmate even possible to be house with other inmates, was their red flags that officials them self acknowled but ignored, did the inmate warn officals & they ignored it, Brown claims the IRC team document of the inmate & cell history, the inmate misconduct history & grevance history would tell or help the courts decide the case.

Plaintiff claims the Pennsylvania Additive Classification tool Policy or (P.A.C.T.) & the investigation files of other ool or oos claims against inmate Allen, is highly relevant because it would show if defendants went against any classification policy, in housing Brown with the litar & if their is a pattern of prior claims against the inmate.

Plaintiff claims all investigation files of defendants prior or allege misconduct is relevant to his claim, such as any prior incident of supporting or ignoring violence or ool or oos claims can not be ignored, is the defendant consistently under investigation for other allered wrong doing, this would inform the plaintiff as is sensitive material of any pattern of wrong doing. Plaintiff also claim all relevant information was black out of which he could not see what was on the page.

Relevance for discovery purposes, is defined broadly. The Rules permit discovery "regarding any, nonprivileged matter that is relevant to any party's claim of defense." ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The burden is upon the party resisting the discovery to state the grounds for the objection with specificity. Fed. R. Civ. P. 33(b)(4), Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppresive and irrelevant will not suffice." (quoting Josephs v. Harris Corp. 677 F.2d 985, 992 (3d Cir. 1982))

# In The United States District Court
# For The Eastern District Of Pennsylvania

Gartor K. Brown

V.

LT. Givlea, et al.

NO. ~~00000~~ 18-cv-1527

## Plaintiff's Request For Production Of Documents

Pursuant to Rule 34 of The Federal Rules Of Civil Procedure, Plaintiff requests that Defendant ~~Givlea Producnik~~ manual Produce for inspection and copying the following documents to inspect or test, sample the following items in the responding party's Possession, Custody, or Control; Please forward to Gartor Brown Pro Se Plaintiff, within thirty (30) days from service of this Request:

1) "Documents" as in original and any non-identical copy of any written, printed, typewritten recorded or graphic matter, however produced or reproduced, including correspondence, medical records, telegrams, other written communications, tapes, annual reports, prospectuses, accountant's work sheets, contracts, deeds, agreements, draft agreements, schedules, notes, including handwritten notes from staff meetings, memoranda, analyses, projections, work papers, studies, surveys, investigations, diaries, calendars, appointment books, films, photographs, minutes of meetings, books of account, inventories, spreads, ledgers, invoices, receipts, confirmation slips, statements of accounts, checks, drafts, IOU's, Personal financial statements, corporation policies, checking and savings account statements, in custody or control of defendants, former agents and employees, and or all persons acting or purporting to act on his behalf, or and of them, any electronically stored information, any designated tangible things.

2) If you object to any of the requests herein, whether in whole, or in Part, on the grounds that the information sought herein is privileged or confidential (hereinafter "Privileged"), you shall produce as much of the documents, or as much of the documents and/or information concerned, as to which no Privilege is claimed.
(a) Identify the Privileged document, Portion of document, and/or information.
(b) State specifically the exact Privilege claimed, together with such facts as will enable the court to determine the merit of the claim or Privilege.

3) "You" and "Your" refer to defendants and or his attorney, and or any investigator Performing work on behalf of defendants in connection with this case.

4) When a document is required to be identified, state with respect to each document the following information, to the extent it exists (a) the date; (b) the author; (c) a description of the document (e.g. invoices, letters, etc.); (D) the address; (e) persons or entities, other than the addressee who received copies, or were identified on the document as to receive copies; (F) the custodian of the document; (G) the present location of the document; (H) if the document has been lost or destroyed, together with a description of all known circumstances, pursuant to which the document was lost or destroyed.

5) Where a person is required to be identified, state, his or her name, his or her present or last known home address, the name and address of his or her current or last known employer and his or her Job classification with that employer, and his or her employer and Job classification at the time of the events referred to in the complaint.

## Request For Production

1) Any statements concerning this lawsuit or it's subject matter made by any party regarding this matter or any person who is a witness in this matter.

(Exhibit A)                                                                    ②

2) Any statements concerning this lawsuit or it's subject matter made by an expert within your knowledge.

3) Any photographs concerning this lawsuit or it's subject matter within your knowledge.

4) Any diagram or drawings concerning this or it's subject matter within your knowledge.

5) Any reports provided by your investigator including tape recording.

6) The entire claims and investigative file of defendants or his or their attorney, or any other organization related thereto, concerning the incident involved in this lawsuit; excluding references to mental impressions, conclusions or opinions representing strategy or tactics or privileged communications from counsel.

7) All income tax returns of defendants for the period from 2016 to present.

8) All wage/wage loss statements, if any, for the period from 2016 to present.

9) All doctor bill receipts if any pursuant to any defendant insures pursuant to this lawsuit.

10) Any other medical or economic records or reports regarding plaintiff's alleged injuries.

11) Any and all employment records of defendants that are relevant to any claims made in plaintiff's complaint.

12) Any documents, which relate to or describe any or relied in preparation for trial in this case.

13) Any and all news articles concerning any event or party or matter involved in plaintiff's complaint

14) All X-rays taken in this matter.

15) Produce all medical records from his stay at SCI Huntingdon.

16) All transcripts of deposition taken.

1/3/19

(Exhibit B)

16.   All transcrips (sic) of Deposition tooken (sic).

**RESPONSE**:       **OBJECTION.** Defendants OBJECT to this request as it

is overly broad, unduly burdensome, and not proportional to the needs of this case.

Defendants further OBJECT in that the request is confusing as worded. Specifically,

it is unclear and confusing as to what the Plaintiff is specifically requesting. By way

of further answer, he does not specify a time, place, or incident in order for

Defendants to know what he requests.

Without waiving the objections, only the deposition of Plaintiff has been

conducted. Copies of the transcript must be purchased from the court reporting

agency. To contact the court reporting agency to inquire about cost, please write to

Sargent's Court Reporting Services, Inc.; 210 Main Street, Johnstown, PA 15901,

and include the information for the deposition:  Deponent: Gartor Kiki Brown; Date:

August 5, 2019; Reporter: Lindsay Richardson.

11

Ref: 1258511 pg 15 of 45 for GARTOR BROWN

# In The United States District Court
# For The Middle District OF Pennsylvania

Gartor kiki Brown

(Exhibit C)

V.

NO. 3:18_CV_01527

LT. Maxwell et. al.

**FILED
SCRANTON**

MAR 19 2020

Per_____
**DEPUTY CLERK**

# Plaintiff's Request For Production OF Documents

Pursuant to Rule 34 of the Federal Rules Of Civil Procedure, Plaintiff requests specific documents are Produce by defendants Maxwell, Plocinik, Johnston, Fochtman, Chilcote, Harris, Kendrick, Heaster for inspection and copying.

1) First & last name of the inmate he was housed with on Unit G Block A from 2/3/18 through 2/8/18 at SCI Huntingdon in cell 108.

2) Plaintiff seeks for inspection & copying from the DOC defendants all Pennsylvania Adelitive Classification Tool Policy, or (PACT) Policy, including but not limited to classifing & housing inmates.

3) Plaintiff Seeks for inspection & copying all "(11.2.1)" Policy Manual.

4) Plaintiff seeks for inspection & copying all "(IRC)" documents Pursuant to what the I.R.C. team documented while at SCI Camp Hill & must importantly SCI Huntingdon; Plaintiff also seek these documents as to the IRC Documents of inmate Allen some inmate he claim sexually assaulted him or may the inmate have a different government name, Plaintiff seeks the information, as to the inmate he was housed with on G-A in cell 108, from 2/3/18 through 2/8/18 while at SCI Huntingdon in the RHU, Plaintiff seeks full history of IRC documents from the time the inmate entered the DOC to current date.

5) Plaintiff seeks for copying all classifide classification documents from the "diagnostic Center" all psychological testing & integrated case summary of the inmate known as inmate Allen "some person he claims sexualy assaulted him, Plaintiff also seeks the same information for one "Gartor kiki Brown."

6) Plaintiff seeks Misconduct, grievance, & Criminal record history of the inmate he was housed in cell 108 on G-A, in the RHU at SCI Huntingdon from 2/3/18 through 2/8/18.

7) Last Plaintiff seeks for inspection & copying all complaints, statements, investigation files of any other inmate or staff that claim that inmate Allen had attempted to or did sexualy assault & abuse them or threaten to do as such; any other claims against the inmate Pursuant to ADM 001 or 008 Policy.

8) Plaintiff also seeks for inspection & copying a statement from Ivan Costillo LS 3066, the statement Predicates as to what the inmate knewn about the sexual assault. the statement was confiscated by Ms. Spiker & Ms. Maxwell after brown gived the statement to his Counselor Richards to copy, she then gived it to maxwell & spiker, they then confiscated the statement claiming it was put in a investigation file and Brown could not get a copy.

(Exhibit L )

A review of DOCNET Inmate Query-Cell History for NA6401 Brown shows he was housed in GA1008 cell from 2/3/18 through 2/8/18 with Inmate Allen. Brown was then moved to GD1005 cell on 2/8/18 and has not had a cellmate since.

A review of DOCNET Inmate Query-Cell History for FX1504 Allen shows he was housed in GA1008 cell from 2/3/18 through Present. Brown was moved from the cell on 2/8/18 but Allen has remained celled in GA1008.

A review of Inmate Query-Summary Misconducts shows that NA6401 Brown received a total of 8 Misconducts, none of which were sexual in nature.

A review of Inmate Query-Summary Misconducts shows that FX1504 Allen received a total of 77 Misconducts, with four being for sexual harassment. Two of those four misconducts included indecent exposure.

A review of DC-457 Medical Incident/Injury Report for NA6401 Brown shows that he refused medical treatment.

A review of DC-457 Medical Incident/Injury Report for FX1504 Allen shows he was evaluated by medical and denied any injuries.

A review of the Guard 1 report for February 3 thru February 7 for the Pipe station located in the corner beside GA1008 cell, where Inmate Brown and Inmate Allen were housed during the allegation. This report shows the station was hit at various times within thirty minutes of each other. If there was an altercation this would have been noticed and reported by one of the Officer's conducting the tour and Inmate Brown could have easily reported the incident to the Officer conducting the tour.

A review of Inmate Cumulative Adjustment Records for NA6401 Brown shows multiple entries of him requesting "Z" code and/or attempting to manipulate staff into giving him a "Z" code.

A review of Security Level 5 Housing Unit Exercise, Shower, Shave Sign-Up for GA quad for February 4 thru February 7 2018. This shows FX1504 Allen went to yard on February 5, 6, and 7th. Inmate Brown had multiple opportunities to report any issues to staff at this time and if there was physical or sexual assaults taking place he could have refused to leave Allen back in the cell when he was returning from yard.

EOR 2018-HUN-00079 included with this report.

A review of Pennsylvania State Police Report Incident Number PA2018-154001 indicates it is their belief a crime was not committed against Inmate Brown. Inmate Brown did not present to be credible during the interview or present as a legitimate victim. It is believed no assault or rape had occurred and this investigation is unfounded.

State Correctional Institution at Huntingdon, 1100 Pike Street, Huntingdon, PA 16654

Ref: 1258511 pg 25 of 45 for GARTOR BROWN

# In The United States District Court
# For The Middle District OF Pennsylvania

(Exhibit D)

Gartor kiki Brown

V.                                                    No. 18_CV_01527

LT. Maxwell et al.

# Plaintiff's Interrogatories Combine With Request For Production OF Documents

Pursuant to Rules 33 and 34, Fed. Civ. P., the Plaintiff submits the following interrogatories and requests for documents to defendant, Johnston. You are directed to answer each of the interrogatories under oath, and provide the Plaintiff with copies of each of the requested documents. Note c/o Johnston was misspelled as Johnson in Plaintiffs complaint.

1) State the duties of defendant Johnston. A official employed at SCI Huntingdon Correctional Facility, if those duties are setforth in any Job scriptions or other documents. Produce them for inspection.

2) Mr. Johnston what race are you?

3) What do you know about the incidents in Plaintiff's complaint or Amended complaint: can you be specific and can you Produce all documents that would help surport your response?

4) As an extension of question #(3) Brown claim between 2/3/18 through 2/8/18 he was Housed on G_A in 208 cell with inmate Allen, did you have any encounter with either inmate around this time, if so when, what was your actions? Did you at anytime switch all of Brown's clothing and linens because they had blood on them.

5) Did you see to it that Plaintiff received medical attension During an encounter with him on 2/7/18 Pursuant to switching his linens?

6) On 2/7/18 at anytime were you responsible for punches on G_A, if so at anytime did you not conduct a punch because you was told not to or because you was aware of what was going on in cell 108, in which you tried to avoid?

7) As Policy can you state what it is you would have to do if you encounter a inmate on inmate sexual assault by witnessing or by a inmate telling you with whom he is in the cell with while in the RHU. walk me through your Policy!

8) Who was your Supervisor on 2/7/18 from Sgt. to LT & so on, did they tell you to switch Brown's linens, what did you tell them, who are your witnesses Pursuant to your predications And if this case were to go to trial? Produce all documents.

9) Do you think their is a Policy where Supervisors Put c/o's of color on a Post where they think a constitutional tort is going on, or Pending?

10) Have you been under investigation for any wrong doing by in house Administration or outside goverment agency while employed at SCI Huntingdon including but not limited to serious injuries, ignoring, inmate on inmate sexual or assault, force, death, searches, also are you currently a defendants in any Pending litigation, Produce all documents as related.

11) Produce all grievances you have written against you by inmates while employed at SCI Huntingdon.

12) Do you have a Criminal record?

In The United States District Court
For The Middle District OF Pennsylvania

Gartor Kiki Brown                                    (EXhibit E)

V.

                                          NO. 3:18_CV_01527

LT. Maxwell et. al.,

Plaintiff's Interrogatories Combined With Request For Production Of Documents

Pursuant to Rules 33 and 34, Fed. R. Civ. P, the plaintiff submits the following interrogatories and requests for documents to defendants LT. Maxwell and C/O Plocinik. You are directed to answer each of the interrogatories under oath, separately, and provide the plaintiff with copies of each of the requested documents or make them available to the plaintiff for inspection and copying.

1. State the duties of defendant Maxwell and Plocinik both officials at SCI Huntingdon Correctional Facility, if those duties are set forth in any job descriptions or other documents produce the documents for inspection.

2. State the names, titles and duties of all staff members at SCI Huntingdon who have responsibility for responding to, investigating or deciding inmates grievances, if those duties are set forth in any policy, directive, or other documents, produce the documents.

3. To defendants LT. Maxwell and C/O Plocinik, produce for inspection all grievances filed against you at the facility management level with in the last five years from 2014 to current date, including complaints from co workers filed against you, to specified the grievances are filed by inmates.

4. To defendants LT. Maxwell and C/O Plocinik do you feel inmates grievances filed against you was adequately investigated, and at anytime after investigation were you disciplined pursuant to any wrong doing, if so can you be specific as to each case and produce all documents pursuant to each matter?

5. At anytime with in the last five years defendant LT. Maxwell and C/O Plocinik have you been under investigation at any administrative level, or by any government agency outside in house administration, if so produce all documents pursuant to any such investigation.

6. LT. Maxwell, state the procedure in effect during October 23rd 2017 pursuant to evaluating and processing pursuant to an inmate that came from another state institution with claims of victimization by a sexual predator at his prior institution, if the procedure is in the form of documents produce them.

7. To LT. Maxwell, what are some dangers a homosexual inmate with housing concerns face if he's put in a cell with a sexual predator, or a violent inmate that dose not want him in the cell? Can you be very specific!

8. LT. Maxwell and C/O Plocinik during your time employed at SCI Huntingdon Correctional Facility, to your knowledge how many inmates on inmate sexual assault victimization has their been, how many of these cases were investigated and found substantiated, unsubstantiated, unfounded. Produce all documents pursuant to the claims and the investigation and outcomes even if its ongoing.

9. LT. Maxwell and C/O Plocinik, at anytime, did inmate Gartor Brown meet with you asserting safety concerns, at anytime did Brown tell you he was a homosexual?

10. LT Maxwell, Brown meet with you and state police asserting he was sexually assaulted by his cell inmate Allen on 6A cell 108, a short time after did you and the state police, call inmate Allen and told him Brown's claims, after the meeting did you send inmate Allen back to G_Unit?

11) LT. Maxwell Brown is asking for all the write up's or misconducts especially of assaultive and sexually assaultive behavior by inmate Allen while he has been an inmate within the D.O.C. Brown is also asking for all complaints or grievances written by other inmates or staff member against inmate Allen during his 17 year stay as a D.O.C. inmate.

12) C/o Plocinik was you aware that Brown meat with LT. Maxwell and the state Police pursuant to claims of sexual assault by his cellmate inmate Allen, if so produce all document pursuant to the matter i did you walk Brown to that meeting?

13) C/o Maxwell and C/o Plocinik can you be specific as to what you know about the incidents Plaintiff stated in his complaint? Can you produce all documents as to witnesses interview statement from staff members.

14) Are you C/o Maxwell and C/o Plocinik currently a defendant in any pending law suits?

15) Produce for inspection all P.R.E.A. reports against you Mr. Plocinik and Mr. Maxwell while working at SCI Huntingdon or any other correctional facility.

16) Mr. Maxwell How long were you a P.R.E.A. investigator and are you still a P.R.E.A.; also would a inmate with a P.R.E.A. claim have to write a grievance by your policy?

17) What are your separation policy during a pending P.R.E.A. investigation, how is it different from an inmate reporting an inmate and an inmate reporting a gllard; and regaurdless of the outcome of the investigation are their any policy in place to keep both partys separated?

# In The United States District Court
# For The Middle District OF Pennsylvania

Gartor Kiki Brown

V.

LT. Maxwell et al.,

(Exhibit I)

NO. 18_cv_01527

# Plaintiff's Interrogatories Combine With Request For Production OF Documents

Pursuant to Rules 33 and 34, Fed.R.Civ.P., the Plaintiff submits the following interrogatories and requests for documents to defendant Fechtman. You are directed to answer each of the interrogatories under oath, and provide the Plaintiff with copies of each of the requested documents.

1) State the duties of defendant Fechtman, a official at SCI Huntingdon Correctional Facility, if those duties are set forth in any job descriptions or other documents. Produce the documents for inspection.

2) State the R.H.U. Policy after an inmate on inmate sexual assault or assault in which the cellmate was the actor, if the policy is set forth in any documents. Produce them for inspections.

3) What do you know about the events stated in plaintiff's complaint from 2/3/18 through current date, what did you see or hear, what was your actions if any, who are your witnesses be very detail and specific.

4) Where you ever on post from 2/3/18 through 2/8/18 while inmate Brown was in a GA 108 cell with inmate Allen, if so did you have any encounters with Brown or Allen at such time, be specific as to each encounter if any, were you passing out mail, were you call to the cell, or doing rounds, who was on shift at the supervisor level during this time?

5) At anytime did Brown predicate to you inmate Allen's actions and did Brown asked to be remove, are their any video tape recording that would support your claims?

6) State all witnesses if any that you may call on at Trial?

7) Have you been under investigation for any wrong doing by in house administration or outside government agency while employed at SCI Huntingdon, including but not limited to Serious injuries, ignoring inmate on inmate assaults or sexual assaults, force, death, searches, also are you a defendant in any pending litigations?

8) At anytime during any encounter with Brown pursuant to his claims in his complaint against you, did you see to it that he got medical attention?

9) Have you had any other incidents with Brown after 2/8/18?

10) Do you have a criminal record, if so produce document for inspection relating to what happend.

11) Do you currently work at SCI Huntingdon In the RHU on 2 to 10 shift, if so are their any clo of color working on your shift?

12) Produce for inspection all grievances wroten against you by inmates while employed at SCI Huntingdon.

(EXHIBIT 2)

| Misconduct # | Charges | Drug Related | Incident Date | Incident Location | Reporting Staff |
|---|---|---|---|---|---|

Copyright | Disclaimer

DEF000058

Certificate Of Service

I hereby State that I am Gartor Brown. Plaintiff In this Case & that on _____ 3 _____ day of _____ 8 _____ 20 _____ 20 _____ a correct

copy of Plaintiff's Motion to compel Discovery with brief & 10 Pages In Exhibits was Put into the Prison's mail box & send to the address below.

United States District court
235 North Washington Ave
P.O. Box 1148
Scranton, PA 18501

Date 3/18/20

Gartor Brown NA6061
SGt Forest
P.O. Box 307
286 woodland Drive
Marienville, PA 16239