IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARTOR KIKI BROWN,<br> Plaintiff, | : | No. 3:18-cv-01527 |
| | : | |
| | : | **Honorable James Munley** |
| vs. | : | |
| | : | *Electronically Filed Document* |
| LT. MAXWELL, C.O. PLOCINIK, | : | |
| C.O. JOHNSON, C.O. FOCHTMAN, | : | |
| and KENDRICK, | : | Complaint filed Nov. 28, 2018 |
| Defendants | : | |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff accuses the Defendants of failing to preserve electronically stored information. However, the Plaintiff provides no evidence that such ESI existed. Therefore, his motion for sanctions should be denied.

## COUNTERSTATEMENT OF THE CASE

Plaintiff claims the Defendants, staff of the Pennsylvania Department of Corrections ("DOC"), violated his Eighth Amendment rights by failing to protect him from a former cellmate, who he alleges sexually assaulted and abused him. (Doc. 25). In his brief, the Plaintiff claims that the Defendants failed to preserve a video related to his claims of being sexually assaulted between February 3 and February 8 of 2018. Doc. 84, p. 1. According to grievance number 721491, he asked for all video to be preserved from February 2 to February 13. *Id.* at p. 3. However, Plaintiff provides no evidence that video from those dates relating to his

sexual assault allegations exists. Indeed, an excerpt of an investigative report from the Pennsylvania State Police indicated that Defendant Maxwell told the State Police on February 14, 2018, that no video existed. *See* Doc. 84, p. 11 (Exhibit K). An excerpt of an investigative document from SCI Huntingdon confirms that no video existed. *Id.* at p. 12 (Exhibit L). The Plaintiff has filed a Motion for Sanctions, with Brief in Support. Docs. 83, 84. This brief is in opposition to the Plaintiff's Motion.

## QUESTION PRESENTED

Should the Court deny the motion, because the Plaintiff cannot demonstrate that any video existed?

*Suggested Answer: Yes.*

## ARGUMENT

"Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.,* 665 F.3d 68, 73 (3d Cir. 2012) (citation omitted). But in this case, the Plaintiff fails for the threshold reason that he cannot demonstrate that the evidence in question even exists.

Plaintiff asseverates that the Defendants should have preserved video from February 3 to February 8, 2018, that would have "involve[d] information in relation to Plaintiff's claims." Doc. 84, p. 1. He points to various requests he made to preserve this video. *Id.* at Exhibits B, D, F. However, he produces no evidence that there was actually video of the incidents he alleged. To the contrary, he attaches Exhibits showing that the Department has consistently maintained that there was no video of the sexual assault he alleged. *See* Exhibits K ("Lt. Maxwell related no video surveillance of the alleged assault or rape was available."); Exhibit L ("There is no video available for this allegation.").

Plaintiff's only "evidence" that there was video of this assault comes not from responses to those initial requests, but from responses to other grievances. He attaches a grievance response he received on June 19, 2019, relating to an incident from May 7, 2019. Exhibit G. It appears that this grievance related to legal mail being sent out and whether or not it was handled appropriately by two COs. *Id.* The Plaintiff underlined the statement that the individual responding to the grievance "reviewed CCTV footage[.]" *Id.* He also attaches a Facility Manager's Appeal Response from October 28, 2019, which states that a "Lt. Campbell informed you that he reviewed the video" relating to an incident between the Plaintiff and a CO Garlick that occurred sometime in 2019. Exhibit H.

Simply put, merely because the DOC had video of other incidents (which may have occurred in the same general area as the Plaintiff's alleged sexual assault) does not mean that there was any video of the incidents alleged in this case. The prison, in both its own internal investigation and in a report to the State Police, stated that video of the alleged sexual assault did not exist. Exhibits K, L. The Plaintiff has no evidence that these statements are false. Rather, he points to evidence that video existed for unrelated incidents, which occurred *over a year* after the sexual assault alleged here. This does not prove that video of the February 2018 alleged assault exists. As such, the Defendants should not be sanctioned for failing to preserve non-existent video.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that this Honorable Court deny the Plaintiff's Motion for Sanctions.

                                              **Respectfully submitted,**

                                              **JOSH SHAPIRO**
                                              **Attorney General**

                                 **By:**   *s/ Caleb Curtis Enerson*
                                              **CALEB CURTIS ENERSON**

**Office of Attorney General**        **Deputy Attorney General**
**15th Floor, Strawberry Square**   **Attorney ID #313832**
**Harrisburg, PA 17120**
**Phone: (717) 705-5774**            **KAREN M. ROMANO**
                                              **Chief Deputy Attorney General**
[cenerson@attorneygeneral.gov](mailto:cenerson@attorneygeneral.gov)  **Chief, Civil Litigation Section**

**Date: March 25, 2020**             *Counsel for Defendants Maxwell,*
                                              *Fochtman, Plocinik, Johnson*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARTOR KIKI BROWN,** | : | No. 3:18-cv-01527 |
|   Plaintiff, | : | |
| | : | Honorable James Munley |
|        vs. | : | |
| | : | *Electronically Filed Document* |
| **LT. MAXWELL, C.O. PLOCINIK,** | : | |
| **C.O. JOHNSON, C.O. FOCHTMAN,** | : | |
| **and KENDRICK,** | : | *Complaint filed Nov. 28, 2018* |
|   Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2020, I caused to be served a true and correct copy of the foregoing document to the Plaintiff via HAND DELIVERY through the Department of Corrections. This alternative method of service is being used as a result of the COVID-19 emergency.


                                        *s/ Caleb Curtis Enerson*
                                        **CALEB CURTIS ENERSON**
                                        **Deputy Attorney General**