IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARTOR KIKI BROWN, | : | |
| Plaintiff, | : | 3:18-cv-1527 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LT. MAXWELL, *et al.*, | : | |
| Defendants. | : | |

### **ORDER**

### **May 5, 2020**

NOW THEREFORE, upon consideration of Plaintiff's motion (Doc. 73) to compel Defendants to respond to his Request for Documents, and it appearing that it has long been held that decisions regarding Rule 37 motions, and the scope of discovery permitted under Rule 26, rest in the sound discretion of the court, *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir.1974); *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir.1987), and that such decisions, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion, *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983), it is hereby ORDERED as follows:

1. Plaintiff's motion (Doc. 73) is DENIED with respect to his request for video footage between February 2, 2018 and February 8, 2018, based on the Court's prior Order (Doc. 90) determining that no such video exists (Doc. 84, p. 11). We cannot compel production of something that does not exist. *Susquehanna Commercial Fin., Inc. v. Vascular Res., Inc.,* No. 09–2012, 2010 WL 4973317, at *6 (M.D.Pa. Dec.1, 2010).

2. The motion is DENIED with respect to the request for color photographs based on Defendants' representation that they have replaced the previously produced black and white photographs with color photographs. (Doc. 91, p. 3).

3. To the extent Plaintiff seeks to compel Defendants to provide him with a copy of his deposition transcript, the motion is DENIED. As noted by Defendants, "[t]here is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal [or other] monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." (Doc. 91, p. 4, quoting *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (citation omitted)).

4. Plaintiff's motion is DENIED with respect to his requests for Inmate Allen's criminal history and grievance history. Such discovery requests are irrelevant and overbroad.

5. The motion is CONDITIONALLY DENIED as to certain other requests concerning Inmate Allen. Within ten days of the date of this Order, for the time period covering the six months prior to the alleged incident in this matter, Defendants shall SUBMIT to the Court for *in camera* review any "IRC team documents" related to Allen, Allen's misconduct history, and any investigations into Allen under the PREA or DC ADM 008.

6. The motion is DENIED as concerns Plaintiff's requests for any grievances filed against the Defendants and any investigations of the Defendants because the requests are irrelevant and overbroad.

7. The Court will withhold decision on Plaintiff's request seeking the policies relating to classification and housing of inmates. Defendants appear to be raising the official information privilege. A claim of official information privilege must be asserted by the head of the agency claiming the privilege after he or she has personally reviewed the material and submitted "precise and certain reasons for preserving"

the confidentiality of the communications. *U.S. v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980). Defendants shall file an appropriate affidavit within ten days of the date of this Order.

                                          s/ John E. Jones III
                                          John E. Jones III
                                          United States District Judge