# In The United States District Court For The Middle District Of Pennsylvania

Gartor Kiki Brown

V.

LT. Maxwell et. al.,

FILED SCRANTON MAY 26 2020 PER ___ DEPUTY CLERK

NO. 18-CV-01527

## Plaintiff's Brief To Consult With The Court Pursuant To Discovery Issue

This is not a case were defendants forgot to dot their "i" or cross their "t" thus Brown's claims alleged are very serious.

Defendants are playing a game of blind man's bluff with important documents pursuant to the case at hand. Under Rule 26(a) it requires the disclosure of certain information at the start of discovery, specifically the rule recuird that parties disclose without request, a copy, or a description by category and location of all documents, electronically stored information, and tangible things etc.

In multiple Discovery requestes Plaintiff requested IRC team documents not limited to classification & housing of inmates policys.

The courts limited Plaintiff's Discovery request by a camera review of IRC Documents & the inmate's misconduct history & PREA investigations covering the six months prior to the alleged incident; and an affidavit as to why the policies relating to classification & housing inmates is privilege.

Plaintiff received only a copy of a letter addressed to Judge Jones from a Ms. Bedell claiming that "IRC" stands for "Initial Review Committee" & only evaluate inmates when they are new to the institution, thus because the inmate was transferred to SCI. Huntingdon, in 2009 only the documents from the 2009 evaluation would reflect or be consistent with court order. This may be misleading. Brown object's as "Counselors", "Psych" members of "PRC" are all members of the "IRC" team. So all IRC team documents "relative to inmate Allen" should include not only a IRC evaluation from 2009 but all set documents from all "IRC" members covering six months prior to the alleged incident. this may include documents from the inmate "Icar" "Conclution of P.RC. meeting", "counselors note", "PSych notes" etc.

Limiting the IRC team Documents to a evaluation from 2009 would be manifestly unjust.

Thus the Doc or "official agency policys" are left in a "dust bowl" & safeguarded by agency lawyers; Brown's claims are like a strong wind, uncovering & exposing set policys from the "dust bowl" to identify the printed texture, showing how officials actions contradict what is printed. It's essential that the court bring a magnifying lens to the issue at hand, nor should the court be faded to the impact of the method in which the agency set it's policys on the shelf cover in a "dust bowl" only applying these policys that is safeguarded when beneficial to the agency.

In light of the classifications policys & policys pursuant to housing inmates; The court should ask "Why are these policys safeguarded from those it intended to protect? clearly the policys are not law, but it's tolerated in the civil system only if applyed, in addition if the classification & housing policys were strictly apply & enforced pursuant to Brown's claims why claim "official information privilege" in particular why not have Brown & the courts view them for public intrest, or is this a case were officials actions are so "out far" from the "textual prints" that they are compromised? Thus Plaintiff declare he has already proven his case through summary judgment & may not even need such policys because the facts are clear, however the court must "draw a line in the sand" see relative cases; Roberto camacho v. R.J. Dean 2018 U.S. Dist. LEXIS 60696, Landau v. Lamas. 2018 U.S. Dist. LEXIS 176031 (M.D. Pa. Oct. 11, 2018)



Inmate Name: Carter Brown  DC# NA6401
Housing Unit:
SCI Forest
PO Box 945
Marienville, PA 16239

INMATE MAIL

United States District Court
235 North Washington Ave
P.O. Box 1148
Scranton, PA 18501

RECEIVED SCRANTON
MAY 2 6 2020
PER _____ DEPUTY CLERK

Inmate Mail Dept. of Corrections
18501$5001 C770