IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARTOR KIKI BROWN, | : | |
| Plaintiff, | : | 3:18-cv-1527 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LT. MAXWELL, *et al.*, | : | |
| Defendants. | : | |

## ORDER

**June 4, 2020**

NOW THEREFORE, upon consideration of Defendants' May 15, 2020 *in camera* submission to the court *via* email, and it appearing that, in accordance with the Court's May 5, 2020 Order (Doc. 100) addressing Plaintiff's March 19, 2020 motion to compel (Doc. 85), the email contains the unsworn declaration of Jason Stauffer and produces for *in camera* inspection, a Pennsylvania Department of Corrections Investigative Report dated March 14, 2018, and an Initial Reception Committee ("IRC") record dated June 26, 2009, and upon further consideration of various other pending motions (Docs. 104, 106, 107) it is hereby ORDERED as follows:

1. The Clerk of Court is directed to DOCKET Defendants' May 15, 2020 letter to the Court and DOCKET, as an attachment to that letter, the Unsworn Declaration of Jason Stauffer.

2. Based upon Stauffer's "precise and certain reasons for preserving" the confidentiality of the communications concerning the policies relating to classification and housing of inmates, *U.S. v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980), Plaintiff's motion to compel (Doc. 85) the production of such policies is DENIED.

3. With regard to the requests concerning inmate Allen, the motion to compel (Doc. 85) is GRANTED in part and DENIED in part.

   a. Review of the Pennsylvania Department of Corrections Investigative Report dated March 14, 2018, reveals that this report contains some information, if divulged, would threaten the orderly operation of the prison as well as the security of other inmates and staff members. *See Bailey v. McMahon*, No. 1:07-cv-2238, 2012 WL 1246147, at *9 (M.D. Pa. Apr. 12, 2012). However, to the extent that this document contains non-confidential and relevant information, including information contained in Plaintiff's ICAR files, production is warranted. *See id.; see also Paluch v. Dawson*, No. 1:06-cv-1751, 2008 WL 2785638, at *3 (M.D. Pa. July 17, 2008); *Alex v. Wetzel*, No. 1:13-cv-304, 2015 WL 418186, at *2-3 (M.D. Pa. Feb. 2, 2015). Defendants shall PRODUCE to Plaintiff the Pennsylvania Department of Corrections Investigative Report dated March 14, 2018, as follows[1]:

   i. Pages identified as DEF000045, 51-53, 57-72, 101-114, and 121-123, shall be REMOVED in their entirety based on either confidentiality and/or security concerns. Defendants are not required to produce these pages.

   ii. Pages identified as DEF000020, 50, 54-56, 74, 85-92, 119, and 120, shall be reviewed by Defendants and REDACTED to the extent that they contain confidential, security, or irrelevant information. Defendants shall PRODUCE to Plaintiff the redacted pages.

---

[1] The first page of the report is identified as DEF00008. The last page is marked DEF000138.

        iii.    Pages identified as DEF0008-19, 21-44, 46-49, 73, 75-84, 93-100, 115-118, and 124-138, shall be PRODUCED to Plaintiff. To the extent that any information within these pages is deemed confidential or raises security concerns, including, *inter alia*, employee numbers, enrollment details, identifying inmate information, Defendants may redact such information. Defendants shall PRODUCE to Plaintiff these pages, with any necessary redactions.

    b.    The motion to compel (Doc. 85) is DENIED with respect to Inmate Allen's IRC documents as they are irrelevant.

    c.    The motion to compel (Doc. 85) is GRANTED with respect to Misconduct C009726 issued to Inmate Allen on April 30, 2017. Defendants shall PRODUCE to Plaintiff the misconduct, the disposition of the misconduct and any appeal decisions. As noted *supra*, Defendants may redact any portions of those documents that raise confidentiality or security concerns

4.    Defendants shall PRODUCE the above documents to Plaintiff on or before June 15, 2020.

5.    Plaintiff's motion (Doc. 104) to consult with the Court concerning the various discovery issues surrounding the documents that are the subject of Defendants' *in camera* submissions is GRANTED. The Court has fully considered the issues raised by Plaintiff in his supporting brief (Doc. 105) in conducting the *in camera* review.

6.    The parties' motions (Docs. 106, 107) for extensions of time are GRANTED and the governing scheduling deadlines are as follows:

    a.    Plaintiff may SUPPLEMENT his motion for summary judgment, supporting brief, statement of facts, and exhibits, on or before June 30, 2020, to address the documents which Defendants' are required to produce as a result of this Order.

b. Defendants shall respond to Plaintiff's motion for summary judgment, and any supplement he may file, on or before July 15, 2020.

c. Plaintiff may file a reply on or before July 30, 2020.

d. Defendants shall file their motion for summary judgment, statement of material facts, and supporting brief on or before June 15, 2020.

s/ John E. Jones III<br>
John E. Jones III, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania