## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARTOR KIKI BROWN,** | : | **Civil No. 3:18-CV-1527** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **LT. MAXWELL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.    Factual Background

The plaintiff, Gartor Kiki Brown, is  a state inmate who filed in the instant case in 2018, lodging a series of sweeping claims against prison staff arising out of allegations that Brown was physically and sexually assaulted by another prisoner, Kaheim Allen, while these two inmates were housed together at SCI Huntingdon between February 3 and 8, 2018. Over the span of this longstanding litigation, the remaining claims in Brown's lawsuit have been narrowed considerably. At this juncture, Brown's sole remaining legal claims are Eighth Amendment failure to protect claims lodged against Defendants Maxwell, Plocinik, Johnston, and Fochtman, as well as Eighth Amendment medical deliberate indifference claims brought against Defendants Johnston and Fochtman.

With the extant claims in this case framed in this fashion, the defendants have filed a motion *in limine*, (Doc. 174), which seeks to preclude Brown, who is now proceeding *pro se*, from referring to or presenting evidence at trial relating to these claims that have previously been dismissed. This motion is now ripe for resolution.[1] Upon consideration of this motion, for the reasons set forth below, the motion is GRANTED in part as follows: Absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall be precluded from referring to these claims that have been dismissed.

## II.  **Discussion**

### A. **Motions *in Limine*—Guiding Principles**

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to

---

[1] We note that Brown did not respond to this motion and the time for filing a response has now passed.

unfairly prejudicial, confusing, or irrelevant evidence. <u>United States v. Romano</u>, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." <u>Bradley v. Pittsburgh Bd. of Educ.</u>, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine* that call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " <u>Abrams v. Lightolier Inc.</u>, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); <u>see</u> <u>Bernardsville Bd. of Educ. v. J.H.</u>, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). One of the key guiding principles governing the exercise of this discretion is reflected in the philosophy that shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. Adopting this broad view of relevance, it has been held that

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of

3

the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

Frank v. County of Hudson, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)). Rule 402 of the Federal Rules of Evidence, in turn, provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996) (citations omitted).

Rule 403 of the Federal Rules of Evidence then sets legal grounds for exclusion of some evidence, stating that:

> Although relevant, evidence may be excluded if its probative value **is** substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

These broad principles also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed by the parties here, which seek a pre-trial ruling excluding evidence on relevance and prejudice grounds. In the past, the United States Court of Appeals for the Third Circuit has cautioned against the preliminary, wholesale exclusion of evidence, noting that it has "made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*." Walden v. Georgia–Pacific Corp., 126 F.3d 506, 518 n. 10 (3d Cir. 1997). The reason

4

for this caution is evident: oftentimes a court "cannot fairly ascertain the potential

relevance of evidence for Rule 403 purposes until it has a full record relevant to the

putatively objectionable evidence." Id.; see also In re Diet Drugs Products Liability

Litigation, 369 F.3d 293, 314 (3d Cir. 2004). As the Court of Appeals has observed

when advising against excessive reliance on motions *in limine* to exclude evidence

under Rule 403:

> [M]otions *in limine* often present issues for which final decision is best
> reserved for a specific trial situation. American Home, 753 F.2d at 324;
> cf. Luce v. United States, 469 U.S. 38, 41–42, 105 S. Ct. 460, 463–64,
> 83 L.Ed.2d 443 (1984) (holding that criminal defendant must testify to
> preserve claim of improper impeachment with prior conviction) ("The
> [*in limine*] ruling is subject to change when the case unfolds,
> particularly if the actual testimony differs from what was contained in
> the defendant's proffer. Indeed even if nothing unexpected happens at
> trial, the district judge is free, in the exercise of sound judicial
> discretion, to alter a previous *in limine* ruling."). This is particularly
> true when the evidence is challenged as irrelevant or prejudicial; the
> considerations weighed by the court will likely change as the trial
> progresses. See Rosenfeld v. Basquiat, 78 F.3d 84, 91 (2d Cir. 1996)
> ("Unlike rulings that involve balancing potential prejudice against
> probative value, the ruling in the present case was not fact-bound and
> no real purpose other than form would have been served by a later
> objection."). We have also made clear that rulings excluding evidence
> on Rule 403 grounds should rarely be made *in limine*. "[A] court cannot
> fairly ascertain the potential relevance of evidence for Rule 403
> purposes until it has a full record relevant to the putatively
> objectionable evidence. We believe that Rule 403 is a trial-oriented
> rule. Precipitous Rule 403 determinations, before the challenging party
> has had an opportunity to develop the record, are therefore unfair and
> improper." Paoli I, 916 F.2d at 859; see also In re Paoli R.R. Yard PCB
> Litig., 35 F.3d 717, 747 (3d Cir. 1994) ("Paoli II"). Under these and
> similar circumstances, if a district court makes a tentative pre-trial
> ruling, it has the opportunity to "reconsider [its] in limine ruling with

the benefit of having been witness to the unfolding events at trial."
United States v. Graves, 5 F.3d 1546, 1552 (5th Cir. 1993).

Walden, 126 F.3d at 518 n. 10.

There is, however, a caveat to these legal tenets that urge caution in considering motions *in limine*. Courts are frequently called upon to consider such motions in cases like the instant case where it is alleged that a plaintiff is endeavoring to introduce evidence relating to claims that have been dismissed. Reasoning that evidence regarding dismissed claims that have failed as a matter of law typically has little relevance, courts have often excluded evidence of dismissed claims from trial. See e.g., Branch v. Brennan, No. 2:17-CV-00777, 2019 WL 3892850, at *2 (W.D. Pa. Aug. 19, 2019); Devine v. Pittsburgh Bd. of Pub. Educ., No. 2:13-CV-220, 2015 WL 7301149, at *4 (W.D. Pa. Nov. 18, 2015); Brown v. Johnson & Johnson, No. CV 12-4929, 2015 WL 12834346, at *2 (E.D. Pa. Aug. 28, 2015); Moore v. Univ. of Pittsburgh of Commonwealth Sys. of Higher Educ., No. CV 02-1734, 2005 WL 8165154, at *4 (W.D. Pa. Mar. 11, 2005). However, those courts that have excluded this evidence often have done so without prejudice to the plaintiff presenting some specific and narrowly tailored offer of proof as to the relevance and admissibility of particular evidence. Id.

Guided by the principles we turn to consideration of the instant motion *in limine*.

## B. **The Motion *in limine* will be Granted in Part.**

In this case, the defendants seek something that is commonly granted—an order forbidding reference at trial to claims that have been dismissed. We note that Brown may contend at trial that some evidence concerning these previously dismissed claims is still relevant to her sole remaining Eighth Amendment claims. Accordingly, consistent with caselaw governing the exercise of discretion in this field, this motion *in limine* will be granted in part as follows: absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall be precluded from referring to these claims that have been dismissed.

By adopting this course, we provide clear guidance to Mr. Brown that he may not refer to claims that have been dismissed at trial without first explaining to the trial judge why specific evidence is relevant and obtaining the trial judge's approval. Following this path avoids the concerns that justify motions *in limine*—ensuring that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence, Romano, 849 F.2d at 815, and "narrow[ing] the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley, 913 F.2d at 1069 (citation omitted). Yet following this course does not absolutely preclude Brown from presenting specific evidence if he can first demonstrate its relevance through a narrowly tailored offer of proof.

An appropriate order follows.


_S/Martin C.  Carlson_
Martin C. Carlson
United States Magistrate Judge

DATED: July 5, 2022.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARTOR KIKI BROWN,** | : | **Civil No. 3:18-CV-1527** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **LT. MAXWELL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

AND NOW, this 5th day of July 2022, in accordance with the accompanying Memorandum, upon consideration of the defense motion *in limine* (Doc. 174), which seeks to preclude Brown, who is proceeding *pro se*, from referring to or presenting evidence relating to claims that have previously been dismissed at the trial of this case, IT IS ORDERED that the motion is GRANTED in part as follows: Absent the express approval of the trial judge, following a proffer of relevance by the plaintiff and a full consideration of the positions of the parties, the plaintiff shall be precluded from referring to these claims that have been dismissed.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge