# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARTOR KIKI BROWN,** | : | Civil No. 3:18-CV-1527 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **LT. MAXWELL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.  Factual Background

The plaintiff, Gartor Kiki Brown, is a state inmate who filed in the instant case in 2018, lodging a series of sweeping claims against prison staff arising out of allegations that Brown was physically and sexually assaulted by another prisoner, Kaheim Allen, while these two inmates were housed together at SCI Huntingdon between February 3 and 8, 2018. Over the span of this longstanding litigation, the remaining claims in Brown's lawsuit have been narrowed considerably. At this juncture, Brown's sole remaining legal claims are Eighth Amendment failure to protect claims lodged against Defendants Maxwell, Plocinik, Johnston, and Fochtman, as well as Eighth Amendment medical deliberate indifference claims brought against Defendants Johnston and Fochtman.

With the extant claims in this case framed in this fashion, Brown has filed what we construe as a motion *in limine*, (Doc. 178), which seeks four forms of relief: First, Brown seeks a diagram or photos of the housing unit where these events are alleged to have occurred. Second, Brown requests further information regarding why there is not retained video depicting the events he alleged took place in this case. Third, Brown requests that the court preclude the defendants from referring to his own criminal and disciplinary history at trial. In the alternative, Brown requests greater access to information concerning the criminal and disciplinary history of his alleged inmate assailant, Kaheim Allen. Finally, Brown requests disclosure of the Department of Corrections Inmate Reception and Classification Policy. (Doc. 179).

This motion is now briefed and ripe for resolution. (Docs. 178, 179, 181). Upon consideration of this motion, for the reasons set forth below, the motion is GRANTED in part, DENIED in part, and DEFERRED in part.

## II. Discussion

### A. Motions *in Limine*—Guiding Principles

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court

exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine* that call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). One of the key guiding principles governing the exercise of this discretion is reflected in the philosophy that shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider

pertinent factual information while searching for the truth. Adopting this broad view of relevance, it has been held that

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

Frank v. County of Hudson, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)). Rule 402 of the Federal Rules of Evidence, in turn, provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996) (citations omitted).

Rule 403 of the Federal Rules of Evidence then sets legal grounds for exclusion of some evidence, stating that:

> Although relevant, evidence may be excluded if its probative value **is** substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

These broad principles also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed by the parties here, which seek a pre-trial ruling excluding evidence on relevance and prejudice grounds. In the past, the United States Court of Appeals for the Third Circuit has cautioned against

4

the preliminary, wholesale exclusion of evidence, noting that it has "made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*." Walden v. Georgia–Pacific Corp., 126 F.3d 506, 518 n. 10 (3d Cir. 1997). The reason for this caution is evident: oftentimes a court "cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." Id.; see also In re Diet Drugs Products Liability Litigation, 369 F.3d 293, 314 (3d Cir. 2004). As the Court of Appeals has observed when advising against excessive reliance on motions *in limine* to exclude evidence under Rule 403:

> [M]otions *in limine* often present issues for which final decision is best reserved for a specific trial situation. American Home, 753 F.2d at 324; cf. Luce v. United States, 469 U.S. 38, 41–42, 105 S. Ct. 460, 463–64, 83 L.Ed.2d 443 (1984) (holding that criminal defendant must testify to preserve claim of improper impeachment with prior conviction) ("The [*in limine*] ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). This is particularly true when the evidence is challenged as irrelevant or prejudicial; the considerations weighed by the court will likely change as the trial progresses. See Rosenfeld v. Basquiat, 78 F.3d 84, 91 (2d Cir. 1996) ("Unlike rulings that involve balancing potential prejudice against probative value, the ruling in the present case was not fact-bound and no real purpose other than form would have been served by a later objection."). We have also made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*. "[A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence. We believe that Rule 403 is a trial-oriented rule. Precipitous Rule 403 determinations, before the challenging party

5

has had an opportunity to develop the record, are therefore unfair and improper." Paoli I, 916 F.2d at 859; see also In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 747 (3d Cir. 1994) ("Paoli II"). Under these and similar circumstances, if a district court makes a tentative pre-trial ruling, it has the opportunity to "reconsider [its] in limine ruling with the benefit of having been witness to the unfolding events at trial." United States v. Graves, 5 F.3d 1546, 1552 (5th Cir. 1993).

Walden, 126 F.3d at 518 n. 10.

Guided by the principles we turn to consideration of the instant motion *in limine*.

### B. **The Motion *in limine* will be Granted in Part, Denied in Part, and Deferred in Part.**

Turning to the various categories of information sought by Brown in this motion, we note at the outset that Brown seeks a diagram or photos of the housing unit where these events are alleged to have occurred. According to the defendants, they have included a diagram in their trial exhibits and provided a copy to Brown. Therefore, this request will be deemed granted and the request is now considered moot.

As for Brown's request for further information regarding why there is not retained video depicting the events he alleged took place in this case, the defendants aptly note that in May of 2020, during the course of discovery, it was disclosed that no such videos exist. (Doc. 100, at 1). In light of this disclosure, and given that the discovery deadline in this case has passed, further discovery into this matter at this late date would be inappropriate since it is well settled that:

6

> [W]here a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. See, e.g., Maslanka v. Johnson & Johnson, 305 F. App'x 848 (3d Cir. 2008) (affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F. App'x 991 (3d Cir. 2006) (same); Bull v. United States, 143 F. App'x 468 (3d Cir. 2005) (same).

Muniz v. Price, No. 3:10-CV-345, 2010 WL 4537037, at *2 (M.D. Pa. Nov. 3, 2010).

Accordingly, this request is denied without prejudice to Brown introducing evidence regarding the absence of any prison videos at trial and inquiring of defendants and defense witnesses concerning the absence of any such videos.

In addition, Brown requests that the court preclude the defendants from referring to his own criminal and disciplinary history at trial. In the alternative, Brown requests greater access to information concerning the criminal and disciplinary history of his alleged inmate assailant, Kaheim Allen. Further, Brown requests disclosure of the Department of Corrections Inmate Reception and Classification Policy.

Defendants aptly note that many of these issues were previously litigated by Brown. For example, Brown's request for inmate Allen's criminal history was previously denied by the district court in May of 2020. (Doc. 100, at 2). Likewise, Brown's request for the Department of Corrections confidential reception and classification policy was denied by the district court in June of 2020. (Doc. 108).

These rulings now constitute the law of the case, and under the law of the case doctrine:

> [C]ourts should "be loathe to [reverse prior rulings] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." . . . . In addition to that narrow class of cases where the prior ruling was manifestly unjust, the type of "extraordinary circumstances" that warrant a court's exercising its discretion in favor of reconsidering an issue decided earlier in the course of litigation typically exist only where (1) new evidence is available, or (2) a supervening new law has been announced.

Leslie v. Holder, 865 F.Supp.2d 627, 634 (M.D. Pa. 2012) (citations omitted).

Brown's motion *in limine* does not cite to any of the types of extraordinary circumstances which would justify foregoing the law of the case, and we can discern of no reason why these rulings made by the district court prior to the parties consenting to magistrate judge jurisdiction should now be set aside. Therefore these requests will be denied. However, we note that Brown remains free at trial to question the defendants regarding their previous knowledge of any prior criminal or disciplinary history relating to Allen and assaultive or sexually predatory behavior since such information could be relevant to the claims of deliberate indifference advanced by the plaintiff in this lawsuit.

Finally, to the extent that Brown seeks to limit cross examination of the plaintiff regarding his own criminal or disciplinary history at trial, we will defer

ruling upon such matters until trial, when questions regarding the proper scope of cross examination may be taken up on a fully formed factual record.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: July 6, 2022.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARTOR KIKI BROWN,** | : | Civil No. 3:18-CV-1527 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **LT. MAXWELL, et al.,** | : | |
| **Defendants.** | : | |

**O R D E R**

AND NOW, this 6th day of July 2022, in accordance with the accompanying Memorandum, upon consideration of the plaintiff's motion *in limine* (Doc. 178), IT IS ORDERED that the motion is GRANTED in part, DENIED in part, and DEFERRED in part as follows:

First, Brown's request for a diagram or photos of the housing unit where these events are alleged to have occurred will be deemed granted since according to the defendants they have included a diagram in their trial exhibits and provided a copy to Brown.

Second, Brown's request for additional discovery relating to the absence of prison video evidence is denied without prejudice to Brown introducing evidence regarding the absence of any prison videos at trial and inquiring of defendants and defense witnesses concerning the absence of any such videos.

Third, Brown's request for greater access to information concerning the criminal and disciplinary history of his alleged inmate assailant Kaheim Allen and his request for disclosure of the Department of Corrections Inmate Reception and Classification Policy, which were previously denied by the district court prior to the parties consenting to magistrate judge jurisdiction, are denied pursuant to the law of the case doctrine. However, Brown may at trial question the defendants regarding their previous knowledge of any prior criminal or disciplinary history relating to Allen and assaultive or sexually predatory behavior since such information could be relevant to the claims of deliberate indifference advanced by the plaintiff in this lawsuit.

Finally, to the extent that Brown seeks to limit cross examination of the plaintiff regarding his own criminal or disciplinary history at trial, we will defer ruling upon such matters until trial, when questions regarding the proper scope of cross examination may be taken up on a fully formed factual record.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge