# In The United States District Court For The Middle District Of Pennsylvania

Gartor Kiki Brown

V.

Maxwell, et al.,

NO. 18-CV-1527

**FILED**
HARRISBURG, PA
JUL 20 2022
PER_____
DEPUTY CLERK

## Brief To Plaintiff's Motion To Object

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999).

Fed. R. Civ. P. Rule 26(b)(5) mandates that, in the event a party withholds privileged documents from its automatic disclosure required under Fed. R. Civ. P. 26(a)(1)(B), the party should at least claim the privilege and briefly describe the withheld documents. A party who withholds privileged documents that lie within the scope of Rule 26(a)(1)(B) without providing a brief description of the documents could be subject to sanctions. Stokes v. Neilhart, 2022 U.S. Dist. LEXIS 81254.

Here in this case, Brown sought certain discovery that was totally relevant to this case. Some of Brown's discovery requests were produced by defendants (Doc 108) order dated June 4, 2020. Brown received inmate Allen's misconduct Coa#726 issued on April 30, 2017. Although it was ordered that Plaintiff's ICAR files also known as the "Cumulative Adjustment Records" production is warranted. Simultaneously defendants only produced the same record they had produced initially DEF000085, DEF000086, DEF000087, DEF000088. Consequently these are the only records entered at the summary judgment consistent with Brown's claims. Now it appearing that defendants are attempting to enter the record in its entirety dated from 8/1/17-2/3/22 when most of the record existed but were never presented. See Ford Motor Co. v. Versata Software, Inc., 316 F. Supp. 3d 925.

Due to the fact defendants did not present these materials, they subsequently can not use them as trail exhibits outside of the record presented DEF000085-88 dated from 10/25/17-2/16/18. See Baker v. McDonald's Rest., 2022 U.S. Dist. LEXIS 146403, better yet see Gardner v. Norfolk Southern Corp., 299 F.R.D. 434 (D.N.J. 2014). Often times defendants withhold relevant discovery from pro se plaintiffs, the nature of such is strategic, thus it would be unethical to allow defendants to advance with the withheld materials at trial in any case for reasons not limited to impeachment purposes.

Brown also contest that his medical records were never presented during discovery outside of DEF000119, DEF000074, DEF000073, DEF000118 sick call, & medical incident reports. Defendants has now submitted Exhibit 14, Brown's medical record in its entirety. Such evidence was discoverable because it satisfies the requirements of Rule 26(b)(1), however the documents were never produced.

Brown argue's that a party can not withhold evidence until the of trial is improper. In Brown's original production of documents he requested the same medical records. Noyes, 338 F. Supp. 2d at 504-05.

Brown makes the same argument as to the other documents that was never present at discovery like the Shift Roster exhibits 24-40, & exhibits 47, however Brown is on notice that his criminal & misconduct history was deleted (Doc 183).